Lafayette Parish
Filed Jul 25, 2025 11:05 AM
Kireston Batiste
Deputy Clerk of Court
E-File Received Jul 25, 2025 10:46 AM

C-20255048
E

| | | |
|---|---|---|
| **VIVIAN MOREIN** | : | **15TH JUDICIAL DISTRICT COURT** |
| VS. NO. ___C-20255048___ | : | **PARISH OF LAFAYETTE** |
| **COSTCO WHOLESALE CORPORATION** | : | **STATE OF LOUISIANA** |
| FILED: _____ | : | **DEPUTY CLERK OF COURT** |

## PETITION FOR DAMAGES

NOW INTO COURT comes Petitioner, **VIVIAN MOREIN**, a person of the full age of majority domiciled and residing in Calcasieu Parish, Louisiana, who respectfully represents that:

1.

Made Defendant herein is

a) **COSTCO WHOLESALE CORPORATION**, a foreign corporation authorized to do and actually doing business in the State of Louisiana, who may be served through its registered agent for service of process, CT Corporation System, 3867 Plaza Tower Drive, Baton Rouge, La 70816,

which pursuant to La. C.C.P. arts. 660, 2315, 2316, 2317, 2317.1, La. R.S. § 2800.6, and any other provision hereinafter implicated or discovered is herein made liable unto petitioner for all damages as are reasonable in the premises for the following reasons to wit:

2.

Petitioner's rights in this matter arise out of the activities of defendant **COSTCO WHOLESALE CORPORATION** all of which occurred in Lafayette Parish, Louisiana. Furthermore, this action arises from a delictual act, omission, offense, or quasi-offense by the said defendant with the resulting losses all having occurred in Lafayette Parish, Louisiana. Accordingly, venue is proper in this Court pursuant to La. C.C.P. art. 74.

3.

On or about July 28, 2024, petitioner **VIVIAN MOREIN** visited Costco Store No. 1201 in Lafayette, Louisiana, to do weekend shopping with her family. Upon entering the store, the petitioner decided to stop and get a bite to eat at the lunch counter area before browsing the merchandise. Since it was crowded, the petitioner advised her family members that she would get a table and wait while her family ordered food in line. When petitioner approached one of the only available tables, she suddenly and without warning slipped on a clear, liquid substance on the hard floor immediately adjacent to the table and chair just before she was able to sit down.

-1-

Certified True and Correct Copy
CertID: 2025072800062

Lafayette Parish
Deputy Clerk Of Court

Generated Date:
7/28/2025 9:10 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

**EXHIBIT A**

4.

Petitioner felt her foot slip and began falling toward the floor. However, she reacted quickly and immediately reached out to grab hold of the table, which ultimately prevented her from falling all the way to the floor. Nonetheless, the sudden jolt of having to reach and grab the table for stability resulted in an immediate and intense pain in her left shoulder and the area surrounding it.

5.

The clear liquid on the floor where the petitioner fell constituted a hazardous and unsafe condition that presented a reasonably foreseeable, unreasonable risk of harm to patrons in general and the petitioner, specifically.

6.

On information and belief, one or more employees of **COSTCO WHOLESALE CORPORATION** either created or had actual or constructive notice of the clear liquid on the floor prior to the petitioner's fall and failed to timely and/or adequately remedy the hazardous condition presented thereby.

7.

At the time of the subject incident, defendant **COSTCO WHOLESALE CORPORATION** was the lessor, owner, and/or operator of Costco Store No. 1201 located at 201 Meadow Farm Drive in Lafayette, Louisiana. As such, **COSTCO WHOLESALE CORPORATION** had full care, custody, and control of the premises on which the petitioner was injured, and was responsible for its maintenance, care, and condition.

8.

The petitioner was not at fault in any way for the incident at issue. Instead, the incident and resulting damages were caused solely and/or proximately by the fault and/or negligent acts and/or omissions of **COSTCO WHOLESALE CORPORATION**, its agents, servants, representatives, and employees, whose negligence/fault included but is not limited to the following acts:

a) Failing to provide a safe environment in its facility;
b) Failing to properly train its employees and/or supervise its employees on cleaning and recognizing hazardous conditions, properly marking such conditions, properly monitoring, and/or taking appropriate remedial measures to prevent the type of injuries petitioner sustained;
c) Failing to inspect the premises in general, and/or the area where the petitioner fell;
d) Failing to keep and maintain a safe passageway down its walkways in general and particularly in the area where the petitioner was injured;
e) Failing to adequately warn petitioner and/or other guests/patrons/occupants of the severe degree of danger associated with the accumulation of water and/or

-2-

Certified True and Correct Copy
CertID: 2025072800062

*abby Bringman*

Lafayette Parish
Deputy Clerk Of Court

Generated Date:
7/28/2025 9:10 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

**EXHIBIT A**

other liquid on the floor, in general and particularly in the area where petitioner fell;

f) Failing to adequately and timely address and remedy the accumulated liquid upon discovery or take measures to prevent injuries as the condition was being addressed;

g) Failing to ensure the safe and useable condition of its aisles, walkways, and passageways for customers and employees;

h) Having actual and/or constructive knowledge of the reasonably foreseeable, unreasonably dangerous condition and/or risk of harm attributable to the accumulated liquid and failing to exercise reasonable care to protect the petitioner and/or guests, patrons, and occupants of the subject premises;

i) Failing to follow its own safety procedures, protocols, and/or established rules/regulations or generally recognized customs in addressing the said acts noted herein above;

j) Disregarding the rights and safety of others;

k) Failing to exercise due care under the circumstances; and

l) Failing to see what should have been seen or do what should have been done.

9.

On information and belief, at the time of the subject incident and at all times relevant hereto, the agents, representatives, and/or employees of **COSTCO WHOLESALE CORPORATION** were in the full course and scope of their employment with respect to the negligent acts/omissions alleged. Accordingly, petitioner specifically pleads that defendant **COSTCO WHOLESALE CORPORATION** under the doctrine of *respondeat superior* for all acts of fault and/or negligence of its said agents, representatives, and/or employees.

10.

Furthermore, petitioner specifically pleads the doctrine of *Res Ipsa Loquitur*.

11.

As a consequence of the above described incident, petitioner has suffered severe, painful, and disabling injuries to her left shoulder, left elbow, left arm, left side, neck, back, and in general to the muscles, ligaments, tendons, and other areas throughout her body. These injuries significantly hindered petitioner's mobility, affected her daily life, and have resulted in injury, disability, and physical pain and suffering from which she has suffered and will continue to suffer well into the future. In addition, petitioner has undergone extensive medical treatment including an invasive surgical procedure and at least one subsequent hospitalization as well as extensive physical therapy regimens to alleviate her pain symptoms and conditions.

12.

As a result of the above-described incident, petitioner is entitled to recover for the following items of damages:

a) past, present, and future medical expenses;

b) past, present, and future physical pain and suffering;

-3-

Certified True and Correct Copy
CertID: 2025072800062

*Ally Bunshaw*

Lafayette Parish
Deputy Clerk Of Court

Generated Date:
7/28/2025 9:10 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

EXHIBIT A

c)  past, present, and future mental anguish, pain, suffering, and inconvenience; and

d)  loss of enjoyment of life.

13.

On information and belief, petitioner alleges that it will be necessary to present expert testimony during the preparation for and trial on the merits of this case and, as such, desires that all such expert witness fees be taxed as court costs and assessed against defendant, **COSTCO WHOLESALE CORPORATION**, upon the conclusion of this action.

**WHEREFORE**, petitioner prays:

a)  that defendant **COSTCO WHOLESALE CORPORATION** be duly served with a copy of this Petition for Damages, cited to appear and to answer same within the delays allowed by law;

b)  that after the lapse of all legal delays and due proceedings are had there be judgment herein in favor of petitioner and against defendant **COSTCO WHOLESALE CORPORATION** for any and all sums of damages as are reasonable in the premises or under the circumstances of this case, together with all legal interest thereon from and after the date of judicial demand until paid in full, for all costs of these proceedings, and the fees of any expert witness taxed as costs;

c)  for all other orders and decrees as may be required, necessary, and proper in these premises; and

d)  for all further and different relief as the facts, law, and equity of this case may require.

Respectfully submitted,

MATTHEW E. LOGNION, Bar Roll No. 36218
MICHAEL G. HODGKINS, Bar Roll No. 20682
Veron Bice, LLC
721 Kirby St. (70601)
P.O. Box 2125
Lake Charles, LA 70602
Phone: (337) 310-1600
Fax :   (337) 310-1601
matt@veronbice.com
mgh@veronbice.com

**PLEASE SERVE:**

**COSTCO WHOLESALE CORPORATION,**
Through its registered agent:
CT Corporation System
3867 Plaza Tower Drive
Baton Rouge, La 70816.

-4-

Certified True and
Correct Copy
CertID: 2025072800062

Lafayette Parish
Deputy Clerk Of Court

Generated Date:
7/28/2025 9:10 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3)

**EXHIBIT A**