**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | | |
|---|---|---|
| **VIVIAN MOREIN AND**<br>**MICHAEL MOREIN** | : | **CIVIL ACTION NO. 6-25-cv-01182** |
| | : | **JUDGE S. MAURICE HICKS, JR.** |
| **VS.** | | |
| | : | **MAGISTRATE JUDGE WHITEHURST** |
| **COSTCO WHOLESALE CORP.** | | |

**MEMORANDUM IN SUPPORT OF**
**PLAINTIFFS' MOTION TO COMPEL DISCOVERY**

**NOW INTO COURT** comes Plaintiffs, **VIVIAN MOREIN** and **MICHAEL MOREIN,**

who submit this Memorandum in Support of Plaintiffs' Motion to Compel Discovery to Defendant,

**COSTCO WHOLESALE CORPORATION** ("Costco"), for the reasons set forth below.

### I.    Background

This matter arises from a slip and fall incident that occurred on July 28, 2024, at Costco

Wholesale Store No. 1201, during which Plaintiff, Vivian Morein ("Mrs. Morein"), slipped and

fell due to a hazardous condition on the premises. Costco does not dispute a liquid substance was

on the floor. *See* Exhibit A "30(b)(6) of Costco Wholesale Corp by Misty Barrera" at p. 89, 16-22.

As a result of the incident, Mrs. Morein sustained significant injuries and thereafter filed suit

against Costco on July 25, 2025, in the 15th Judicial District Court for the Parish of Lafayette. On

August 20, 2025, the matter was removed to this Honorable Court. [R. Doc. 4].

On November 21, 2025, Plaintiffs propounded their First Set of Discovery Requests to

Costco seeking formal responses to various interrogatories and requests for production of

documents essential to the Plaintiffs' claims in this matter. *See* Exhibit B "Plaintiffs' First Set of

Interrogatories and Requests for Production of Documents." Costco served written responses on

January 13, 2026, together with a limited production of documents. *See* Exhibit C "Costco

Wholesale Corporation's Answers to Plaintiff's Interrogatories and Requests for Production."

On April 9, 2026, Plaintiffs noticed the corporate deposition of Costco Wholesale Corporation pursuant to Federal Rule of Civil Procedure 30(b)(6). *See* Exhibit D "Notice of Corporate Video Deposition of Costco Wholesale Corporation Pursuant to Federal Rule of Civil Procedure 30(B)(6)." The deposition Notice identified numerous topics, including, but not limited to the identity of all persons with knowledge of the incident; the existence of any incident, investigative or claims-related materials; and Costco's discovery responses and document production in this matter. *Id* at pp. 3-4. The deposition of Costco's designated corporate representative, Misty Barrera, took place on May 7, 2026.

During her deposition, Ms. Barrera disclosed for the first time that Gallagher Bassett Services, Inc. ("Gallagher Bassett") served as the third-party claims administrator involved in the handling and investigation of Mrs. Morein's slip and fall incident. Ex. A at p. 27, 8-18. Ms. Barrera further testified that communications existed between Costco and Gallagher Bassett concerning the subject incident. *Id.* at p. 78; 10-25. Notwithstanding plaintiffs' prior discovery requests seeking such information, Costco failed to identify Gallagher Bassett in its written discovery responses and failed to produce any written or electronic communications exchanged between Costco and Gallagher Bassett relating to the incident.

Following the deposition, undersigned counsel emailed counsel for Costco on May 12, 2026, requesting supplementation of Costco's discovery responses. Specifically, Plaintiffs requested identification of all Gallagher Bassett representatives involved in the handling and/or investigating of the subject incident; production of all written and electronic communications between Costco and Gallagher Bassett concerning the incident; and production of any Gallagher Bassett claim handling documents within Costco's possession relating to the incident. *See* Exhibit

E "Email Correspondence from Katherine Remy to Trevor C. Davies dated May 12, 2026."

Defense counsel responded on May 13, 2026, refusing to supplement Costco's responses to Plaintiffs' Interrogatory No. 6 and Requests for Production Nos. 11 and 20, stating only that Costco "do[es] not view communications between Costco and its TPA, or the TPA's claim file, as discoverable." *See* Exhibit F "Email Correspondence from Trevor C. Davies to Katherine Remy dated May 13, 2026." Defense counsel provided no further explanation and cited no authority or legal basis for withholding the requested information and documents.

In an effort to resolve the discovery dispute without Court intervention, Plaintiffs' counsel again contacted defense counsel on May 15, 2026, requesting clarification as to the basis for Costco's refusal to produce the requested information/documents and further requesting a privilege log to the extent Costco contended the documents were protected by privilege. *See* Exhibit G "Email Correspondence from Katherine Remy to Trevor C. Davies dated May 15, 2026." To date, Costco has neither supplemented its responses nor produced a privilege log identifying the withheld documents nor the basis for withholding them.

Additionally, during a recent deposition of Costco employee, Dareion Marshall, taken on May 14, 2026, Mr. Marshall testified that he had been shown two images relating to the subject incident. These images were not previously produced in Costco's discovery responses. Once the deposition concluded, Plaintiffs' counsel discussed in person with defense counsel the production of these images. Following the deposition, on May 15, 2026 via email correspondence, plaintiffs again requested production of the images referenced by Mr. Marshall. *See* Exhibit H "Email Correspondence from Katherine Remy to Trevor C. Davies dated May 15, 2026." Despite that request, Costco has failed to produce the images as of the filing of this Motion.

Further, Mr. Marshall identified, by first name only, a Costco supervisor (believed to be

"Kaitlin"), as an individual who accepted his written statement concerning the slip and fall incident. However, Mr. Marshall was unable to recall the supervisor's last name. This individual was never identified in Costco's written discovery responses despite Plaintiffs' requests seeking the identity of all persons with knowledge of the incident. Defendant should therefore be compelled to supplement its responses and identify the supervisor's full name, employment status and any other identifying information sufficient to ascertain her identity and involvement in the incident.

## II.    Law & Argument

Fed. R. Civ. P. 37(a)(3)(B) provides that a party seeking discovery may move for an order compelling disclosure when another party fails to answer interrogatories or fails to produce documents requested under Rule 34. Here, Costco's failure to provide complete responses constitutes a failure to respond to discovery within the meaning of Rule 37. The scope of permissible discovery under the Federal Rules is intentionally broad. Fed. R. Civ. P. 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."

Relevance at the discovery stage is broader than admissibility at trial and includes "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Goodyear Tire & Rubber Co. v. CEVA Logistics Singapore, Ltd.,* 348 F.R.D. 54, 66 (E.D. La. 2024), *review denied sub nom. Goodyear Tire & Rubber Co. v. CEVA Logistics Singapore Pte Ltd,* No. CV 22-4561, 2024 WL 5086077 (E.D. La. Dec. 12, 2024). Discovery should be permitted unless the objecting party demonstrates the requested information "can have no possible bearing on the claim or defense of the party seeking discovery." If relevance is in doubt, discovery should ordinarily be allowed. *Id.*

A party withholding information based on privilege or work product "must (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A). Although the Federal Rules of Civil Procedure, not the Louisiana Code of Civil Procedure, govern litigation in federal courts, under Rule 501 of the Federal Rules of Evidence, state law governs privilege issues in a civil case for which state law supplies the rule of decision. Fed. R. Evid. 501. Thus, Louisiana law governs any objection based on the attorney-client privilege. Work product, however, is not privilege within the meaning of Rule 501; therefore, work product issues are governed by Rule 26(b)(3) of the Federal Rules of Civil Procedure, regardless of whether Louisiana law supplies the rules for decision of the underlying claim or defense. *Civic Ctr. Site Dev., LLC v. Certain Underwriters at Lloyd's London (Consortium #9226)*, No. CV 23-1071, 2023 WL 5974843, at *4 (E.D. La. Sept. 14, 2023); *LeBlanc v. Texas Brine Co., LLC*, No. 12-2059, 2019 WL 5265063, at *3 (E.D. La. Oct. 17, 2019) (citing *Dunn v. State Farm Fire & Casualty Co.*, 927 F.2d 869, 875 (5th Cir. 1991); see also 6 Moore's Federal Practice § 26.70[7] (Matthew Bender 3d ed.) (work-product doctrine is governed by the federal standard, even in diversity cases)); see also *Jolivet*, 340 F.R.D. at 17 (stating that the work product issue is governed by federal law) (*citing Zenith Ins. Co. v. Texas Institute for Surgery, L.L.P.*, 328 F.R.D. 153, 162 (N.D. Tex. 2018)).

**A. Gallagher Bassett's Central Role in the Investigation of the Slip and Fall Incident Makes the Requested Discovery Directly Relevant and Discoverable.**

The discovery sought regarding third party claims administrator, Gallagher Bassett, falls squarely within the scope of Fed. R. Civ. P. 26(b)(1), particularly where Costco's own corporate representative repeatedly identified Gallagher Bassett as the entity involved in the investigation

and handling of Mrs. Morein's slip and fall incident. During Costco's Rule 30(b)(6) deposition, Ms. Misty Barrera testified that Gallagher Bassett was the company that handles Costco's claims, "property, personal, or product." Ex. A at p. 77, 10-19. She further testified that incident reports, images, surveillance footage, floor walks, witness statements and other incident-related materials were transmitted to Gallagher Bassett as part of Costco's claim handling process. *Id.* at pp. 109, 23-25; 110, 1-5. Ms. Barrera also confirmed that Gallagher Bassett communicated directly with Costco employees regarding what additional materials were needed concerning the claim. *Id.* at p. 82, 1-13.

Importantly, Ms. Barrera testified that Costco employees obtained witness statements at Gallagher Bassett's direction. Specifically, when asked whether she directed an employee to prepare a witness statement, Ms. Barrera testified that Costco "would have gotten a direction from Gallagher Bassett to collect a witness statement. *Id.* at p. 88, 18-25. Ms. Barrera additionally acknowledged that Costco employees either emailed images to Gallagher Bassett or uploaded them electronically into Gallagher Bassett's online system and confirmed the existence of emails between Costco and Gallagher Bassett relating to the subject incident. *Id.* at. pp, 108-109.

Despite this testimony, Costco now refuses to produce any communications with Gallagher Bassett, identify the Gallagher Bassett representative(s) involved in handling Mrs. Morein's slip and fall incident or produce any of Gallagher Bassett's claim handling materials within Costco's possession. Instead, Costco offers only the conclusory assertion that it does "not view communications between Costco and its TPA, or the TPA's claim file, as discoverable." *See* Ex. F. Such a blanket objection is plainly insufficient under the Federal Rules.

Plaintiffs had no prior knowledge whatsoever of Gallagher Bassett's involvement before Costco's corporate deposition. Costco failed to identify Gallagher Bassett in response to written

discovery requests specifically seeking identification of individuals and entities with knowledge concerning the incident and not a single email correspondence was produced by Costco in discovery. Only after Rule 30(b)(6) testimony revealed Gallagher Bassett's extensive involvement in the incident did Plaintiffs learn that Costco and a third-party claims administrator possessed and controlled relevant information concerning the claim investigation, witness statements, images, surveillance materials and communications.

To the extent Costco may attempt to invoke work-product protection, the law does not support a categorical withholding of claims handling materials generated in the ordinary course of business. The threshold inquiry is whether the documents were actually prepared in anticipation of litigation or instead prepared in the ordinary course of business. *Teng v. Safeworx Safety Sols.,* No. 6:26-MC-00016, 2026 WL 916711, at *2 (W.D. La. Mar. 31, 2026). Numerous Louisiana federal courts have recognized that claims investigation and adjustment activities are part of the regular business of insurers and third-party claims administrators and are therefore not automatically protected merely because litigation may later arise. *Douga v. D & Boat Rentals, Inc.,* No. CIV A 04-1642, 2007 WL 1428678, at *4 (W.D. La. May 10, 2007); *See also Thakore v. Shelter Mut. Ins. Co.,* No. 6:23-CV-01108, 2024 WL 4393591, at *3 (W.D. La. Oct. 2, 2024).

Here, the testimony establishes that Gallagher Bassett was functioning as Costco's third-party claims administrator handling personal injury claims in the ordinary course of business. The communications and materials sought concern routine claims handling activities, including incident reporting, witness statement collection, evidence transmission and claim administration. Costco has produced no evidence establishing that the requested materials were prepared primarily to aid in anticipated litigation rather than as part of ordinary claims administration.

Further, even assuming portions of the requested materials may implicate work-product concerns, the doctrine protects only the documents themselves and not the underlying facts. *In re Int'l Sys. & Controls Corp. Sec. Litig.,* 693 F.2d 1235, 1240 (5th Cir. 1982); *See also Adams v. Mem'l Hermann*, 973 F.3d 343, 350 (5th Cir. 2020). Costco therefore cannot shield the underlying factual information regarding its investigation, witness communications, evidence collection or claim handling activities merely because Gallagher Bassett was involved.

Moreover, Costco has failed to comply with the procedural requirements necessary to properly assert either attorney-client privilege or work-product protection. Fed. R. Civ. P. 26(b)(5)(A) requires a party withholding information on the basis of privilege or work product to expressly assert the claimed protection and describe the nature of the withheld documents in a manner sufficient to permit the opposing party and the Court to assess the claim. The production of a privilege log is mandatory. *Louisiana Corral Mgmt., LLC v. Axis Surplus Ins.* Co., 650 F. Supp. 3d 491, 502 (E.D. La. 2023). A privilege log must provide sufficient detail to permit courts and opposing parties to "test[ ] the merits of" the asserted privilege. *Equal Emp't Opportunity Comm'n v. BDO USA, L.L.P.,* 876 F.3d 690, 697 (5th Cir. 2017).  Accordingly, the log should identify the date, author, recipients, subject matter, purpose of the communication and a specific explanation as to why the material is allegedly protected from discovery. *Peacock v. Merrill*, No. 08-01, 2008 WL 687195, at *3 (M.D. La. Mar. 10, 2008) (quoting *Jones v. Hamilton County Sheriff's Dept.,* 2003 WL 21383332, at *4 (S.D. Ind. 2003) and citing *Compaq Comput. Corp. v. Packard Bell Elecs., Inc.,* 163 F.R.D. 329, 338 (N.D. Cal. 1995)).

The burden rests squarely on Costco to substantiate any privilege claim*. United States v. Newell*, 315 F.3d 510, 525 (5th Cir. 2002). Yet, despite refusing to produce communications and claim materials involving Gallagher Bassett, Costco has produced no privilege log whatsoever and

has provided only vague, conclusory assertions that it does "not view" the materials as discoverable. Such unsupported objections are insufficient.

Courts have specifically rejected this exact type of unsupported privilege assertion involving third-party claims administrators. In *Cisneros v. Dollar Tree Stores, Inc.,* the court held that the failure of the defendant and Sedgwick, a third-party administrator, to produce a privilege log "prevents any meaningful review of the assertion of the attorney-client and work product privileges." No. CV SA-16-CA-328-DAE, 2016 WL 11584849, at *3 (W.D. Tex. Dec. 21, 2016). The *Cisneros* court further noted that the defendant failed to establish that any purported privilege was not waived through disclosure to the third-party administrator. *Id.* Likewise, satisfying Rule 26(b)(5)(A)'s requirements may require affidavits or declarations sufficient to establish the basis for withholding specific categories of documents. *Jolivet v. Compass Group USA, Inc.*, 340 F.R.D. 7, 21 (N.D. Tex. 2021).

Accordingly, Plaintiffs respectfully request that this Honorable Court compel Costco to supplement its responses to Plaintiffs' Interrogatory No. 6 and Requests for Production Nos. 11 and 21 and order Costco to provide: (1) the identity of all Gallagher Bassett representatives involved in handling Mrs. Morein's slip and fall incident/claim; (2) all written and electronic communications relating to said incident/claim, including communications between Costco and Gallagher Bassett; (3) all Gallagher Bassett claim handling materials concerning the incident within Costco's possession; and (4) to the extent applicable, a privilege log fully compliant with Fed. R. Civ. P. 26(b)(5) for any materials withheld on the basis of attorney-client privilege or work-product protection.

### B. Costco Cannot Withold the Images Used to Prepare Its Employee's Written Statement.

During the deposition of Costco employee, Darieon Marshall, which took place on May 14, 2026, he confirmed that he was working at the Costco store on the date of the subject incident and was one of the employees who responded to the spill condition at issue. Mr. Marshall also acknowledged that he appears in Costco's surveillance footage relating to the incident.[1]

Importantly, Mr. Marshall testified that on July 23, 2025, nearly one year after the incident, he provided a written statement concerning the incident. He explained that before preparing and signing the statement, he was shown two images relating to the incident and used "context clues" from those images to assist him in preparing his written statement.

Based upon Mr. Marshall's testimony, Plaintiffs believe the images shown to him were likely screenshots or still images captured from Costco's surveillance footage of the incident. Those images are plainly relevant, as they were used by Costco in connection with obtaining a witness statement from an employee with firsthand knowledge of the spill condition and incident at issue. Following the deposition, Plaintiffs requested production of the images in person after the deposition concluded and via email correspondence on May 15, 2026. *See* Ex. H. Costco has failed to produce the images or otherwise explain their absence.

To the extent Costco contends the images no longer exist, were destroyed or are otherwise unavailable, Costco should alternatively be compelled to provide the timestamps corresponding to the surveillance footage or video images shown to Mr. Marshall so that Plaintiffs may identify the specific portions of footage utilized in connection with his written statement.

Absent production of either the images themselves or the corresponding timestamps, Plaintiffs are deprived of access to evidence specifically used by Costco to shape or refresh the recollection of a key fact witness nearly one year after the incident.

---

[1] As of the filing of this Motion to Compel Discovery, Mr. Darieon Marshall's deposition transcript is not yet available.

**C. Costco's Failure to Timely Identify a Material Witness Prejudiced Plaintiff's Ability to Conduct Adequate Discovery.**

The existence of a Costco supervisor with knowledge of the subject incident was not disclosed through Costco's written discovery responses but instead surfaced for the first time during Mr. Marshall's deposition. Despite Plaintiffs' Interrogatory No. 6 that specifically requested identification of all individuals with knowledge of any facts concerning the incident, Costco failed to disclose this supervisor, whose first name is believed to be "Kaitlin," per Mr. Marshall. *See* Ex. C at p. 4.

The identity of witnesses with material knowledge is among the most basic and fundamental forms of discoverable information contemplated by Fed. R. Civ. Proc. 26(b)(1). Costco's omission deprived Plaintiffs of the opportunity to investigate the supervisor's involvement in the incident, assess the scope of her knowledge and determine whether additional written discovery or deposition testimony is necessary before applicable discovery deadlines.

The prejudice to Plaintiffs is particularly significant given that the witness appears to have supervisory involvement concerning the incident and Costco's response thereto. Costco cannot wait until deposition testimony to reveal previously undisclosed witnesses while simultaneously withholding identifying information necessary for Plaintiffs to meaningfully pursue discovery.

Accordingly, Costco should be compelled to immediately supplement its discovery responses to provide the supervisor's full name, current employment status and sufficient identifying information to allow Plaintiffs to locate and depose the witness if necessary.

**D. Any Anticipated Motion to Quash Plaintiffs' Subpoena *Duces Tecum* to Gallagher Bassett Should Be Denied.**

Following Ms. Barrera's corporate deposition testimony identifying Gallagher Bassett as the third-party claims administrator involved in handling the slip and fall incident, Plaintiffs issued

a subpoena *duces tecum* to Gallagher Bassett on May 13, 2026, seeking relevant claims handling materials and communications concerning the incident.

To the extent Costco attempts to quash the subpoena based upon generalized assertions of attorney-client privilege or work-product protection, such objections should be rejected. Costco has failed to produce a privilege log, identify specific allegedly privileged documents, or provide any factual basis establishing that the requested materials were prepared primarily in anticipation of litigation rather than during the ordinary course of claims handling activities.

As recognized in *Cisneros v. Dollar Tree Stores, Inc.*, unsupported and conclusory assertions of privilege involving communications with third-party claims administrators are insufficient to justify withholding discovery or quashing a subpoena. *Cisneros* at *3. There, the court specifically found that the failure to provide a privilege log prevented any meaningful review of the privilege assertions and further noted the absence of authority establishing that any purported privilege had not been waived through disclosure to a third-party administrator such as Sedgwick. *Id.*

The same deficiencies exist here. Costco's own corporate representative testified extensively regarding Gallagher Bassett's role in collecting incident information, receiving images and witness statements, maintaining claim-related materials and directing investigative activities concerning Mrs. Morein's slip and fall incident. Yet Costco now seeks to shield those materials without satisfying even the threshold requirements necessary to assert privilege or work-product protection.

Moreover, the subpoena seeks factual claims handling materials directly relevant to Gallagher Bassett's investigation of the incident, preservation of evidence, handling of surveillance materials and collection of witness statements. These are not purely attorney mental impressions

or litigation strategy documents automatically protected from discovery. Rather, they are factual materials generated through ordinary claims administration activities by the very entity Costco designated to handle personal injury claims arising from store incidents. Accordingly, any attempt to quash Plaintiffs' subpoena to Gallagher Bassett should be denied.

### III.    Conclusion

For the foregoing reasons, Plaintiffs, VIVIAN MOREIN and MICHAEL MOREIN, respectfully request that this Court grant Plaintiffs' Motion to Compel Discovery and order Defendant, COSTCO WHOLESALE CORPORATION, to supplement its responses to Plaintiffs' Interrogatory No. 6 and Requests for Production Nos. 11 and 20 by producing the following:

1. The identity of all Gallagher Bassett representatives and Costco supervisory personnel involved in handling or investigating Mrs. Morein's incident/claim, including the supervisor referenced in deposition testimony, together with the supervisor's full name, current employment status and sufficient identifying information to allow Plaintiffs to locate and depose the witness if necessary;

2. All images referenced in employee deposition testimony, or alternatively, if such images no longer exist or are otherwise unavailable, the timestamps corresponding to the surveillance footage or video images shown to Mr. Marshall;

3. All written and electronic communications relating to the incident/claim, including communications between Costco and Gallagher Bassett;

4. All Gallagher Bassett claim handling and investigative materials concerning the incident within Costco's possession; and

5. To the extent applicable, a privilege log fully compliant with Fed. R. Civ. P. 26(b)(5) for any materials withheld on the basis of attorney-client privilege or work-product protection.

Plaintiffs further request that, to the extent Costco files a Motion to Quash Plaintiffs' Subpoena *Duces Tecum* issued to Gallagher Bassett, such motion be denied, together with all other relief to which plaintiffs may be entitled.

-13-

Respectfully submitted,

/s/ Katherine B. Remy
**VERON BICE, L.L.C**.
PEYTON F. PAWLICKI (#37836)
SHAYNA L. SONNIER (#29678)
**KATHERINE B. REMY** (#38876)
MATTHEW E. LOGNION (#36218)
721 Kirby Street (70601)
P.O. Box 2125
Lake Charles, Louisiana 70602
Phone: (337) 310-1600
Fax: (337) 310-1601
peyton@veronbice.com
shayna@veronbice.com
katherine@veronbice.com
matt@veronbice.com

*Attorneys for the Plaintiffs*

## RULE 37 CERTIFICATE OF CONFERENCE

Pursuant to Fed. R. Civ. P. 37(a)(1), **I HEREBY CERTIFY** that I have in good faith attempted to obtain the discovery responses from counsel for Defendant without court action on May 12, 2026, May 14, 2026 and May 15, 2026.

/s/KATHERINE B. REMY
**KATHERINE B. REMY**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing was served on all counsel of record by using the Court's CM/ECF electronic filing system on this 18th day of May, 2026.

/s/KATHERINE B. REMY
**KATHERINE B. REMY**

-14-