UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

VIVIAN MOREIN                    :    CIVIL ACTION NO. 6:25-cv-01182

VS.                              :    DISTRICT JUDGE S. MAURICE HICKS, JR.

COSTCO WHOLESALE CORP.           :    MAGISTRATE JUDGE WHITEHURST

---

NOTICE OF CORPORATE VIDEO DEPOSITION
OF COSTCO WHOLESALE CORPORATION PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 30(B)(6)

TO    Costco Wholesale Corporation
      *through its attorney of record:*
      Michael L. Ballero
      Trevor C. Davies
      Simon, Peragine, Smith & Redfearn, LLP
      1100 Poydras Street, Suite 3000
      New Orleans, LA  70163
      michaelb@spsr-law.com
      trevord@spsr-law.com

**PLEASE TAKE NOTICE** that Plaintiff, **VIVIAN MOREIN**, through undersigned counsel, will take the corporate video deposition pursuant Fed. R. Civ. P. 30(b)(6), of **Costco Wholesale Corporation**, hereinafter referred to as "Costco", through one or more officers, directors, managing agents, or other persons who consent to testify on their behalf regarding the topics set forth below. *See* Fed. R. Civ. P. 30. This deposition will be taken for all purposes, including perpetuation purposes, permitted by the Federal Rules of Civil Procedure on **Costco Wholesale Corporation**, on May 7, 2026 at 1:00 p.m., at the Lafayette Bar Association, 2607 Johnston St., Lafayette, LA., 70603, before a Notary Public or some other officer authorized by law to administer oaths, which deposition is to continue from day to day until same is concluded.

In selecting a representative to testify, the defendant is reminded of its obligation to prepare its representative(s) to give complete, knowledgeable, and binding answers on its behalf. The

1

**Ex. D**

corporation must make "a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought" and prepare those persons to "answer fully, completely, unevasively, the questions posed as to the relevant subject matters." *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006). The corporation must make a conscientious good-faith effort to educate its designees about matters reasonably available to the organization, extending beyond the personal knowledge of the designated individuals to include information from documents, past employees, and other sources. *Id.* When a designated deponent lacks knowledge about relevant facts and the corporation has failed to designate an available, knowledgeable witness, "the appearance is essentially no appearance at all, and sanctions may be imposed." *Resolution Trust Corp. v. S. Union*, 985 F.2d 196, 197 (5th Cir.1993).

As such, pursuant to FRCP Rule 30(b)(6), Costco is hereby commanded to designate one or more officers, directors, managing agents or other authorized representatives willing to accept such designation and willing, able and authorized to testify, and fully discuss the following:

## EXHIBIT A: TOPICS

1. All documents requested in Exhibit B.

2. The name, address telephone number and subject matter of each person, including experts, who may have knowledge and information regarding the cause of this incident and extent of any damages sustained by Mrs. Morein on July 28, 2024.

3. The identities, contact information, responsibilities, employment status, and employment roles of the Costco staff (including management) working at the Costco location where Mrs. Morein slipped and fell on July 28, 2024.

4. The documents produced by Costco in this case bearing Bates nos. Costco-0001-0018.

5. The policies and procedures of Costco, whether written or unwritten, that were in place or in effect on July 28, 2024 and/or thereafter which relate to the maintenance, cleaning, or safe keeping of the aisles, passageways and floors at the Costco location where Mrs. Morein slipped and fell on July 28, 2024.

6. Information related to any type of slip and fall or trip and fall at the Costco location where

2

<span style="color:red">**Ex. D**</span>

Mrs. Morein slipped and fell between January 1, 2022 through the date of this deposition, regardless of whether a specific claim against Costco was made or incident report was filled out.

7. The policies and procedures of Costco, whether written or unwritten, that were in place or in effect on July 28, 2024 or thereafter for managing spills or other hazards, mitigating safety risks, and maintaining the cleanliness for *the food court area* at the Costco location where Mrs. Morein slipped and fell on July 28, 2024. This includes but is not limited to the frequency for which the trash cans in the area are checked or emptied by Costco staff, staff cleaning or inspection schedule for the food court, how many staff are stationed or scheduled to work in the food court area on a Sunday afternoon between 1-3 p.m. generally and on the day in question, and any specific responsibilities of Costco staff working in the food court with respect to any soda stations, coolers, drink machines, or ice dispensers.

8. Costco's policies and procedures, whether written or unwritten, that were in place or in effect on July 28, 2024 and/or thereafter which relate to the reporting and investigation of accidents or incidents (such as slip and falls) by Costco which occur on Costco's premises.

9. The specific surveillance video that was produced to Mrs. Morein and her counsel by Costco in this matter including but not limited to the video's length, how video surveillance is captured and stored, and the identity of any Costco employees depicted in the video. This request also includes the identity of the individual who was responsible for retrieving, editing, cutting, and producing the surveillance video.

10. The layout of the Costco location where Mrs. Morein fell on July 28, 2024 including but not limited to specific knowledge of where the janitorial closets or cleaning supply closets are located and where any maintenance logs or cleaning schedules are posted.

11. Costco's record retention policy related to (a) incidents involving injuries or safety hazards on property, including but not limited to incident reports, witness statements, surveillance footage, and communications; and (b) routine or emergency cleaning procedures, including cleaning logs, staffing schedules, supervisor reports, and any documentation reflecting inspection or maintenance of floors or walkways in guest-accessible areas the period including August 6, 2023.

12. Any and all information and records regarding the malfunction, repair or service of the soda machine(s) and/or ice dispenser in the food court at the Costco location where Mrs. Morein fell between January 1, 2023 through December 31, 2024.

13. Any and all complaints, reports and/or events (regardless of whether they were documented in writing) from Costco staff and/or patrons/members concerning wet substances, smooshed food, leaking soda and/or ice machines, leaking coolers or other hazards present in the food court, walkways or aisles of Costco between January 1, 2022 through the date of this deposition.

3

**Ex. D**

14. The amount of time the substance Mrs. Morein slipped in had been on the floor prior to her slip.

15. Facts and circumstances surrounding the incident with Mrs. Morein on July 28, 2024.

16. Any and all accident, incident, investigation, claim and/or other reports or writings, which, in any manner, concern the incident involving Mrs. Morein on July 28, 2024 in your possession.

17. Costco's (or its agent's) investigation of the subject incident

18. The results, findings, conclusions or concerns of Costco after its investigation of the subject incident.

19. Information regarding the training of employees with regard to the maintenance, upkeep, cleaning and/ or inspection of the food court, aisles, passageways, and/or floors inside the Costco location where Mrs. Morein slipped on July 28, 2024.

20. Any records, cleaning logs, or inspection reports documenting the cleaning or maintenance of the food court, aisles, passageways, and/or floors of the Costco location where Mrs. Morein slipped on July 28, 2024.

21. Any and all agreements and/or contracts, whether written or verbal, between Costco and any other individuals and/or entities which concern the maintenance, upkeep, cleaning and/or inspection of the food court, aisles, passageways and/or floors at the Costco location where Mrs. Morein slipped which were in effect on July 28, 2024.

22. Identify any and all persons with knowledge of the inspection, upkeep, cleanup, and/or maintenance of the aisles, passageways and/or floors at the Costco location where Mrs. Morein slipped on July 28, 2024.

23. All written discovery responses by Costco in this case.

4

**Ex. D**

## <u>EXHIBIT B: DOCUMENTS TO PRODUCE</u>

Produce copies at least five days prior to the commencement of the deposition and be prepared to authenticate same for attachment to the corporate deposition transcript:

1. Any and all written documents pertaining to the accident, incident, investigation, claim and/or other reports or writings, which, in any manner, concern the incident involving Vivian Morein that forms the basis of the instant litigation, and are in the custody or control of Costco. including but not limited to, any documents relating to the information contained in Topics 16, 17, 18, 20

2. Any and all written documents pertaining to the care, safety, cleaning, maintenance and/or upkeep of the Costco location where Mrs. Morein fell for the period covering July 28, 2024, including but not limited to, any documents related to the information sought in Topics 5, 7, 8, 12, 20

3. Any and all written training materials pertaining to the maintenance, upkeep cleaning and/or inspection of the aisles, passageways, and/or floors of the Costco location where Mrs. Morein fell for the period covering July 28, 2024, including but not limited to, the information sought in Topic 19.

4. Any and all written agreements and/or contracts between Costco and any other individuals and/or entities which any manner concern the maintenance, upkeep, cleaning and/or inspection of aisles, passageways and/or floors of the Costco location where Mrs. Morein fell for the period covering July 28, 2024, including but not limited to, any documents relating to the information contained in Topic 21.

5. Any and all written documents pertaining to the identity of any and all employees or contractors working at the Costco location where Mrs. Morein fell on July 28, 2024.

6. Any and all written documents pertaining to any and all logs, journals, incident/accident reports, complaints, notations memorializing complaints and/or other writings concerning slip and fall, trip and fall and/or other type injuries occurring, including but not limited to any documents relating to the information contained in Topics 6,13, 18, 20.

7. Costco's retention policy for written records and video surveillance in effect on July 28, 2024 through the inception of this litigation.

Ex.  D

Respectfully submitted,

_____

**VERON BICE, L.L.C.**
Peyton F. Pawlicki (#37826)
Shayna L. Sonnier (#29678)
**Katherine B. Remy (#38876)**
Matthew E. Lognion (#36218)
721 Kirby Street (70601)
P.O. Box 2125
Lake Charles, Louisiana 70602
Phone: (337) 310-1600
Fax: (337) 310-1601

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Notice of Deposition has been served on counsel of record for all parties by email this 9th day of April 2026.

_____
KATHERINE B. REMY

6

**Ex. D**