**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | | |
|---|---|---|
| **VIVIAN MOREIN** | * | **CASE NO. 6:25-CV-1182** |
| **Plaintiff** | * | |
| | * | **JUDGE HICKS, JR.** |
| **VERSUS** | * | |
| | * | **MAGISTRATE JUDGE** |
| **COSTCO WHOLESALE CORPORATION** | * | **WHITEHURST** |
| **Defendant** | * | |
| | * | **A JURY IS DEMANDED** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### AMENDED MEMORANDUM IN OPPOSITION TO
### MOTION TO COMPEL [R. DOC. 26]

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Costco Wholesale

Corporation ("Costco"), who respectfully submits the following Amended Memorandum in

Opposition to Plaintiff's Motion to Compel [R. Doc. 26].

### TABLE OF CONTENTS

I.   SUMMARY OF ARGUMENT ........................................................................................1

II.  FACTUAL BACKROUND ...........................................................................................2

III. PERTINENT LAW .........................................................................................................4

   A. Scope of Discovery – FRCP 26(b)(1)........................................................................4

   B. Scope of Discovery – FRCP 26(b)(3)........................................................................5

   C. Motion to Compel......................................................................................................5

IV. PLAINTIFF'S DISCOVERY MOTION FAILS TO COMPLY WITH
    LOCAL RULE 37.1......................................................................................................6

   A. 5/12/26 Demand and Threat ......................................................................................6

   B. 5/14/26 Request .........................................................................................................7

   C. 5/15/26 Email............................................................................................................7

V.   THE DISCOVERY DEMANDS ARE DISPROPORTIONATE TO THE
     NEEDS OF THE CASE ..................................................................................................9

     A.  Identity of Gallagher Bassett and Costco Supervisory Personnel Involved
         in Handling or Investigating Plaintiff's Claim ....................................................9

     B.  "Photographs" Referenced in Mr. Marshall's Deposition ..................................10

     C.  Communications relating to the incident/claim, including communications
         between Costco and Gallagher Bassett..............................................................11

     D.  Each Of The Proportionality Factors Under Rule 26(b)(1) Militates
         Against Plaintiff's Demands..............................................................................11

VI.  EVEN IF THE DISCOVERY DEMANDS WERE PROPORTIONATE TO THE
     NEEDS OF THE CASE, THEY INVADE WORK-PRODUCT PRIVILEGE ......................15

VII. CONCLUSION...........................................................................................................16

## TABLE OF AUTHORITIES

*Arters v. Univision Radio Broad. Tx, L.P.*, 2009 U.S. Dist. LEXIS 39924
(N.D. Tex. May 12, 2009)................................................................................................1, 13

*Douga v. D & B Boat Rentals, Inc.*, 2007 WL 1428678 (W.D. La. May 10, 2007)......................14

*Boyd v. Am. Airlines, Inc.*, 2002 WL 32360294 (N.D. Tex. Oct. 17, 2002) ....................................1

*Crosby v. La. Health Serv. & Indem. Co.,* 647 F.3d 258 (5th Cir. 2011) .......................................1

*Ferguson v. Wal-Mart Louisiana LLC*, 2025 WL 899336 (W.D. La. Mar. 24, 2025) ...............4, 5

*In re Rainbow Marine Contractors, Inc.,* 2010 U.S. Dist. LEXIS 88008
(E.D. La. July 30, 2010) .......................................................................................................16

*Johnson v. Air Liquide Large Indus. U.S. L.P.,* 2019 U.S. Dist. LEXIS 152963
(E.D. Tex. Sep. 9, 2019) .......................................................................................................16

*Mayeux v. Howard*, 2022 U.S. Dist. LEXIS 89224 (S.D. Miss. May 18, 2022)............................1

*Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978)...........................................................1, 4

*Tarleton v. DG Louisiana, LLC*, 2021 WL 357460 (W.D. La. February 2, 2021)..........................5

*Teng v. Safeworx Safety Sols.*, 2026 WL 916711 (W.D. La. Mar. 31, 2026 ...............................16

*Thakore v. Shelter Mutual Insurance Co.*, 2024 WL 4393591 (W.D. La. October 2, 2024) ....1, 14

**RULES, STATUTES AND ARTICLES**

Federal Rule of Civil Procedure 26 ...................................................................1, 2, 4, 5, 11, 12, 15

Federal Rule of Civil Procedure 37 ...........................................................................................5

Federal Rule of Evidence 401...................................................................................................4

U.S. District Court for the Western District of Louisiana, Local Civil Rule 37.1.........................6

*Roberts, J.,* 2015 YEAR-END REPORT ON THE FEDERAL JUDICIARY (Dec. 31, 2015) ......................2

### I.    Summary of Argument

Discovery under Rule 26(b) "has never been a license to engage in an unwieldy, burdensome, and speculative fishing expedition, and, therefore, like all matters of procedure, has ultimate and necessary boundaries." *Mayeux v. Howard*, 2022 U.S. Dist. LEXIS 89224, at *2 (S.D. Miss. May 18, 2022) (Myers, J.), *quoting Crosby v. La. Health Serv. & Indem. Co.,* 647 F.3d 258, 264 (5th Cir. 2011); *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352 (1978). "Courts should not allow parties to "roam in the shadow zones of relevancy to explore matter which does not presently appear germane on the theory that it might conceivably become so." *Arters v. Univision Radio Broad. Tx, L.P.*, 2009 U.S. Dist. LEXIS 39924, at *9 (N.D. Tex. May 12, 2009) (Fitzwater, C.J.), *quoting Boyd v. Am. Airlines, Inc.*, 2002 U.S. Dist. LEXIS 19937, 2002 WL 32360294, at *1 (N.D. Tex. Oct. 17, 2002) (Kaplan, J.).

The facts of the slip-and-fall accident in this case are not in dispute.  Indeed, it was captured on CCTV video which has been produced to plaintiff. Plaintiff Vivian Morein adjusted her cart several times in the food court area, walked back and forth across the area with her flip flop sandals, grabbed a few napkins to wipe off the table, then she slipped and fell.

As to defendant Costco Wholesale Corporation, plaintiff has only alleged the "clear liquid on the floor where the petitioner fell constituted a hazardous and unsafe condition." ECF 1-2 ¶ 5. Yet in addition to the surveillance video showing the incident itself, Costco has produced two witnesses for deposition already (Warehouse Manager Misty Barrera and employee Dareion Marshall), together with over 100 pages of documents comprising the incident reports, an employee statement concerning the incident, and additional policies, procedures, and warehouse records. Nevertheless, six days from the close of discovery and nearly a year after filing suit, plaintiff demanded information and documents concerning Costco's third-party claims

1

administrator Gallagher Bassett. On the last day of discovery, plaintiff filed the instant motion to compel this information, without meeting and conferring as required under Local Rule 37.1. The plaintiff's requests plainly contravene the rule of proportionality in this straightforward slip-and-fall case **where the accident itself is captured on video**. This is contrary the law of the 5th Circuit.

"In his 2015 Year-End Report, United States Supreme Court Chief Justice John Roberts discussed the December 1, 2015 amendment to Rule 26(b), stating that the amended rule requires lawyers to "size and shape their discovery requests to the requisites of a case. Specifically, the pretrial process must provide parties with efficient access to what is needed to prove a claim or defense, but eliminate unnecessary or wasteful discovery." *Roberts, J.,* 2015 YEAR-END REPORT ON THE FEDERAL JUDICIARY (Dec. 31, 2015). Plaintiff cannot show that the demanded information is necessary to prove her claims, or that it would be anything other than a wasteful and unnecessary exercise, as is required under Rule 26(b). Indeed, even if the demands were somehow proportional to the needs of this case under Rule 26(b)(1), they invade the work-product privilege by seeking information prepared in anticipation of litigation under Rule 26(b)(3). The motion to compel should be denied.

## II.    **Factual Background**

This case arises from a slip and fall incident in the Food Court at the Costco Warehouse in Lafayette on 7/28/24.  The incident was not reported on the date it occurred.  Here is a timeline of events:

- **7/28/24:** DATE OF INCIDENT

- **8/2/24:** Costco submitted a claim to its Third Party Administrator, Gallagher Bassett, after Plaintiff returned to the Costco location a few days after the incident to report the incident.[1]  Plaintiff returned to the Costco location to report the incident after being told to do so by Veron Bice, her employer and

---

[1] Exhibit A, Affidavit of Maryann Gist.

    attorneys.[2]

- **8/19/24:** Plaintiff sent an email to Maryann Gist (Gallagher Bassett) to update Ms. Gist "on my case."[3]

- **9/19/24:** Veron Bice sent a Letter of Representation of behalf of Plaintiff to Ms. Gist.[4]

- **6/20/25:** Veron Bice sent a settlement demand for ████████ to Kyle Felix (Gallagher Bassett).[5]

- **7/25/25:** Lawsuit filed in 15th JDC.[6]

Discovery has been ongoing since November 2025. The Court set the Discovery Deadline of 5/18/26.[7] Costco timely completed its fact discovery except for the deposition of Dr. Cascio, which was requested by undersigned counsel on multiple occasions as early as 3/17/26. Plaintiff's counsel did not provide available dates for Dr. Cascio's deposition until 5/12/26. Dr. Cascio's deposition is set on 6/8/26. Plaintiff requested the deposition of Costco's IME physician, Dr. Russo, which will also likely be set in June.[8] Costco objects to any additional fact discovery being completed in this case.

To date, Costco has produced over 100 pages of documents, comprising the incident reports, the surveillance video of the incident, an employee statement concerning the incident, and additional policies, procedures, and warehouse records. Most significantly, the production of documents included the following:

- **Member First Report of Incident (completed by Ms. Morein)**

- **Confidential Warehouse Incident Report (completed by Rusty Smithey)**

---

[2] Exhibit A, Affidavit of Maryann Gist.
[3] Exhibit A, Affidavit of Maryann Gist.
[4] Exhibit A, Affidavit of Maryann Gist.
[5] Exhibit A, Affidavit of Maryann Gist.
[6] R.Doc. 1-2.
[7] R.Doc. 19.
[8] Costco has no objection to the deposition of Dr. Russo being set in June because Plaintiff's treatment has been ongoing, including a fairly recent MRI and new surgery recommendation from Dr. Cascio.

- **Approximately 1-hour of footage from the CCTV camera that captured the incident**

- **Handwritten statement of Costco employee, Dareion Marshall, dated 7/23/25**

- **Forms for ten (10) Floor-walk / Safety Inspections completed on 7/28/24 (before and after the subject incident)**

In addition to the documents produced, Costco also produced Warehouse Manager Misty Barrera and employee Dareion Marshall for depositions.[9] Now, on the final day for discovery, Plaintiff filed this Motion to Compel seeking even more, without complying with this Court's Local Rules. This is a fishing expedition. Plaintiff is requesting information not relevant to the parties' claims or defenses and their requests are not proportionate to the needs of the case.

### III.   Pertinent Law

#### A.  Scope of Discovery

Rule 26(b)(1) of the Federal Rules of Civil Procedure limits the scope of discovery to matters relevant to a claim or defense **and** proportional to the needs of the case.[10] Relevant information is defined as "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."[11] In explicitly defining the scope of discovery in terms of both relevance and proportionality, Rule 26(b) is designed to reinforce the obligation of the parties to consider the proportionality factors in making discovery requests.[12]

The proportionality factors include consideration of: "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the

---

[9] Ms. Barrera served as Costco's corporate representative for the 30(b)(6) deposition taken on 5/7/26.

[10] *Ferguson v. Wal-Mart Louisiana LLC*, 2025 WL 899336, at *2 (W.D. La. Mar. 24, 2025); see also FRCP 26(b)(1).  (emphasis added)

[11] *Id.* citing *Oppenheimer Fund, Inc. v. Sanders*, 98 S. Ct. 2380, 2389 (1978); *see also* Fed. R. Evid. 401 (defining relevant evidence as making a fact of consequence in determining the action more or less probable).

[12] *See* Fed. R. Civ. P. 26(b) advisory committee's note to 2015 amendment.

parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."[13]   The Court may limit discovery when:

(i)      the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

(ii)     the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

(iii)    the proposed discovery is outside the scope permitted by Rule 26(b)(1).[14]

Control of discovery is subject to the trial court's sound discretion.[15]

### B.  Scope of Discovery

Rule 26(b)(3) of the Federal Rules of Civil Procedure limits the scope of discovery further with respect to trial preparation materials. "Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." F.R.C.P. 26(b)(3).

### C.  Motions to Compel

FRCP 37(a)(1) requires the movant to include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the disclosure or discovery in an effort to obtain it without court action.  In this Honorable Court:

> A motion relative to discovery will not be accepted for filing unless accompanied by a certificate of counsel for the moving party stating that counsel have conferred in person or by telephone for purposes of amicably resolving the issues and stating why they are unable to agree or stating that opposing counsel has refused to so confer after reasonable notice.  Counsel for the moving party must arrange the conference. A proposed order must accompany each motion filed under this paragraph. If the court finds that

---

[13] *Tarleton v. DG Louisiana, LLC*, 2021 WL 357460, *1 (W.D. La. February 2, 2021)
[14] Fed. R. Civ. P. 26(b)(2)(C); *see also Hebert v. Lando*, 99 S. Ct. 1635, 1649 (1979).
[15] *Ferguson v. Wal-Mart Louisiana LLC*, 2025 WL 899336, at *2 (W.D. La. Mar. 24, 2025)

opposing counsel has willfully refused to meet and confer, or, having met, willfully refused or failed to confer in good faith, the court may impose such sanctions as it deems proper.

U.S. District Court for the Western District of Louisiana, Local Civil Rule 37.1.

### IV.    Plaintiff's Discovery Motion Fails to Comply with Local Rule 37.1

Plaintiff's Motion to Compel contains a certificate stating Katherine Remy  in good faith attempted to obtain the discovery responses from counsel for Defendant without court action on May 12, 2026, May 14, 2026, and May 15, 2026."[16]  However, plaintiff made no effort to comply with Local Rule 37.1. Plaintiff demanded documents, afforded Costco no time to respond, and made no attempt to meet-and-confer by telephone or in person as the Rule requires.  Had Plaintiff simply complied with the Local Rule or even provided a reasonable timeframe for Costco to respond to the last-minute discovery demands, this Motion likely would have been mooted and the Court s time saved.

#### A.  5/12/26 Demand and Threat

Plaintiff's counsel sent an email on 5/12/26 at 4:50pm[17] seeking documents referenced during the corporate deposition of Costco taken on 5/7/26.  Rather than comply with the Local Rule requiring an in-person or telephone conference, Plaintiff's counsel stated, "if we do not receive the requested production by [5/15/26], Plaintiff will file a Motion to Compel on [5/18/26]."[18]  There was no effort by Plaintiff to arrange for a conference.  Instead, Plaintiff issued a threat that if Costco did not produce supplementation within 72 hours, there would be a Motion to Compel. Nevertheless, on 5/13/26, the very next day, Costco provided requested documents to plaintiff's counsel. Unsatisfied, the plaintiff immediately issued a subpoena directly to Gallagher

---

[16] R.Doc. 26, p. 2.
[17] R.Doc. 26-7.
[18] R.Doc. 26-7.

6

Bassett for documents concerning this incident, without providing the requisite notice to Costco prior to service as required under Rule 45(a)(4).

### B. 5/14/26 Request

Undersigned counsel attended the Deposition of Dareion Marshall on 5/14/26. During the deposition, he testified that he was shown still images or screengrabs from the CCTV footage of the incident. Immediately following the deposition, Plaintiff's counsel requested the images." Undersigned counsel said he would ask Costco for the images," but also pointed out that the CCTV footage was previously produced to Plaintiff.[19] There is no material difference between CCTV footage and still images from the CCTV footage. Also, the handwritten statement of Mr. Marshall, which included reference to images" was produced on 1/13/26, so Plaintiff was aware of the possibility that there were images" as of January 2026 but did nothing to obtain them.

An in-person request for those images" on 5/14/26 with a Motion to Compel filed 4 days later is not good faith" under Local Rule 37.1. Plaintiff never attempted to subsequently confer in person or by telephone" to discuss any of the issues contained in their Motion to Compel as required by the Local Rule. Plaintiff did not provide reasonable notice" for the in-person conference but, as noted above, undersigned counsel indicated he would request the images." The Motion to Compel was filed less than 2 business days after the in-person conference.

### C. 5/15/26 Email

On the afternoon of 5/15/26 (Friday), Plaintiff's counsel acknowledged receipt of additional documents produced by Costco and asked for Costco s position regarding communications between Costco/Gallagher Bassett and Gallagher Bassett s claim file.

---

[19] Costco produced the CCTV footage on 1/13/26.

Undersigned counsel was out of town with family over the weekend (5/16/26 and 5/17/26) and then on the road for work in Monroe, Natchez, and Lafayette on 5/18/26, 5/19/26, and 5/21/26. Nevertheless, on 5/18/26, undersigned counsel emailed Plaintiff's counsel acknowledging the 5/15/26 email and indicating he would get back to Plaintiff.[20]

Instead of operating in good faith to resolve the alleged discovery issues, Plaintiff rushed to get the Motion to Compel filed by the discovery deadline of 5/18/26. Plaintiff never conferred with undersigned counsel either by phone or in person.[21] Plaintiff never provided  reasonable notice" to undersigned counsel regarding an in person or telephone conference.

Meanwhile, undersigned counsel has actively worked to supplement discovery (subject to objection) since Plaintiff started requesting it:

- **5/13/26:** Undersigned counsel produced: 1) Tips and Best Practices for Front End Assistants, 2) Tips and Best Practices for Member Service Employees, 3) Floor Walk Inspection Slides, 4) New Hire Orientation: Safety Training, and 5) New Hire Orientation: Member Service Expectations
- **5/18/26:** Undersigned acknowledged email and disclosed ongoing travel for work, plan to respond
- **5/20/26:** Undersigned identified Caitlin Gilbert, Administrative Manager, as the "Caitlin"      referenced      during      Mr.      Marshall's      deposition

Plaintiff ignored Local Rule 37.1 while Costco evaluated whether it could locate additional information to produce or whether it had to produce anything in response to the overbroad discovery requests. For this reason alone the motion should be denied, and, indeed, Costco awarded the costs of filing the instant opposition. "If the court finds that opposing counsel has willfully refused to meet and confer, or, having met, willfully refused or failed to confer in good faith, the court may impose such sanctions as it deems proper." Local Rule 37.1. The motion to compel should be denied.

---

[20] Exhibit B, full email chain regarding Plaintiff's threat to file a Motion to Compel.
[21] Except regarding the "images" referenced in Darieon Marshall's deposition. However, there was no "reasonable notice" provided regarding that in-person request.

## V.     The Discovery Demands Are Disproportionate to the Needs of the Case

As an initial matter, Costco objects to producing information concerning Gallagher Bassett because that information is not relevant to the parties' claims or defenses and proportional to the needs of the case.  Gallagher Bassett is a third party administrator for Costco claims.  None of the GB personnel would have first-hand information regarding the incident.  Thus, they could not offer testimony that would make a fact of consequence in determining the action more or less probable. FRE article 401.

More significantly, not only is the demanded information concerning Gallagher Bassett irrelevant, but the demands are not proportional to the needs of the case.  This is a slip and fall accident involving an aggravation to pre-existing degenerative conditions in Plaintiff s shoulder. There are no allegations of serious injury.  Plaintiff continues to work full-time at Veron Bice. Further, Costco has already produced voluminous documentation regarding: 1) Costco s policies/procedures, 2) inspections performed on the date of the incident, and, most importantly **3) the incident itself, including video footage of the fall.**  Every proportionality factor under Rule 26(b) militates against the demanded disclosure.

### A.  Identity of Gallagher Bassett and Costco Supervisory Personnel Involved in Handling or Investigating Plaintiff's Claim

Costco has already identified the following Costco employees as having knowledge regarding the subject incident in response to Interrogatory No. 6:

- Dareion Marshall
- Rusty Smithey
- Misty Barrera
- Greg Souza
- Caitlin Gilbert

Costco is unaware of any other employees who have knowledge regarding the incident.  Notably, Costco does not anticipate calling any employees as witnesses at trial other than Misty Barrera (or

9

another corporate representative) and Dareion Marshall because the other individuals are listed solely because they were in managerial roles and may have learned of the incident after it was reported 3 days later. There are no other Costco supervisory personnel to identify in response to plaintiff's motion.

Concerning Gallagher Bassett representatives, plaintiff states:  Plaintiffs had no prior knowledge whatsoever of Gallagher Bassett s involvement before Costco s corporate deposition." R.Doc. 26-1, p. 6 (emphasis added).  This is 100% false.  Plaintiff was communicating with Maryann Gist of Gallagher Bassett as of August 2024.[22]  Plaintiff's counsel was communicating with Gallagher Bassett as of September 2024 and *Ms. Gist actually informed Plaintiff's counsel that she was investigating the incident*.[23]  Plaintiff already has in her possession correspondence with Gallagher Bassett personnel who investigated the incident (Maryann Gist and Kyle Felix). Again, if Plaintiff had complied with Local Rule 37.1, this issue could have been discussed and resolved without Court involvement.

### B.  "Photographs" Referenced in Mr. Marshall's Deposition

As noted above, Mr. Marshall testified that he was shown still images or screengrabs from the CCTV footage of the incident.  The CCTV footage was produced in its entirety to Plaintiff on January 13, 2026.  There is no difference between CCTV footage and still images from the CCTV footage.  A Motion to Compel was not necessary on this issue.

---

[22] Exhibit A, Affidavit of Maryann Gist.
[23] Exhibit A, Affidavit of Maryann Gist.

## C. Communications relating to the incident/claim, including communications between Costco and Gallagher Bassett

As noted above, Costco already produced the incident reports prepared by Ms. Morein and Ms. Smithey, video of the incident, the handwritten statement of Mr. Marshall, and documentation of the ten (10) safety walks performed on the date of the incident. Those pieces of evidence are all relevant to the parties claims and defenses and proportional to the needs of this slip-and-fall case. In contrast, communications between Costco and its third party administrator, Gallagher Bassett, are not relevant or proportional to the needs of this case.

## D. Each Of The Proportionality Factors Under Rule 26(b)(1) Militates Against Plaintiff's Demands

Indeed, this is a slip and fall case involving an aggravation to pre-existing degenerative conditions in Plaintiff s shoulder. Each of the proportionality factors militate against the plaintiff's discovery demands set forth above. *First,* regarding the importance of the issues at stake in the action,"[24] the outcome of this litigation will only impact Plaintiff and Costco. There is no broader issue at stake "as measured in philosophic, social, or institutional terms" that "may have importance far beyond the monetary amount involved." Notes of Advisory Committee on Rules—1980 Amendment. The issues for trial will be the Louisiana Merchant Liability Statute and damages. This is not a class action lawsuit or litigation involving a novel issue that will impact the community.

*Second,* concerning the "amount in controversy,"[25] plaintiff's demand was for $▮▮▮▮▮. This is not multi-million-dollar litigation. Regarding the "parties' relative access to relevant information,"[26] Costco has already produced video, incident reports, the handwritten

---

[24] FRCP 26(b)(1).
[25] FRCP 26(b)(1).
[26] FRCP 26(b)(1).

11

statement, inspection forms, and policies/procedures.  The parties had equal opportunity to conduct fact witness depositions for approximately 6-7 months.  Regarding "the parties' resources,"[27] this factor has no bearing in this case.  Plaintiff has 3-4 attorneys actively working on the case who have been available to conduct depositions during the discovery period.

*Third,* concerning the access to information factor, the Advisory Committee counsels that often "the burden of responding to discovery lies heavier on the party who has more information," which can include "information that is more difficult to retrieve" Committee Notes on Rules— 2015 Amendment. Here, plaintiff demands Costco undertake extensive efforts to secure information and produce documents concerning information that bears tangentially to this case of a slip-and-fall that was recorded on video. Costco has already largely complied with those efforts, made its employees available to testify, and produced extensive documentation concerning the incident and the Warehouse, but plaintiff still demands more, including the production of correspondence already in Plaintiff's possession. This is not proportional.

*Fourth,* concerning the party's resources, "consideration of the parties' resources does not foreclose discovery requests addressed to an impecunious party, nor justify unlimited discovery requests addressed to a wealthy party … the court must apply the standards in an even-handed manner that will prevent use of discovery to wage a war of attrition or as a device to coerce a party, whether financially weak or affluent." Committee Notes on Rules—2015 Amendment. Here, plaintiff insists on further depositions despite the documents and witnesses produced to resolve the issue and the irrelevance of the testimony sought. Further document productions are not proportional.

*Fifth,* the designee's or designees' testimony cannot and will not resolve the issues in this

---

[27] FRCP 26(b)(1).

12

case: it has no import, and indeed is cumulative. As noted multiple times, Costco already produced video, incident reports, Mr. Marshall's handwritten statement, inspection forms, and policies/procedures.  Those documents, along with witness testimony, will be everything the jury needs to resolve the liability issues presented in this slip and fall case. Additional documents from Gallagher Bassett–let alone further depositions as suggested by plaintiff's motion–will not shed any further light on whether there was, or was not a defect or liquid on the Warehouse floor. The demands are burdensome, the preparation is costly, the benefit to plaintiff is low. This burdensome discovery is not proportional.

*Sixth,* the burden significantly outweighs the benefit insofar as Costco will be required to incur the costs of production, both parties will be required to incur the costs of further depositions, and the further discovery demanded is irrelevant to the plaintiff's claims and cumulative to the documents and testimony produced to her already. After all, Rule 26(b)(1) "does not allow a party to roam in shadow zones of relevancy and to explore matter which does not presently appear germane on the theory that it might conceivably become so." *Arters, supra* at * *9; 4 Moore's Federal Practice par. 26.56[1], at 26-95 n.3 (1987) ("[D]iscovery cannot be used as a vehicle for discovering a right of action."). Here, the plaintiff has merely repeated the incantation that the designee testimony sought is "relevant" *See* R. 26-1 at 7 (Gallagher Bassett "controlled relevant information concerning the claim investigation, witness statements, images, surveillance materials and communications"); *id. a*t 10 ("[t]hose images are plainly relevant"). She has made no particularized showing that the information is, in fact, relevant, and why she needs it to prosecute her action despite having all the relevant documents in her possession already. But, she has not, to date, actually explained "the ways in which the underlying information bears on the issues." Committee Notes on Rules—2015 Amendment. The discovery demands are not proportional.

13

In addition, unlike the *Thakore* case cited in their Memorandum, Plaintiff is not making a first party claim.  In *Thakore*, plaintiff alleged damages following an accident involving an underinsured motorist and plaintiff alleged his own insurer, Shelter Mutual Insurance ( Shelter"), was liable for bad faith under La. R.S. 22:1892 and 22:1973.[28]  In *Thakore*, plaintiff filed a Motion to Compel information pertaining to how his own insurer handled the claim.[29]   Thakore properly argued that Shelter s handling of the claim was relevant to plaintiff s bad faith claims.[30]  In contrast, Morein has not made any bad faith claims because this case will be governed exclusively by La. R.S. 9:2800.6 (Merchant Liability Statute).

The *Douga* case cited by Plaintiff supports Costco s position.  In *Douga*, Plaintiff sought review of a Magistrate Judge s Ruling which denied the plaintiff s Motion to Compel a recorded statement taken by one of the defendant s insurers.[31]  The District Judge affirmed the Magistrate Judge s ruling and concluded that the primary motivating purpose behind the taking of the recorded statement was to aid in future litigation.[32]  The Court in *Douga* looked at whether the creation of the statement was to aid in possible future litigation and in response to a substantial likelihood that litigation would ensue.[33]  In our case, Gallagher Bassett knew there was a substantial likelihood of litigation as of August 7, 2024, because plaintiff had returned to Costco to report the incident at the direction of her employer and attorneys, Veron Bice.  Because the work performed by Gallagher Bassett as of August 7, 2024, was in anticipation of litigation, the identities of Gallagher Bassett personnel is irrelevant.

---

[28] *Thakore v. Shelter Mutual Insurance Co.*, 2024 WL 4393591 *1 (W.D. La. October 2, 2024).

[29] *Thakore v. Shelter Mutual Insurance Co.*, 2024 WL 4393591 *1 (W.D. La. October 2, 2024).

[30] *Thakore v. Shelter Mutual Insurance Co.*, 2024 WL 4393591 *1 (W.D. La. October 2, 2024).

[31] *Douga v. D & B Boat Rentals, Inc.*, 2007 WL 1428678 *1 (W.D. La. May 10, 2007).

[32] *Douga v. D & B Boat Rentals, Inc.*, 2007 WL 1428678 *5 (W.D. La. May 10, 2007).

[33] *Douga v. D & B Boat Rentals, Inc.*, 2007 WL 1428678 *5 (W.D. La. May 10, 2007).

Plaintiff cites *In re International Systems* and *Adams* for the proposition that a party cannot use the Work Product Doctrine to protect or shield discovery of the underlying facts.[34]  Well, Costco has already produced the underlying facts in this case, i.e., incident reports, handwritten statement, video, etc.

**VI.     Even If The Discovery Demands Were Somehow Proportionate to the Needs of the Case, They Invade Work-Product Privilege**

The discovery demands here are plainly outside the scope of proportionality as set forth in Rule 26(b)(1). However, even if somehow the requests were proportional, they are designed to invade the work product privilege for documents produced in anticipation of litigation. As set forth above, the plaintiff has in her possession all correspondence with Gallagher Bassett from the date of the incident through the date on which her employer and attorneys sent a letter of representation to Gallagher Bassett on September 19, 2024. *See* Ex. A. FRCP 26(b)(3) provides:

> Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:
>
> **(i)** they are otherwise discoverable under Rule 26(b)(1); and
> **(ii)** the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

As this Honorable Court has noted, "[t]he protection from disclosure envisioned by Rule 26(b)(3), referred to as the work-product doctrine, 'can apply where litigation is not imminent, 'as long as the primary motivating purpose behind the creation of the document was to aid in possible future litigation.'"[35]  In this case, Gallagher Bassett anticipated litigation in August 2024 based on

---

[34] R.Doc. 26-1, p. 8.
[35] *Teng v. Safeworx Safety Sols.*, 2026 WL 916711, at *1 (W.D. La. Mar. 31, 2026).

plaintiff getting instruction from her employer/attorney to return to the Costco location to report the incident.[36]  Ms. Morein further kept the Gallagher Bassett adjuster up to date on "her case" in August 2024, Veron Bice submitted a letter of representation in September 2024, and then conveyed a ▮▮▮▮▮▮ settlement demand in June 2025.[37]  The communication between Costco and Gallagher Bassett was done with both parties knowing that this claimant had received instruction/advice from her attorneys within days of this incident.  In fact, Gallagher Bassett was correct. This is consistent with the law of this Circuit. *See Johnson v. Air Liquide Large Indus. U.S. L.P.,* 2019 U.S. Dist. LEXIS 152963, at *12-17 (E.D. Tex. Sep. 9, 2019) (Bryson, J.) (finding documents prepared after incident report were prepared for litigation and because of the prospect of litigation); *In re Rainbow Marine Contractors, Inc.,* 2010 U.S. Dist. LEXIS 88008, at *8 (E.D. La. July 30, 2010) (Knowles, J.) (finding work product concerning documents prepared after notice received that claimants had retained counsel which was of "heavy significance").

Costco already produced documents that were prepared in the "ordinary course of business"[38]  However, the correspondence between Costco and Gallagher Bassett is not only irrelevant but also protected by the Work Product doctrine because the correspondence was prepared in anticipation of litigation.

Costco will not address plaintiff's arguments related to the Subpoena Duces Tecum to non-party Gallagher Bassett at this time because that is not properly before the Court.

---

[36] Exhibit A, Affidavit of Maryann Gist.

[37] Exhibit A, Affidavit of Maryann Gist.

[38] *Teng v. Safeworx Safety Sols.*, 2026 WL 916711, at *1 (W.D. La. Mar. 31, 2026).  *See* Incident Reports, handwritten statement of Mr. Marshall, Floor Walk logs, and CCTV footage.

## VII.   Conclusion

Plaintiff's Motion to Compel should be denied because they filed to comply with Local Rule 37.1.  Had they complied with Local Rule 37.1, most if not all issues raised in this Motion would have been resolved without Court involvement.  Further, as noted above, the discovery related to Gallagher Bassett is not relevant to the parties claims or defenses and proportional to the needs of the case under Rule 26(b)(1).  Further, the correspondence between Costco and Gallagher Bassett is not discoverable under FRCP 26(b)(3).

Respectfully submitted,

*/s/ Michael L. Ballero*
TREVOR C. DAVIES (#32846)
MICHAEL L. BALLERO (#36793)
SHANNON O. HARRISON (#26163)
**Simon Peragine Smith & Redfearn, LLP**
1100 Poydras St., Suite 3000
New Orleans, Louisiana 70163
Telephone: (504) 569-2030
Facsimile: (504) 569-2999
trevord@spsr-law.com
michaelb@spsr-law.com
shannonh@spsr-law.com
***Attorneys for Costco Wholesale Corporation***

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the above and foregoing has been served on counsel for all parties via the Court's CM/ECF electronic filing system this 9th day of June, 2026.

*/s/ Michael L. Ballero*

17