**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | | |
|---|---|---|
| **VIVIAN MOREIN** | * | **CASE NO. 6:25-CV-1182** |
|    **Plaintiff** | * | |
| | * | **JUDGE HICKS, JR.** |
| **VERSUS** | * | |
| | * | **MAGISTRATE JUDGE** |
| **COSTCO WHOLESALE CORPORATION** | * | **WHITEHURST** |
|    **Defendant** | * | |
| | * | **A JURY IS DEMANDED** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF OBJECTION TO ORDER [R. DOC. 30]**

Federal Rule of Civil Procedure 26(g) "imposes an affirmative duty to engage in pretrial discovery in a responsible manner" and "is designed to curb discovery abuse." Fed. R. Civ. P. 26(g) advisory committee's notes (1983). It imposes a certification obligation on each attorney to "stop and think about the legitimacy of a discovery request." *Id.* After all, "[t]he parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes." Fed. R. Civ. P. 26(b) advisory committee's notes (2015). Here, the plaintiff has "consistently shirked this responsibility." *See Blackmon v. Bracken Constr. Co.*, *Inc.*, 2020 U.S. Dist. LEXIS 213140, at \*30 (M.D. La. Nov. 16, 2020) (Johnson, J.). Despite Costco's production of the surveillance footage of the plaintiff's slip-and-fall accident; the plaintiff's own written report of the accident; the warehouse incident report; the warehouse employee's written statement; the testimony of the warehouse manager and the warehouse employee; and the policies, procedures, and records of the warehouse, the plaintiff, at the close of discovery, insists on more. This is disproportionate to the needs of the case, and the ruling otherwise was erroneous and contrary to law. The Order should accordingly be set aside.

That the plaintiff's requests are disproportionate to the needs of this case are apparent from

1

her prosecution of the motion precipitating the June 3, 2026 Order, R. Doc. 30. At the outset of her motion to compel the production of the Gallagher Bassett documents, plaintiff incredibly claimed ignorance as to the fact that Gallagher Bassett served as the claims administrator in this matter. R. Doc. 26-1 at 2, 6 ("Plaintiffs had no prior knowledge whatsoever of Gallagher Bassett's involvement before Costco's corporate deposition"). This is false. It bears emphasis that the plaintiff herself corresponded **directly with Gallagher Bassett** on August 19, 2024. R. Doc. 31-1 ¶ 6. Her counsel corresponded with Gallagher Bassett shortly thereafter on September 19, 2024. R. Doc. 31-1 ¶ 7. Indeed, for her part, despite Costco having requested the plaintiff's statements and correspondence concerning this incident, plaintiff never produced her correspondence with Gallagher Bassett or Costco.

Despite knowing that Gallagher Bassett served as a third party administrator all along (and falsely claiming the contrary to the Court), plaintiff only interposed the requests for the Gallagher Bassett documents on May 12, 2026, when less than one week of discovery remained. When the documents were not immediately produced, the plaintiff, without meeting and conferring as required by Local Civil Rule 37.1, filed a motion to compel on the very last day of discovery.

The plaintiff's complaint only alleges that as to the Lafayette Costco warehouse, "a clear liquid on the floor where the petitioner fell constituted a hazardous and unsafe condition." R. Doc. 1-2 ¶ 5. Gallagher Bassett is not a party to this action. Simply, Gallagher Bassett's documents concerning the plaintiff's claim–to the extent not already cumulative of the discovery produced and or protected by the work-product privilege–are not at issue in this case, and discovery thereof is accordingly disproportionate to the needs of the case. To date, plaintiff has not articulated any way in which the Gallagher Bassett documents bear on the issues in this case as the plaintiff understands them. *See* Committee Notes on Rules—2015 Amendment. Further, the plaintiff's

dilatory conduct is not without consequence. Costco, in complying with the scheduling order, has now timely filed its motion for summary judgment. R. Doc. 32. If the court were now to allow plaintiff the disproportionate discovery she seeks, it would prejudice Costco for simply filing its timely and proper dispositive motion based upon the record at the close of discovery.

Discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978), *quoting Hickman v. Taylor*, 329 U.S. 495, 507, 67 S. Ct. 385, 91 L. Ed. 451 (1947). The Court must limit the frequency of discovery that is disproportionate under Rule 26(b). F.R.C.P. 26(b)(2)©(i)-(iii). After all, Rule 26(b) "has never been a license to engage in an unwieldy, burdensome, and speculative fishing expedition." *Crosby v. La. Health Serv. & Indem. Co*., 647 F.3d 258, 264 (5th Cir. 2011).

Accordingly, Costco hereby respectfully objects under Federal Rule of Civil Procedure 72(a) to the June 3, 2026 Order, R. Doc. 30, overruling Costco's objection to producing the Gallagher Bassett documents on the grounds of proportionality and plaintiff's failure to comply with local rules. The Order should be reversed under Rule 72(a).

### BACKGROUND

The Plaintiff's July 25, 2025 Complaint alleges that Costco's Lafayette Warehouse was somehow defective. R. Doc. 1-2 at 1. After removal, this Court entered a Scheduling Order requiring that discovery be completed by May 18, 2026. R. Doc. 19. On April 6, 2026, after the production of surveillance footage of the plaintiff's slip-and-fall accident, the plaintiff's own written report of the accident, the warehouse incident report; and the warehouse employee Dareion Marshall's written statement, plaintiff noticed the deposition of Costco's designee on 23 separate topics. R. Doc. 26-6. ECF 30 at 28-34. Five days after the deposition of Costco's designee, warehouse manager Barrera, on May 12, 2026, plaintiff demanded the production of Gallagher

3

Bassett's documents and threatened a motion to compel. R. Doc. 26-7. Costco produced additional documents the next day, but plaintiff nevertheless immediately issued a subpoena directly to Gallagher Bassett for documents concerning this incident, without providing the requisite notice to Costco prior to service as required under Rule 45(a)(4). On May 15, 2026, plaintiff demanded Costco provide the basis for its objection to producing the Gallagher Bassett documents demanded. Although the undersigned agreed to subsequently confer as required by Local Rule 37.1, R. Doc. 31-2, plaintiff immediately filed the instant motion thereafter without conferring by telephone or in person, as the rule required. R. Doc. 26.

On June 3, 2026, the Court held a status conference to discuss the motion. R. Doc. 29. During the Conference, the Court addressed the plaintiff's objection to Costco's reference to plaintiff's settlement demand in its objection to the motion to compel, Costco's objection to the production of the Gallagher Bassett documents on the basis of work-product privilege in anticipation of plaintiff's lawsuit, and plaintiff's demand for the timestamps of the video surveillance reviewed by Marshall before he provided his written statement. However, the Court did not adequately address Costco's proportionality objection, nor its objection to plaintiff's failure to meet-and-confer as required under Local Rule 37.1. The Court issued its ruling thereafter, in relevant part holding:

> The motion is denied as moot regarding Plaintiff's request for identification of a certain Costco supervisor. The motion is granted to the extent Plaintiff seeks Gallagher Bassett documents pertaining to this incident. The Court finds that the requested documents are relevant and proportional to the needs of the case. However, the Court acknowledges that certain communications and claims material may be privileged and/or work-product. Accordingly, Defendant shall produce non-privileged Gallagher Bassett documents within fourteen (14) days, along with a privilege log identifying any withheld documents.

R. Doc. 30 at 1-2.

4

**LEGAL STANDARDS**

Federal Rule of Civil Procedure 72(a) provides:

> Nondispositive Matters. When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

F.R.C.P. 72(a).

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." F.R.C.P. 26(b)(1). "A party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them." Committee Notes on Rules—2015 Amendment.

**ARGUMENT**

**I.  The Ordered Production Is Erroneously Disproportionate to the Needs of the Case**

In the plaintiff's motion to compel, she was unable to articulate "the ways in which the underlying information bears on the issues as that party understands them." R. Doc. 26; Committee Notes on Rules—2015 Amendment. On the other hand, in its objection to the motion to compel, Costco carried its burden of making a particularized showing that the discovery demands for the Gallagher Bassett documents were not proportional to the needs of the case. *See Opotowsky v.*

*Paul Revere Life Ins. Co.,* 2021 U.S. Dist. LEXIS 255825, at *6 (E.D. La. July 21, 2021) (Currault, J.) ("If a party resists discovery on the grounds of proportionality, it bears the burden of making a specific objection and showing that the discovery fails Rule 26(b)'s proportionality calculation by coming forward with specific information to address the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."), *citing Mir v. L-3 Commc'ns Integrated Sys., L.P.*, 319 F.R.D. 220, 226 (N.D. Tex. 2016). Applying these standards to the case at bar, the Order is clearly erroneous and contrary to law.

Specifically, in the plaintiff's motion to compel, she made no showing whatsoever that the demanded discovery was proportional to the needs of the case. *See* R. Doc. 26-1 at 4 (stating only that discovery must be "proportional to the needs of the case"). That is, the plaintiff did not argue that the requests were sized and shaped to the requisites of a case, or indeed "needed to prove a claim or defense" while "eliminat[ing] unnecessary or wasteful discovery." *Roberts, J.,* 2015 YEAR-END REPORT ON THE FEDERAL JUDICIARY (Dec. 31, 2015). On the other hand, in its objection to the plaintiff's motion to compel, Costco made a specific objection addressing each of the proportionality factors. *See* R. Doc. 31 at 14-18 (analysis of proportionality factors).

The Court did not address the importance of the discovery, where, as here, the plaintiff has possession of the CCTV video *of the incident itself*, incident reports, employee statement and employee and designee testimony, and warehouse policies and records. *See* R. Doc. 30 at 2. The Court did not address the amount in controversy, where the amount at issue is limited to the plaintiff's demand and discovery is complete. The Court did not address the relative access to information where the plaintiff has in her possession the correspondence with Gallagher Bassett

6

through the time of her counsel contacting Gallagher Bassett in respect of the claim in September 2024.

Critically, the Court did not address the importance of the discovery in resolving the issues in this case.  As argued in Costco's objection, the issue of Gallagher Bassett's claims handling is **not at issue in this case**, despite plaintiff's citation to authority in that line. *See* Pl.'s Mot., R. Doc. 26-1 at 7, *citing Thakore v. Shelter Mutual Insurance Co.*, 2024 WL 4393591 *1 (W.D. La. October 2, 2024) (bad faith claim against insurer); *see also Opotowsky, supra* at *6 (same); *see also Dixie Mill Supply Co., Inc. v. Continental Cas. Co.*, 168 F.R.D. 554, 559 (E.D. La. 1996) (merely alleging a bad faith claim does not automatically entitle a party to "rummage through" an insurer's claims file).

Finally, the Court did not address whether the burden and expense of the discovery outweighed its likely benefit, especially when the discovery sought is cumulative in nature. Here, plaintiff has possession of the CCTV footage showing the accident; the incident report she prepared, and the incident report of the warehouse; the statement of the warehouse employee concerning the accident; the testimony of that employee; and the testimony of the warehouse manager, Costco's corporate designee. Because the benefit of the cumulative discovery sought by plaintiff is undoubtedly minimal, the burden upon Costco to comply with still further discovery demands *after the close of discovery* far outweighs any benefit. Determining, without any analysis of these factors, that the Gallagher Bassett documents are "proportional to the needs of the case" was clearly erroneous and contrary to law. The objection should be sustained and the Order should be set aside.

## II. Plaintiff's Failure To Meet And Confer Was Contrary To Law

It is undisputed that plaintiff failed to comply with the requirements of Local Rule of Civil Procedure 37.1. It is also undisputed that the plaintiff's certification that she had in fact complied

with Local Rule of Civil Procedure 37.1 was inaccurate.

Local Rule of Civil Procedure 37.1 provides that, "A motion relative to discovery will not be accepted for filing unless accompanied by a certificate of counsel for the moving party stating that counsel have **conferred in person or by telephone for purposes of amicably resolving the issues and stating why they are unable to agree or stating that opposing counsel has refused to so confer after reasonable notice**." Local Rule 37.1. Here, plaintiff's certification is plainly deficient. It stated in full, "Pursuant to Fed. R. Civ. P. 37(a)(1), I HEREBY CERTIFY that I have in good faith attempted to obtain the discovery responses from counsel for Defendant without court action on May 12, 2026, May 14, 2026 and May 15, 2026."  Plaintiff has, by this certification, admitted to noncompliance.

The Rule further requires that "Counsel for the moving party must arrange the conference." Plaintiff's counsel made no effort to arrange the conference and in fact flouted this requirement. Counsel for Costco offered to discuss its objection further, but plaintiff simply filed the instant motion without any such discussion. R. Doc. 31-2.

For this reason alone the motion should be denied, and, indeed, Costco awarded the costs of filing the instant opposition. "If the court finds that opposing counsel has willfully refused to meet and confer, or, having met, willfully refused or failed to confer in good faith, the court may impose such sanctions as it deems proper." The objection should be sustained and the Order should be set aside.

### CONCLUSION

One central purpose of the proportionality requirement set forth in Federal Rule of Civil Procedure 26(b) is to "encourage judges to be more aggressive in identifying and discouraging discovery overuse." Advisory Committee Note to 2015 Amendment. The Court's Order directs

Costco to produce still more documents after producing the CCTV video, incident reports, warehouse records, and employee and manager testimony. The Order further requires a privilege log of documents that are clearly privileged and about which there is little dispute.  The Order expands the scope of discovery by requiring production of documents that are disproportional to the needs of this slip-and-fall case and cumulative to discovery already made – all *after the close of discovery under the Court's scheduling order*. This is clearly erroneous and contrary to law. Accordingly, the Court's Order should be reversed.

Respectfully submitted,

_____
TREVOR C. DAVIES (#32846)
MICHAEL L. BALLERO (#36793)
SHANNON O. HARRISON (#26163)
**Simon Peragine Smith & Redfearn, LLP**
1100 Poydras St., Suite 3000
New Orleans, Louisiana 70163
Telephone: (504) 569-2030
Facsimile: (504) 569-2999
trevord@spsr-law.com
michaelb@spsr-law.com
shannonh@spsr-law.com
*Attorneys for Costco Wholesale Corporation*

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the above and foregoing has been served on counsel for all parties via the Court's CM/ECF electronic filing system this Tuesday, June 16, 2026.

_____

9