**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | | |
|---|---|---|
| **VIVIAN MOREIN** | * | **CASE NO. 6:25-CV-1182** |
|    **Plaintiff** | * | |
| | * | **JUDGE HICKS, JR.** |
| **VERSUS** | * | |
| | * | **MAGISTRATE JUDGE** |
| **COSTCO WHOLESALE CORPORATION** | * | **WHITEHURST** |
|    **Defendant** | * | |
| | * | **A JURY IS DEMANDED** |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

### REPLY MEMORANDUM IN SUPPORT OF OBJECTION TO ORDER [R. DOC. 30]

Plaintiffs' response to Costco's objection under Federal Rule of Civil Procedure 72(a) and Local Rule for Magistrate Judges 72.2(a) to the June 3, 2026 Order, R. Doc. 30, overruling Costco's objection to producing the Gallagher Bassett documents on the grounds of proportionality, tellingly, does not address the issue of proportionality under Federal Rule of Civil Procedure 26. To date, Plaintiffs continue to claim that as to these documents, somehow their "request is important to resolve the issues," yet Plaintiffs still cannot "explain the ways in which the underlying information bears on the issues as that party understands them" as the Rule requires. Committee Notes on Rules—2015 Amendment. Further, plaintiffs do not dispute that she failed to meet-and-confer with Costco by telephone or in person as Local Rule 37.1 requires. The Order[1] should be reversed under Rule 72(a).

### ARGUMENT

**I. The Plaintiff's Response Does Not Establish The Requests Are Proportional**

Under Rule 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is

---

[1] Defendant respectfully notes that on June 8, 2026, it produced the timestamp information for the still images of the CCTV footage that may have been shown to Dareion Marshall.  See R.Doc. 30, p. 2.  Thus, the sole issue for this objection is the Gallagher Bassett documents.

1

relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." F.R.C.P. 26(b)(1). "A party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them." Committee Notes on Rules—2015 Amendment. Despite the six enumerated factors, the plaintiff only raises in respect of proportionality that "the amount in controversy is significant" and that as to notice and nature of alleged defect, the Gallagher Bassett documents "may therefore reveal information regarding these disputed subjects." R. Doc. 36 at ¶¶ 1-2. This does not meet the standard for proportional discovery in a case where the plaintiffs are in possession of the CCTV video before, during and after *the incident itself*, together with incident reports, employee statement and employee and designee testimony, and warehouse policies and records.

As to the amount in controversy, the plaintiffs do not dispute that here, the amount in controversy is limited to the plaintiffs' claims for injuries in this case. R. Doc. 36 ¶ 2. With discovery complete, here, the amount-in-controversy factor weighs against allowing the discovery, because Plaintiffs' request for Gallagher Bassett documents **does not relate** to the amount of damages claimed by plaintiff but rather Gallagher Bassett's alleged "lead role in the investigation."[2] *See Fractus, S.A. v. ZTE Corp.,* 2019 U.S. Dist. LEXIS 83970, at \*10 (N.D. Tex. May 14, 2019) (Kinkeade, J.) (amount in controversy factor favors discovery where requests

---

[2] R.Doc. 36, p. 2.

"directly relate to the amount of damages claimed"). The discovery is disproportional to the needs of this case.

As to the importance of the Gallagher Bassett documents in somehow resolving the issues, the plaintiffs run aground on speculation. In plaintiffs' view, because "the source of the liquid and whether Costco had notice of the spill are important issues still in dispute," the plaintiffs guess that the Gallagher Bassett documents "may therefore reveal information regarding these destitute subjects." R. Doc. 36 ¶ 2. In so speculating, it bears emphasis that plaintiffs fail to explain in what possible way that documents from Gallagher Bassett–a non-party to this action, with no percipient knowledge of any of the events alleged– could establish the source of an alleged defect in the Costco warehouse and whether Costco had notice.

This is especially so when plaintiffs have possession of the surveillance video showing the events before, during, and after the accident, the employee statement, the incident reports, the employee and designee testimony, and the warehouse records. Plaintiffs' own arguments underline this point: as plaintiffs noted in support of her motion to compel, citing in the testimony of Costco's designee, these were the very records that were provided to Gallagher Bassett by Costco. R. Doc. 26-1 at 6-7; *see also* R. Doc. 26-3 at 88 (employee statement), 109 (incident reports, surveillance footage, floor walks, witness statements). Further, plaintiff's' citation to *Beal v. Treasure Chest Casino, L.L.C.*, 1999 U.S. Dist. LEXIS 10275, at *3 (E.D. La. June 30, 1999) (Roby, J.), a case in which she admits proportionality was notably not at issue, continues their pattern of citing cases where claims handling issues were actually important to resolving an issue in the case. *See* R. Doc. 36 n. 2, *citing Beal v. Treasure Chest Casino, L.L.C.*, 1999 U.S. Dist. LEXIS 10275, at *3 (E.D. La. June 30, 1999) (Roby, J.). In *Beal,* claims handling documents were sought by the employment discrimination plaintiff "because it might disclose a pattern or practice by the Casino interests of

discriminating against other employees, like him, who exceeded the maximum annual payout on health care benefits." *Beal,* 1999 U.S. Dist. LEXIS 10275, at *3. There is no allegation about claims handling in this case, so there is no importance of the claims handling documents.[3]

Plaintiff's' remaining arguments do not address the issues under the proportionality analysis. Plaintiff's' insist their request for supplementation in respect of the Gallagher Basssett documents was timely made, which Costco never disputed, but neglects to address the fact that her request was made only 6 days before the discovery deadline. R. Doc. 36 ¶ 1. Plaintiff also does not address the fact that Gallagher Bassett's role as a claims administrator in this case was known to her shortly after in the incident in August 2025 (*see* R. Doc. 36 ¶3 noting "[t]he fact that the plaintiffs were engaged in settlement negotiations with Gallagher Bassett back in 2025"), or that she represented the opposite in her moving papers (*see* R.Doc. 26-1 " Barrera disclosed for the first time that Gallagher Bassett Services, Inc. ("Gallagher Bassett") served as the third-party claims administrator").

Finally, concerning whether a work-product privilege log was required, R.Doc. 36 at ¶ 2, plaintiff misses the mark: the objection to the motion to compel and to the Order both argued principally that the discovery demands are plainly outside the scope of proportionality as set forth in Rule 26(b)(1), but further argued that even if somehow the requests were proportional, they are designed to invade the work product privilege for documents produced in anticipation of litigation. This was because the plaintiffs had possession of her own correspondence with Gallagher Bassett from the date of the incident through the date on which her employer and attorneys sent a letter of

---

[3] Plaintiff previously cited to cases involving claims handling in her motion. *See* Mot., R. Doc. 26-1 at 7, *citing Thakore v. Shelter Mutual Insurance Co.*, 2024 WL 4393591 *1 (W.D. La. October 2, 2024) (bad faith claim against insurer); *see also Opotowsky, supra* at *6 (same); *see also Dixie Mill Supply Co., Inc. v. Continental Cas. Co.*, 168 F.R.D. 554, 559 (E.D. La. 1996) (merely alleging a bad faith claim does not automatically entitle a party to "rummage through" an insurer's claims file).

4

representation to Gallagher Bassett on September 19, 2024, together with all the materials provided by Costco including the surveillance footage, reports, statements, and records.

**II. The Plaintiff Admits She Failed To Comply And Only Met the "Spirit of LR 37.1"**

The Plaintiffs do not dispute that they did not even attempt to have "conferred in person or by telephone for purposes of amicably resolving the issues" or that they failed to certify "why they are unable to agree or stating that opposing counsel has refused to so confer after reasonable notice." Local Rule 37.1. Plaintiffs do not dispute that they failed to "arrange the conference" as the Rule requires of the movant. Instead, she argues that (at best) "the spirit of LR 37.1 was met." R. Doc. 36 ¶ 4. However, in this District, Courts have "denied discovery motions for failure to comply with this local rule and observed that a mere exchange of letters is insufficient. *Nolley v. Brookshire Grocery Co*., 2025 LX 156010, at \*2-3 (W.D. La. Apr. 24, 2025), citing *Johnson v. Coca-Cola Enterprises, Inc*., 2006 U.S. Dist. LEXIS 40897, 2006 WL 1581218 (W.D. La. 2006); *Patton v. United Prop. & Cas. Ins. Co*., 2022 U.S. Dist. LEXIS 157879, at \*1 n.2 (W.D. La. Aug. 31, 2022) (denying motion where counsel "indicates that Plaintiff's counsel's staff communicated via emails, but that an in-person or telephonic conference was not held by the parties' counsel."); *see also Pappion v. Phillips 66 Co.,* 2023 LX 31192, at \*7 (W.D. La. Aug. 23, 2023) (Kay, J.) (denying motion to compel where plaintiff failed to confer, then "gave vague information about what defense counsel could do to resolve this issue, and she did not engage in genuine, two-way communication with defense counsel in an attempt to avoid judicial recourse."). Plaintiffs cannot satisfy the Rule by merely sending an email then immediately seeking redress from the Court.

Indeed, Plaintiffs' counsel made no effort to arrange the Rule 37.1. conference and in fact flouted this requirement. Counsel for Costco offered to discuss its objection further ("I am on the road most of this week but will get back to you," R.Doc. 31-2 at 1) , but plaintiffs filed the instant motion without any such discussion. R. Doc. 31-2. For this reason alone the motion should have

been denied, and Costco awarded the costs of filing its opposition thereto. "If the court finds that opposing counsel has willfully refused to meet and confer, or, having met, willfully refused or failed to confer in good faith, the court may impose such sanctions as it deems proper." L.R. 37.1 The Order should be set aside.

### CONCLUSION

The plaintiffs' response makes patent that the requested Gallagher Bassett documents are disproportional to the needs of this slip and fall case that was memorialized by video, statements, incident reports, and sworn testimony. Indeed, Plaintiffs still cannot articulate how such documents will resolve any issue in this case. Instead, Plaintiffs hastily brought forth the motion to compel in without conferring violation of Local Rule 37.1. The resulting Order is clearly erroneous and contrary to law. Accordingly, the Court's Order should be reversed.

Respectfully submitted,

*/s/ Michael L. Ballero*
TREVOR C. DAVIES (#32846)
MICHAEL L. BALLERO (#36793)
SHANNON O. HARRISON (#26163)
**Simon Peragine Smith & Redfearn, LLP**
1100 Poydras St., Suite 3000
New Orleans, Louisiana 70163
Telephone: (504) 569-2030
Facsimile: (504) 569-2999
trevord@spsr-law.com
michaelb@spsr-law.com
shannonh@spsr-law.com
***Attorneys for Costco Wholesale Corporation***

### CERTIFICATE OF SERVICE

I do hereby certify that a copy of the above and foregoing has been served on counsel for all parties via the Court's CM/ECF electronic filing system this Tuesday, June 30, 26.

*/s/ Michael L. Ballero*

6