**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

VIVIAN MOREIN                           CIVIL ACTION NO. 25-1182

VERSUS                                  JUDGE S. MAURICE HICKS, JR.

COSTCO WHOLESALE CORP                    MAGISTRATE JUDGE WHITEHURST

**MEMORANDUM RULING**

Before the Court is Defendant Costco Wholesale Corporation's ("Costco") appeal from Magistrate Judge Whitehurst's June 3, 2026, Order (Record Document 30) granting in part Plaintiff Vivian Morein's ("Morein") Motion to Compel (Record Document 26). For the reasons set forth below, the appeal from Magistrate Judge Whitehurst's decision is **DENIED**.

**FACTUAL BACKGROUND**

This action arises from an alleged slip-and-fall at a Costco store. See Record Document 24 at 2. During discovery, Morein sought production of documents relating to Costco's third-party claims administrator, Gallagher Bassett, including communications and investigative materials concerning the incident. See Record Document 26. Magistrate Judge Whitehurst granted Morein's motion in part, concluding that the requested Gallagher Bassett documents were relevant and proportional to the needs of the case, while recognizing that privileged communications and work product remained protected. See Record Document 30. Accordingly, she ordered Costco to produce nonprivileged Gallagher Bassett documents and a privilege log identifying any withheld materials. See id.

Costco now appeals pursuant to Federal Rule of Civil Procedure 72(a), arguing that Magistrate Judge Whitehurst erred because the requested discovery is neither

relevant nor proportional under Rule 26(b)(1) and Morein failed to comply with Local Rule 37.1's meet-and-confer requirement before filing their motion to compel.

## LAW AND ANALYSIS

### I.    Costco's Appeal from the Magistrate Judge's Decision

Rule 72(a) of the Federal Rules of Civil Procedure governs the review of magistrate judge orders by district court judges. Rule 72(a) provides in pertinent part that "[a] party may serve and file objections to the order within 14 days after being served with a copy. … The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). A pretrial discovery motion is non-dispositive and is subject to a "clearly erroneous or contrary to law" standard of review by the district court. Castillo v. Frank, 70 F.3d 382, 385 (5th Cir.1995). This standard requires a district court to affirm the decision of the magistrate judge "unless, based on all of the evidence, the court is left with a definite and firm conviction that the magistrate judge made a mistake." Douga v. D & Boat Rentals, Inc., 2007 WL 1428678, at *2 (W.D. La. May 10, 2007) (citing Moody v. Callon Petroleum Operating Co., 37 F.Supp.2d 805, 807 (E.D.La.1999)).

Costco has failed to demonstrate that Magistrate Judge Whitehurst's discovery ruling is clearly erroneous or contrary to law. The magistrate judge has broad discretion over discovery matters, and the record reflects that Judge Whitehurst carefully considered the parties' positions before issuing her ruling. In addition to reviewing the parties' written submissions, Judge Whitehurst conducted a telephone conference with counsel on June 3, 2026, before entering her Order. See Record Document 29. After considering the parties' arguments, she concluded that Gallagher Bassett documents pertaining to the

2

incident were relevant and proportional to the needs of the case, while expressly recognizing that privileged communications and work product remained protected. See Record Document 30.

Costco's appeal primarily asks this Court to reweigh the relevance and proportionality determinations already made by the magistrate judge. Rule 72(a), however, does not permit the Court to substitute its judgment merely because it may have reached a different conclusion. Rather, Costco bears the burden of demonstrating that Judge Whitehurst's ruling was clearly erroneous or contrary to law. Costco has not met that high burden.

Likewise, Costco has not shown that Judge Whitehurst clearly erred by reaching the merits of the discovery dispute despite Costco's argument that Morein failed to satisfy Local Rule 37.1. Judge Whitehurst was within her discretion to determine that the dispute was ripe for resolution. Absent a clear error, this Court will not disturb that determination. Accordingly, Costco's appeal from Magistrate Judge Whitehurst's June 3, 2026, Order (Record Document 30) is **DENIED**.

## II.    Motion for Summary Judgment

Because the Court has affirmed Magistrate Judge Whitehurst's Order requiring Costco to produce additional nonprivileged Gallagher Bassett documents and a privilege log, the Court concludes that consideration of Costco's Motion for Summary Judgment (Record Document 32) is premature. The Court declines to evaluate the merits of Costco's Motion before Morein has had the benefit of the discovery to which she is entitled. Accordingly, Costco's Motion for Summary Judgment (Record Document 32) will remain pending until after compliance with the discovery order.

**CONCLUSION**

Based on the reasons explained above, Costco's appeal of the Magistrate Judge's decision (Record Document 34) is **DENIED**. Costco shall comply with Magistrate Judge Whitehurst's Order (Record Document 30) within fourteen (14) days of this Ruling. Morein shall have fourteen (14) days from the date of Costco's compliance with Magistrate Judge Whitehurst's Order (Record Document 30) to file a supplemental opposition to Costco's Motion for Summary Judgment (Record Document 32). Costco shall have seven (7) days from Morein's supplemental opposition to file a reply.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 13th day of July, 2026.

JUDGE S. MAURICE HICKS, JR.
UNITED STATES DISTRICT COURT