**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAFAYETTE DIVISION**

| | | |
|---|---|---|
| VIVIAN MOREIN | * | **CASE NO. 6:25-CV-1182** |
|    **Plaintiff** | * | |
| | * | **JUDGE HICKS, JR.** |
| **VERSUS** | * | |
| | * | **MAGISTRATE JUDGE** |
| **COSTCO WHOLESALE CORPORATION** | * | **WHITEHURST** |
|    **Defendant** | * | |
| | * | **A JURY IS DEMANDED** |

* * * * * * * * * * * * * * * * * * * * * * * * * *

**DEFENDANT'S LIMITED OPPOSITION TO PLAINTIFFS'**
**MOTION TO WITHDRAW SUBPOENA REQUEST**

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Costco Wholesale

Corporation ("Costco"), who respectfully submits the following Limited Opposition to Plaintiffs'

Motion to Withdraw Subpoena Request.

Costco does not oppose Plaintiffs' withdrawal of the subpoena request, **provided that** the

Court issue an order precluding Plaintiffs from re-issuing any subsequent subpoenas to Gallagher

Bassett for two reasons. First, discovery is now closed in this matter and has been since May 18,

2026. [R. Doc. 19]. Second, Costco understands that Gallagher Bassett has incurred significant

costs in opposing the subpoena, including costs associated with the filing of a Motion to Quash in

the Northern District of Illinois; as Plaintiffs' conceded in the status conference with the Court,

Whitehurst, J., on June 3, 2026, the matter of the subpoena is not properly before this Court. [R.

Doc. 29]. Allowing Plaintiffs the opportunity to withdraw the subpoena and then simply re-issue

it would put the parties back in the present situation. This would constitute vexatious and harassing

gamesmanship and would result in the exhaustion of additional resources and costs for Gallagher

Bassett in violation of Rule 45(d)(1). Costco defers to Gallagher Bassett regarding any costs or fees it may seek to recover related to the subpoena.

It bears emphasis that Costco specifically requested that Plaintiffs provide assurance that it did not intend to re-issue any subpoena, but Plaintiffs refused to provide such assurance prior to the filing of their motion, stating only that the instant subpoena would be withdrawn. *See* Ex. A at 3 ("is the intent for plaintiffs to reissue the subpoena for some forum shopping? Or are plaintiffs releasing Gallagher Bassett from any subpoena?"; "We are releasing Gallagher Bassett from the subpoena."). Therefore, Costco respectfully requests that any withdrawal of Plaintiffs' subpoena request be accompanied with an order precluding any additional subpoenas to Gallagher Bassett related to this matter.

Respectfully submitted,

 /s/ Michael L. Ballero
TREVOR C. DAVIES (#32846)
MICHAEL L. BALLERO (#36793)
SHANNON O. HARRISON (#26163)
**Simon Peragine Smith & Redfearn, LLP**
1100 Poydras St., Suite 3000
New Orleans, Louisiana 70163
Telephone: (504) 569-2030
Facsimile: (504) 569-2999
trevord@spsr-law.com
michaelb@spsr-law.com
shannonh@spsr-law.com
***Attorneys for Costco Wholesale Corporation***

**<u>CERTIFICATE OF SERVICE</u>**

I do hereby certify that a copy of the above and foregoing has been served on counsel for all parties via the Court's CM/ECF electronic filing system this 3rd day of August, 2026.

 /s/ Michael L. Ballero