**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **VIVIAN MOREIN** | **CASE NO. 6:25-CV-01182** |
| **VERSUS** | **JUDGE S. MAURICE HICKS, JR.** |
| **COSTCO WHOLESALE CORP** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## MEMORANDUM ORDER

Before the Court is Plaintiff's Supplemental Motion to Compel. (Rec. Doc. 63). Defendant opposed the motion. (Rec. Doc. 61). The Court ordered Defendant to produce withheld documents. (Rec. Doc. 62). Defendant timely provided the withheld documents to the Court for "in camera" review in reference to its previously produced privilege log. (Rec. Doc. 53-1).

"A party asserting a privilege exemption from discovery bears the burden of demonstrating its applicability." *In re Santa Fe Int'l Corp.,* 272 F.3d 705, 710 (5th Cir. 2001). Defendant withheld documents pertaining to Gallagher Bassett, Defendant's third-party claims administrator, on the grounds of relevance and work-product.

### I. Relevance Objection

F.R.C.P. Rule 26(b)(5) provides that when a party withholds information otherwise discoverable by claiming that the information is privileged or subject to

protection as trial-preparation material, the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

"Redactions based on relevance are not invocations of privilege that must be specified on a privilege log. A privilege log is required only when a party seeks to withhold from production a relevant document." *Goodyear Tire & Rubber Co. v. CEVA Logistics Singapore, Ltd.,* 348 F.R.D. 54, 82–83 (E.D. La. 2024), *review denied sub nom. Goodyear Tire & Rubber Co. v. CEVA Logistics Singapore Pte Ltd*, No. CV 22-4561, 2024 WL 5086077 (E.D. La. Dec. 12, 2024). Nevertheless, the Court has already held the requested Gallagher Bassett documents are relevant and proportional to the needs of the case. (Rec. Doc. 30; 44; 45). Defendant's objection to relevance is again overruled.

## II. <u>Work Product</u>

Rule 26 (b)(3)(A) provides the framework for application of the work-product doctrine:

> Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:

(i) they are otherwise discoverable under Rule 26(b)(1); and

(ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

"The burden of establishing that a document is work product is on the party who asserts the claim, but the burden of showing that the materials that constitute work product should nonetheless be disclosed is on the party who seeks their production." *Hodges, Grant & Kaufmann v. U.S. Gov't, Dep't of the Treasury, I.R.S.,* 768 F.2d 719, 721 (5th Cir. 1985).

The protection from disclosure envisioned by Rule 26(b)(3), referred to as the work-product doctrine, "can apply where litigation is not imminent, 'as long as the primary motivating purpose behind the creation of the document was to aid in possible future litigation.'" *In re Kaiser Aluminum & Chem. Co.,* 214 F.3d 586, 593 (5th Cir. 2000), citing *United States v. El Paso Co.,* 682 F.2d 530, 542 (5th Cir.1982).

The court's threshold determination is whether the documents sought to be protected were, in fact, prepared in anticipation of litigation or whether they were prepared in the ordinary course of business. *El Paso Co*., 682 F.2d at 542. Under Fifth Circuit jurisprudence, a document is prepared in anticipation of litigation "as long as the primary motivating purpose behind the creation of the document was to aid in possible future litigation." *Id.*; *United States v. Davis,* 636 F.2d 1028, 1039

(5th Cir.1981). In determining the primary motivation for the creation of a document, courts look to various factors, including, "the retention of counsel and his involvement in the generation of the document and whether it was a routine practice to prepare that type of document or whether the document was instead prepared in response to a particular circumstance." *Carroll v. Praxair, Inc.,* No. 2:05CV00307, 2006 WL 1793656, at *2 (W.D. La. June 28, 2006), citing *Electronic Data Systems Corporation v. Steingraber,* 2003 WL 21653414, *5 (E.D.Tex.2003), citing *Piatkowski v. Abdon Callais Offshore, LLC,* 2000 WL 1145825, *2 (E.D.La.2000). The involvement of an attorney is not dispositive of the "in anticipation of litigation" issue, but it is a highly relevant factor. *Hercules Liftboat Co. v. Rice,* No. 6:11-CV-02111, 2012 WL 4483557, at *1 (W.D. La. Sept. 26, 2012); *Fieldwood Energy, L.L.C. v. Diamond Servs. Corp.,* No. CIV.A. 14-650, 2015 WL 1415501, at *2 (E.D. La. Mar. 27, 2015).

A division of this Court previously recognized that an insurance adjuster's claims file, analogous to the withheld documents in this case, is not automatically shielded by the work-product doctrine, but, rather, may constitute information prepared in the ordinary course of the insurance adjusting business:

> Numerous courts have noted the difficulty of determining the scope of work product privilege as it applies to insurance claims files or records from an insurer's investigation of an insured's claim. Because an insurer's business is to investigate claims that may or may not result in litigation, application of the work product privilege to insurance claims investigations has been frequently litigated. Courts

> have routinely recognized that the investigation and evaluation of claims is part of the regular, ordinary, and principal business of insurance companies. Thus, even though litigation is pending or may eventually ensue does not cloak such routinely generated documents with work product protection.

*Douga v. D & Boat Rentals, Inc.*, No. CIV A 04-1642, 2007 WL 1428678, at *4 (W.D. La. May 10, 2007) (cleaned up).

"[C]ourts routinely find claims adjuster notes are subject to disclosure absent specific evidence that the notes were specifically to aid in future litigation." *Thakore v. Shelter Mut. Ins. Co.,* No. 6:23-CV-01108, 2024 WL 4393591, at *3 (W.D. La. Oct. 2, 2024) (citing cases). *Douga* provided further helpful analysis for evaluation of insurance-created documents:

> Noting a decision from the Seventh Circuit Court of Appeals, *Logan v. Commercial Union Ins. Co.*, 96 F.3d 971, 976–77 (7th Cir.1996), which looked to a document's factual context when determining whether it could fairly be said to have been prepared in prospect of litigation, an Eastern District of Louisiana court indicated "[f]actors that courts rely on to determine the primary motivation for the creation of a document include the retention of counsel and his involvement in the generation of the document and whether it was a routine practice to prepare that type of document or whether the document was instead prepared in response to a particular circumstance." *Gator Marshbuggy Excavator L.L.C. v. M/V Rambler*, 2004 WL 1822843, *3 (E.D.La. Aug. 12, 2004) (Mag. J. Wilkinson). The court continued that, "[i]f the document would have been created regardless of whether litigation was also expected to ensue, the document is deemed to be created in the ordinary course of business and not in anticipation of litigation." *Id.*
> *Douga*, 2007 WL 1428678, at *5.

The inquiry, then, is whether a particular document was created specifically to aid in future litigation or, rather, would have been created regardless of future litigation. *Teng v. Safeworx Safety Sols.,* No. 6:26-MC-00016, 2026 WL 916711, at *3 (W.D. La. Mar. 31, 2026).

The incident in this suit occurred on July 28, 2024. Having reviewed the 56 pages of documents submitted for "in camera" review, the Court finds that, based on the evidence submitted, litigation was anticipated by June 23, 2025. Thus, any information prior to that time is subject to production, absent other evidence indicating a specific anticipation of litigation. Specifically, the Court finds as follows:

- 0119-121: Defendant stated in counsel's email attaching the documents for review that documents 0120 and 121 were previously produced in discovery responses but are included among the withheld documents as attachments to withheld emails. The August 2, 2024 fill-in-the-blank accident report form appears to have been prepared pursuant to standard investigation procedures and was properly produced.

- 0122-125: August 5-7, 2024 email correspondence between Greg Souza, a Costco assistant warehouse manager, and Gallagher Bassett representatives regarding exchange of incident materials, such as video surveillance. Defendant presents no evidence of attorney involvement or that the information was exchanged for any reason other than in the ordinary course of investigating/adjusting claims.

- 0126: August 6, 2025 email correspondence from Costco Warehouse Manager Misty Barrera to Nak-He Evans of Costco Wholesale (position unstated) advising that Plaintiff had representation and would likely go to federal court. This email satisfies the anticipation of litigation threshold and need not be produced.

- 127-129 and 166: June 23, 2025, 12:08 p.m. email correspondence (forwarded in the August 6, 2025 email to Nak-He Evan at 0126) from Costco Warehouse Manager Misty Barrera to a Gallagher Bassett representative regarding facts of incident and video surveillance. Defendant presents no evidence of attorney involvement or that the information was exchanged for any reason other than in the ordinary course of investigating/adjusting the claim.

- 0130-132: June 23, 2025, 1:14 p.m. email correspondence from Kyle Felix, Gallagher Bassett senior resolution manager, to unidentified Costco individuals discussing liability based on his investigation in reference to Plaintiff's demand. The email contains mental impressions of liability[1] and triggers the conversion from ordinary investigating/adjusting practice to anticipation of litigation and need not be produced.

- 133: Defendant stated in counsel's email attaching documents for the Court's review that the July 23, 2025 handwritten statement of Dareion Marshall was previously produced.

- 134-65: Post-June 23, 2025 email correspondence regarding Plaintiff's demand and assignment to litigation team, including discussions of liability. It need not be produced as mental impressions and/or prepared in anticipation of litigation.

- 167-68: Duplicate/forwarded August 2, 2024 email correspondence transmitting video surveillance should be produced as created pursuant to ordinary investigating/adjusting practices.

- 169-170: August 20, 2025 email correspondence between Costco and Gallagher Bassett representatives need not be produced as mental impressions and/or prepared in anticipation of litigation.

- 171-174: July 10, 2025 email correspondence between employee Dareion Mars and Assistant Warehouse Manager Cory Parker regarding facts of the incident. Because this correspondence occurred after the June 23, 2025 trigger for anticipated litigation, it need not be produced.

---

[1] F.R.C.P. Rule 26(b)(3)(B) protects mental impressions of a party's attorney or other representative.

Accordingly,

IT IS ORDERED that Plaintiff's Supplemental Motion to Compel (Rec. Doc. 63) is GRANTED IN PART AND DENIED IN PART. Defendant shall produce the following documents within seven (7) days of this order: Costco – 0119 through 0125; 0127 through 0129; 0133; and 0166 through 0168. The motion is otherwise denied.

Signed at Lafayette, Louisiana on this 8th day of September, 2026.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE