**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | | |
|---|---|---|
| **VIVIAN MOREIN AND MICHAEL MOREIN** | **:** | **CIVIL ACTION NO. 6:25-cv-01182** |
| **VS.** | **:** | **DISTRICT JUDGE S. MAURICE HICKS, JR.** |
| **COSTCO WHOLESALE CORP.** | **:** | **MAGISTRATE JUDGE WHITEHURST** |

---

**JOINT PRETRIAL ORDER**

| | |
|---|---|
| Trial Date: | November 2, 2026 |
| Pretrial Conference Date: | October 13, 2026 at 11:00 a.m. |
| Type of Trial: | JURY |
| Estimated Length of Trial: | Four (4) days |

| Trial Attorney Attending: | Party/Claim Represented: |
|---|---|
| Peyton F. Pawlicki | Vivian and Michael Morein |
| Jere Jay Bice | Vivian and Michael Morein |
| Katherine B. Remy | Vivian and Michael Morein |
| Trevor C. Davies | Costco Wholesale Corporation |

**1. Jurisdictional Basis**

This court has diversity jurisdiction pursuant to 28 U.S.C. 1332. Plaintiffs, Vivian Morein and Michael Morein, and Defendant, Costco Wholesale Corporation, are completely diverse. Further, the parties agree that Plaintiffs are seeking damages in excess of $75,000, exclusive of interest and costs.

**2. Claims and Responses**

**A. Plaintiffs:**

On July 28, 2024, Plaintiff Vivian Morein ("Mrs. Morein") visited Costco Warehouse No.

1201 in Lafayette, Louisiana, with her husband (and Plaintiff) Michael Morein ("Mr. Morein"), and granddaughter, Isabella Tilley. Before shopping, the family stopped at Costco's food court for lunch. While Mr. Morein and Ms. Tilley obtained the family's food and drinks, Mrs. Morein located an available picnic-style table near the soda machine in the food court. As Mrs. Morein returned from a nearby trash can to take her seat, at approximately 1:28:55 p.m., she suddenly and without warning slipped on a liquid substance located on the hard concrete floor immediately adjacent to the table and fell.

The surveillance footage depicts Mrs. Morein instinctively reaching for the table with her left arm in an unsuccessful attempt to arrest her fall. After falling, Mrs. Morein's right hand comes into contact with the floor. Mrs. Morein testified that she felt the substance with her hand, that it was "definitely a liquid," that it "felt wet," and that the spill was approximately a "5-inch puddle." After getting up from the floor, Mrs. Morein sits at the table and can be seen clutching her left shoulder while waiting for her family to return with their food. The liquid was later identified in a written incident report statement as soda by Costco Member Services employee, Dareion Marshall.[1] Mr. Marshall was the Costco employee who cleaned up the spill after Mrs. Morein fell.

As a result of the fall, Mrs. Morein completed a tear of the supraspinatus tendon (rotator cuff) in her left shoulder, suffered new tears of the infraspinatus and teres tendons also in her left shoulder, as well as a torn left bicep tendon. Mrs. Morein's treating orthopedic surgeon, Dr. Brett Cascio, relates all four tears to the July 28, 2024 fall. Dr. Cascio replaced Dr. Hinton as Mrs. Morein's treating physician back in March of 2026 after Dr. Hinton retired from practice. But before his retirement, Dr. Hinton performed a left rotator cuff repair surgery on September 5, 2024,

[1] Mr. Marshall was acting in the course and scope of his employment with Costco in connection with the matters at issue. Plaintiffs therefore contend that his knowledge and conduct are attributable to Costco and that Costco is responsible for the acts and omissions of its employees under the principles of respondeat superior.

shortly after the fall occurred. Dr. Cascio opined that even though this procedure was medically necessary and proper, the repair ultimately failed as the rotator cuff tear was too large. He has since recommended a left shoulder ATS surgery with possible inspace implant which Mrs. Morein will likely have in two years after she retires. After that, she will more likely than not need a total shoulder replacement surgery in 5+ years after the rotator cuff surgery.

A merchant has a duty to its patrons to exercise reasonable care to keep its aisles, passageways, and floors in a reasonably safe condition, including making reasonable efforts to keep the premises free of hazardous conditions that reasonably might cause injury. La. R.S. § 9:2800.6(A). To recover for a fall caused by a condition on a merchant's premises, a claimant must prove that: (1) the condition presented an unreasonable risk of harm that was reasonably foreseeable; (2) the merchant created or had actual or constructive notice of the condition before the occurrence; and (3) the merchant failed to exercise reasonable care. La. R.S. § 9:2800.6(B).

Plaintiffs contend that each of these elements is satisfied.

Costco produced a 1-hour surveillance video that captured Mrs. Morein's fall in its entirety. (Even though Costco's internal policies require that it retain 2 hours of surveillance surrounding an incident, only 1 hour was produced to Plaintiffs.) The recording begins at approximately 12:56:21 p.m. At approximately 1:28:55 p.m., Mrs. Morein slips and falls.

The video makes clear that Mrs. Morein did not cause or contribute to her injuries in any way. At no point is she seen carrying (or dropping) any liquids, drinks, or greasy foods in the area where she fell; she was merely pushing an empty shopping cart.

But what the video does show is ***dozens*** of food court patrons walking through the immediate area where Mrs. Morein fell with full drinks, ice and other food items in just 32 minutes right before the fall. While the video depicts no acute spill incident per se, it does show that this is

an extremely high-trafficked area with a high likelihood for spills, leaks, dropped food and other debris, all which pose a foreseeable trip/slip hazard. Costco's corporate representative, Misty Barrera, confirmed that this was a "common" area for spills and noted that supervisors are supposed to keep their "heads on a swivel" for such hazards. Employees are also trained to spot and clean up spills during their hourly "floor walks." Costco has a policy that requires an employee who discovers a spill not to leave the site, radio in the spill with their walkie-talkie, or at least mark it with a warning device before leaving to get cleaning supplies. Costco clearly failed to exercise reasonable care in this regard, as it is undisputed that Mrs. Morein fell in a puddle of liquid that Costco itself has identified as a soda from the food court.

In short, Costco owned and/or operated Warehouse No. 1201 and had custody and control of the food court premises, including responsibility for the maintenance, inspection, monitoring, and condition of the food court floor. Plaintiffs contend that the liquid substance constituted a hazardous and unsafe condition that presented an unreasonable and foreseeable risk of harm to Costco patrons, including Mrs. Morein.

Under Louisiana's Merchant Liability Act, a plaintiff asserting a slip-and-fall claim must establish, among other things, that the merchant either created or had actual or constructive notice of the condition that caused the damage prior to the accident.[2]

Plaintiffs contend that Costco, through its employee Darieon Marshall, had actual notice of the liquid substance before Mrs. Morein's fall. Ms. Tilley testified that after advising Mr. Marshall that her grandmother had fallen, Mr. Marshall told her he was "headed to go get a mop," that he "had known about it," and that he "had seen it," referring to the soda puddle on the floor. Plaintiffs contend that this testimony constitutes direct evidence that a Costco employee had

[2] La. Rev. Stat. § 9:2800.6(B)(2).

knowledge of the hazardous condition before Mrs. Morein's fall.

The surveillance footage provides additional circumstantial evidence corroborating Mr. Marshall's prior actual knowledge. Although Ms. Tilley testified that she told Mr. Marshall the spill was "by our table," the footage does not show any member of the Morein family pointing or directing him to the exact spot where Mrs. Morein fell. Yet, Mr. Marshall hones in on the precise spot where she slipped, places his rag on that spot and immediately begins cleaning. He does not hesitate, search the area, or inspect the floor to locate the spill. He already knew exactly where to go. Plaintiffs contend that Mr. Marshall's conduct, considered together with his statement that he had already "known about it" and "had seen it," demonstrates that Costco had actual notice of the hazardous condition before Mrs. Morein fell.

Costco also had constructive notice of the hazardous condition. Constructive notice exists when "the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care."[3] Plaintiffs contend that the soda was on the floor for at least 33 minutes before the fall. There is no ambiguity in the video in this narrow instance because Mr. Marshall identified the hazard—a Costco member spilling soda from the soda fountain in the general area Mrs. Morein fell. The video depicts no such event. Accordingly, it is completely reasonable to infer based on the absence of an acute spill event in the surveillance footage that the spill event occurred sometime prior to 12:56 p.m. on July 28, 2024. 33 minutes is a sufficient period of time to expect the spill to have been discovered if Costco had exercised reasonable care under the circumstances, especially in such a hazard-prone area such as the food court.

Mrs. Morein sustained extensive injuries as a result of this incident that will continue to

[3] La. Rev. Stat. § 9:2800.6(C)(1).

impact her life in the future. Accordingly, Mrs. Morein seeks to recover from defendant past and future physical and mental pain and suffering, past and future physical disability, and past and future damages for loss of life's enjoyment. Mr. Morein seeks to recover loss of consortium damages for the loss of services, love and affection, etc. he sustained as result of wife's injuries.

Mrs. Morein also seeks to recover special damages in the form of past and future medical bills and expenses for treatment related to this incident. Plaintiffs anticipate that the Court may require that any future medical expenses, to the extent awarded, be discounted to their present value. Importantly, an expert economist is not required to perform such calculations. *Edwards v. Permobil, Inc*., 2013 WL 12230886, at *1 (E.D. La. Aug. 12, 2013) (Vance, J.) (*citing Bonura v. Sea Land Service, Inc*., 505 F.2d 665, 669 (5th Cir. 1974)) ("Further, "[w]hile future damages must be discounted to present value, *Culver v. Slater Boat Co*. (Culver II), 722 F.2d 114, 122 (5th Cir. 1983), an economic expert is not an absolute prerequisite to recover future damages."). To the extent future medicals are awarded, they can be discounted by the jury (*e.g. Bonura v. Sea Land Service, Inc*., 505 F.2d 665, 669 (5th Cir. 1974) aligning the Fifth Circuit with the majority of circuits that have "presumed that jurors are capable enough and aware enough of modern economics to be able to reduce gross loss to present value intelligently once they have been instructed to perform this function") or by the judge after trial (see e.g. *Grab v. Traylor Bros*., 2011 WL 4550199, at *8 (E.D. La. Sept. 29, 2011), *aff'd sub nom. Grab v. Boh Bros. Const. Co*., 506 F. App'x 271 (5th Cir. 2013). If the trier of fact is presented with sufficient evidence to discount any future damages, an expert is not necessary. *Barocco ex rel. Barocco v. Ennis Inc. of Colo*., 2003 WL 21406179, at *5 (E.D. La. June 16, 2003)) (plaintiff provided jury with plaintiff's age, income, work expectancy, life expectancy as well as the Consumer Price Index and treasury bill rates).

Mrs. Morein is not making a wage loss claim, a future wage loss claim, or loss of earning

capacity claim. Nor is she seeking costs for future medical treatment over her remaining lifespan (i.e. steroid injections once a year for the rest of her life.) Accordingly, the only information needed to calculate the present value of any future medical expenses is:

- The Consumer Price Indices for All Urban Consumers (CPI-U) which give the values used to calculate the inflation/growth rate for specific categories of medical care services;
- The inflation/growth rate for medical care services;
- The U.S. Treasury interest rates which are used to calculate the discount rate from the U.S. Federal Reserve online data download platform;
- The discount rate; and
- The formula needed to discount the current value of future medical expenses to present value: **PV= ($D_o$ x (1 + Med. Infl. Rate$^t$)/ (1+ Disc. Rate)$^t$ (where t= time of procedure and $D_o$ is the estimated current cost of the procedure).**

Plaintiffs propose using a discount rate of **5.2%** which is the interest rate of U.S. 20-year and 30-year Treasury Bonds for the month of August 2026. Importantly, this is the highest reported rate in the past 15 years and would result in a significant benefit to the defendant should Mrs. Morein be awarded future medical expenses.

As for the medical inflation rate, Plaintiffs propose a rate of **1.6% for "physician services," a 1.5% rate for "services by other medical professionals," a 2.1% rate for "prescription drugs," and a 3.9% rate for "outpatient hospital services."** These rates have already been accepted by the United States District Court for the Western District of Louisiana, Lake Charles Division, just this year. *See Collins v. Clear Spring & Cas*. Co, 2026 WL 2477515, at *2 (W.D. La. Aug. 24, 2026). Dr. Daniel Groft, an expert economist, issued a report on behalf of the plaintiff in that case. Judge Cain accepted Dr. Groft's methodology, inflation rates, and discount rate just over four months ago. There is no reason why his rates and methodology cannot be applied here. His medical inflation rates are based on widely accepted CPI-U values published by the U.S. Bureau of Labor and Statistics which Plaintiffs will also provide to the Court. But

unlike Dr. Groft, Plaintiffs have used a higher discount[4] rate based on values published by the U.S. Federal Reserve, which is even more current and reliable than the CNBC website cited Dr. Groft. Those will also be provided.

**B. Defendant:**

This lawsuit seeks damages for injuries allegedly sustained as a result of a slip and fall incident at the Costco in Lafayette, Louisiana on July 28, 2024. The facts are largely undisputed as the incident was captured on Costco's surveillance system. Plaintiff Vivian Morein claims that as she was approaching a table in the Costco food court, "she suddenly and without warning slipped on a clear, liquid substance on the hard floor immediately adjacent to the table and chair just before she was able to sit down." Mrs. Morein adjusted her cart several times in the food court area, walked back and forth across the area with her flip flop sandals, grabbed a few napkins to wipe off the table, then she slipped and fell. She is alleging an injury to her left shoulder as a result of the incident. Her husband, Michael Morein, is seeking damages for loss of consortium.

Under La. R.S. 9:2800.6, Plaintiffs must not only prove that Mrs. Morein sustained damages as a result of a hazardous condition existing on the Costco's premises, but also that Costco either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence; and, that Costco failed to exercise reasonable care.[5] To satisfy the constructive notice element, Plaintiffs must come forward with positive evidence showing that the damage-causing condition existed for some period of time prior to the subject fall, and that such time was sufficient to place Costco on notice of its existence.[6] Here, Plaintiffs have no probative evidence that Costco had actual or constructive knowledge of a condition that caused Mrs. Morein's fall.

---

[4] A higher discount rate reduces the total lump sum required today to fund future costs. 5.2% rather than 4.9% represents a more conservative model for a potential future medical award.

[5] La. R.S. § 9:2800.6. (emphasis added)

[6] *White v. Wal-Mart Stores, Inc.*, 699 So.2d 1081, 1084 (La. 9/9/97).

Further, there is no evidence that Costco failed to exercise reasonable care with regard to the subject accident. As such, Plaintiffs cannot meet their burden of proof under La. R.S. 9:2800.6.

Additionally, Mrs. Morein has a longstanding history of pre-existing left shoulder complaints. As such, Plaintiffs will be unable to meet their burden on medical causation.

**3. <u>Issues of Fact and Issue of Law</u>**

**A. Joint:**

1) Whether the slip and fall incident caused or contributed to Mrs. Morein's injuries;

2) Whether Mr. Morein sustained loss of consortium as a result of the incident;

3) The extent of loss of consortium damages sustained by Mr. Morein as a result of the incident;

**B. Plaintiffs:**

1) How long the liquid substance was on the floor before Mrs. Morein's fall;

2) Whether the presence of a liquid substance on the floor created an unreasonable risk of harm;

3) Whether the length of time the liquid remained on the floor was sufficient to constitute constructive notice to Costco of a hazardous condition;

4) Whether Costco exercised reasonable care in inspecting, monitoring and cleaning the food court area;

5) Whether Costco failed to exercise reasonable care in discovering the puddle on the floor of the food court;

6) Whether Costco's inspection and maintenance procedures were reasonable under the circumstances;

7) Whether Costco had actual notice of the condition through Mr. Marshall prior to Mrs. Morein's fall;

8) Whether Mrs. Morein will require future medical treatment as a result of the injuries allegedly sustained in the slip and fall incident, and, if so, the nature, extent and cost of such future medical treatment;

9) The extent of the general and special damages, both past and future, sustained by Mrs. Morein;

10) Whether Mrs. Morein's future medical expenses must be discounted to their present value; and

11) If a present value discount calculation of future medical expenses is required, should those calculations be performed by the court or the jury?

**C. Defendant:**

1) Whether there was a condition at the Costco warehouse which presented an unreasonable risk of harm to Vivian Morein;

2) If there was a condition that presented an unreasonable risk of harm, whether Costco had notice of the condition before Vivian Morein's incident;

3) Whether Costco failed to exercise reasonable care;

4) The nature and extent of Vivian Morein's alleged injuries;

5) Whether the subject accident was the medical cause of Vivian Morein's alleged shoulder complaints and treatment;

6) Whether Vivian Morein failed to mitigate her alleged damages;

7) Whether Vivian Morein's alleged injuries pre-existed the subject accident;

8) Damages sustained by Vivian Morein;

9) The total medical expenses Vivian Morein may be able to recover;

10) Value of any damages to which Vivian Morein may be entitled to recover;

11) Extent of any future medical treatment to be undergone by Vivian Morein and its relation to the subject accident;

**4.** <u>**Stipulations**</u>

1) The parties stipulate to the authenticity of all documents produced in discovery, including, but not limited to, Mrs. Morein's certified medical and billing records. This stipulation is limited to authenticity and does not waive any party's right to assert any other evidentiary objection.

2) The parties stipulate that on July 28, 2024, Vivian Morein and Michael Morein were

customers at Costco Warehouse No. 1201, located at 201 Meadow Farm Drive in Lafayette, Louisiana. This stipulation is to be read to the jury.

3) The parties stipulate that on July 28, 2024, Vivian Morein slipped and fell in the food court area of Costco Warehouse No. 1201 forming the basis of this lawsuit. This stipulation is to be read to the jury.

4) The parties stipulate that at the time of the incident on July 28, 2024, Costco Wholesale Corporation operated Costco Warehouse No. 1201. This stipulation is to be read to the jury.

5) The parties stipulate that Costco maintained surveillance video depicting the food court seating area of Costco Warehouse No. 1201 on July 28, 2024, including the area where Plaintiff Vivian Morein slipped and fell. This stipulation is to be read to the jury.

6) The parties stipulate that Vivian Morein and Michael Morein were legally married to one another on July 28, 2024, and remain married. This stipulation is to be read to the jury.

**5. <u>Will Call Witnesses</u>**

**A. Plaintiffs:**

1) Vivian Morein (Plaintiff)
Address: 1420 Hope Ln.,
Sulphur, LA 70663
Phone No.: (337) 540-4667

2) Michael Morein (Plaintiff)
Address: 1420 Hope Ln.,
Sulphur, LA 70663
Phone No.: (337) 476-4459

3) Isabella Marie Tilley
Address: 1420 Hope Ln.,
Sulphur, LA 70663
Phone No.: (337) 888-0279

4) Dr. Brett Cascio, MD.
Cascio Sports and Orthopaedics
4150 Nelson Rd. Bldg D, Suite 1
Lake Charles, LA 70605
Phone No.: (337) 508-1000

5) Misty Barrera

Corporate Representative of Costco Wholesale Corporation
Witness Identified with an adverse party pursuant to Fed. R. Evid. 611(c)(2)
201 Meadow Farm Rd.,
Lafayette, LA 70508

6) Dareion Marshall
Witness Identified with an adverse party pursuant to Fed. R. Evid. 611(c)(2
1630 Rue Du Belier, Apartment 405
Lafayette, Louisiana 70506

**B. Defendant:**

1) Vivian Morein, on cross-examination;

2) Michael Morein, on cross-examination;

3) Isabella Tilley, on cross-examination;

4) Misty Barrera; and

5) Dr. Russell Russo.

**6. <u>May Call Witnesses</u>**

**A. Plaintiffs**:

1) Any witness necessary to authenticate records, documents or other evidence; and

2) Any witness necessary for impeachment purposes.

**B. Defendant:**

1) Dareion Marshall, 1630 Rue Du Belier, Apartment 405, Lafayette, Louisiana 70506;

2) Representative and/or custodian of records of any medical facility where Plaintiff treated, either before or after this accident, regarding medical treatment of Plaintiff, prescription profiles, and/or authentication of records;

3) Any witness necessary to authenticate records, documents, or other evidence;

4) Any witness listed by any other party; and

5) Any witness necessary for impeachment purposes.

**7. <u>Exhibits</u>**

**A. Plaintiffs**:

Plaintiffs' Exhibit List is attached hereto.

**B. Defendant:**

1) Costco surveillance footage from the date of the alleged incident;
2) Member First Report of Incident;
3) Warehouse Incident Report;
4) Costo Daily Floor-Walk Reports;
5) Certified records and films from Cascio Sports and Orthopedics;
6) Certified records and films from Hinton Orthopedics;
7) Certified records and films from Center for Orthopedics;
8) Certified records and films from Imperial Health;
9) Certified records and films from Christus Ochsner Lake Area Hospital;
10) Certified records and films from Lake Charles Memorial;
11) Certified records and films from Family Physician's Urgent Care;
12) Certified records and films from Open Air MRI;
13) Certified records and films from Superior Spine and Sports Physical Therapy;
14) Certified records from Walgreens;
15) Certified records from CVS;
16) Certified records from Freedom Pharmacy;
17) Plaintiffs' Responses to Interrogatories and Requests for Production including any attachments thereto;
18) Defendant's Responses to Interrogatories and Requests for Production including any attachments thereto;
19) The flip-flops Plaintiff was wearing at the time of the incident;

20) Deposition of Vivian Morein, with exhibits subject to FRCP 32;

21) Deposition of Michael Morein, with exhibits subject to FRCP 32;

22) Deposition of Isabella Tilley, with exhibits subject to FRCP 32;

23) Deposition of Costco Wholesale Corporation, with exhibits subject to FRCP 32;

24) Deposition of Dareion Marshall, with exhibits subject to FRCP 32;

25) Deposition of Dr. Brett Cascio, with exhibits subject to FRCP 32;

26) Any document produced in discovery;

27) Any exhibit needed for impeachment purposes;

28) Any document or exhibit listed by any other party; and

29) Any necessary demonstrative aids.

**8. <u>Objections to Witness and Exhibit Lists</u>**

**Plaintiffs object to the following exhibits and witnesses:**

1) Any testimony by a non-expert witness who has no personal knowledge of the subject incident.

2) Any documents, evidence or exhibits not timely produced by Costco in discovery.

3) Any evidence, argument or testimony including medical records or bills related to treatment received by Mrs. Morein that is irrelevant and is not related to this incident including but not limited to treatment to Mrs. Morein's hand conditions.

4) Any and all evidence, documents, testimony, argument related to Mrs. Morein's prior car wreck.

5) Any and all argument, testimony, documents and physical evidence related to the footwear or type of footwear Mrs. Morein was wearing on the date of the incident.

6) Any witnesses not timely identified by defendant's witness list.

7) Any exhibits not timely identified by defendant's exhibit list.

8) Any testimony or evidence not contained within the four corners of an expert report.

9) Plaintiffs reserve all objections pursuant to Rules 401, 402, and 403 under the Federal Rules of Evidence and any other rule of evidence which may arise during the trial of this matter.

**Defendant objects to the following testimony and exhibits:**

1) Any testimony regarding the cost of future treatment [R.Doc. 65 and 68]

2) Incident Report, Employee Statement, and any testimony pertaining to the incident involving Julia Graham [R.Doc. 66 and 70]

3) Dr. Brett Cascio's Life Care Plan [R.Doc. 65 and 68]

4) Dr. Brett Cascio's CV

5) Consumer Price Index for All Urban Consumers "News Releases" excerpts published by the U.S. Department of Labor and Bureau of Labor and Statistics between 2014 and 2026

6) Dataset showing CPI-U values for Medical Care Services, Medical Commodities, Outpatient Hospital Services, Physician Services, Prescription drugs, and Services by Other medical providers, between 2014 and 2026 generated directly by http://www.bls.gov/data/

7) Dataset showing market yield on U.S. Treasury securities spanning from August 2011 to August 2026 directly from the Federal Reserve Data Download Program; H.15 Selected Interest Rates; http://www.federalreserve.gov/datadownload/Choose.aspx?rel=H15

**9. <u>Counsel Affirmations</u>**

The undersigned hereby affirm the following:

a. That he or she is aware that exhibits are to be published to the jury by way of CD-ROM or the Visual Presenter unless consent of this Court is obtained upon a showing of impracticality or prejudice.

b. That he or she is familiar with the Visual Presenter and its operation.

c. That good faith settlement negotiations have been engaged in within one week prior to the pretrial conference.

d. The need, if any, for handicap provisions are provided by the Court.

9/29/2026
(Date)

/s/PEYTON F. PAWLICKI
**PEYTON F. PAWLICKI**
For Plaintiffs

9/29/26
(Date)

/s/ *Trevor C. Davies*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing joint pretrial order was filed electronically with the Clerk of Court using the CM/ECF system and has been served upon counsel for all parties to this proceeding via electronic filing notification, facsimile, and/or first class United States mail, properly addressed, postage prepaid, at the last known address.

Signed at Lake Charles, Louisiana, on this 29th day of September 2026.

*/s/ Peyton F. Pawlicki*
(Signature of Counsel)

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | | |
|---|---|---|
| **VIVIAN MOREIN AND MICHAEL MOREIN** | : | **CIVIL ACTION NO. 6:25-cv-01182** |
| **VS.** | : | **DISTRICT JUDGE S. MAURICE HICKS, JR.** |
| **COSTCO WHOLESALE CORP.** | : | **MAGISTRATE JUDGE WHITEHURST** |

---

# PLAINTIFF'S TRIAL EXHIBITS

| Ex # | Bates Prefix | Bates Range | Date | Description |
|---|---|---|---|---|
| P-1 | Cascio | 006-8, 35-37, 40, 42-44, 46-47, 50-53, 108-110, 130-133, 149, 150, 153 | | Selected Medical Records of Dr. Brett Cascio |
| P-2 | CFO | 054-57, 083-84 | | Selected Medical Records of Center for Orthopaedics |
| P-3 | Hinton | 002, 4-7, 9-13, 22-23, 48-54, 57-62 | | Selected Medical Records of Dr. Alan Hinton |
| P-4 | LCMH | 002-4, 012 | | Selected Medical Records of Lake Charles Memorial Hospital |
| P-5 | LCUC | 003-5, 17, 23, 26-27, 29 | | Selected Medical Records of Lake Charles Urgent Care |
| P-6 | S3-PT | 016-55, 59-61 | | Selected Medical Records of S3-PT |
| P-7 | V. Morein - Center for Orthopaedics - Lake Charle | 0036-39, 41, 44-45, 47, 198-200, 204-211, 215-219, 274-277, 319-321, 329-332 | | Selected Medical Records of Center for Orthopaedics |
| P-8 | Open Air MRI | 002-4 | | Selected Medical Records of Open Air MRI |
| P-9 | V. Morein - Imperial Health Main | 0991-994 | | Selected Medical Records of Imperial Health |
| P-10 | Morein | 2862 | 4/2/26 | Radiology Specialists Invoice |
| P-11 | Morein | 2863-2871 | 8/27/26 | Dr. Brett Cascio invoice 11/21/24 through 8/19/26 |

| | | | | |
|---|---|---|---|---|
| P-12 | Morein | 001-004 | 8/1/2024<br>8/5/2024<br>8/8/2024 | Photos of left arm - Before Surgery |
| P-13 | Morein | 005-009 | | Photos of left arm - Post Surgery |
| P-14 | | | | Costco Surveillance Video |
| P-15 | Costco | 0001-010 | | Costco Daily Floor Walk Logs |
| P-16 | Costco | 0011 | | Costco Floor Plan |
| P-17 | Costco | 0012 | 7/23/2025 | Dareion Marshall's Written Statement |
| P-18 | Costco | 0013 | 7/31/2024 | Vivian Morein's Incident Report |
| P-19 | Costco | 0014-0015 | 8/2/2024 | Costco Warehouse Incident Report |
| P-20 | Costco | 0016-0017 | | Costco Policy - Member Injury/Incident |
| P-21 | Costco | 0018 | | Costco Training Material |
| P-22 | Costco | 0021-0025 | | Costco Training Material |
| P-23 | Costco | 0028-0035 | | Costco Training Material Re: Hourly floor walk |
| P-24<br><br>P-25 | Costco<br><br>Costco | 0046-0048<br><br>0062-0064 | | Costco Training Material Re: Zone 1 Hourly Floor Walk<br>Costco Training Material Re: Documenting Floor Walk |
| P-26 | Costco | 0068 | | Costco Training Material Re: Tool Box |
| P-27 | Costco | 0109 | | Costco Training Material Re: Member Service Expectations |
| P-28 | Costco | 0115 | | Costco Training Material Re: Member Service - Food Court |
| P-29 | Costco 30(B)(6) Documents - Subject to Protective Order | 0051 - 0052 | | Julia Graham Incident Report<br>Tyler Johnson Written Statemen |
| P-30 | | | | Dr. Brett Cascio's Life Care Plan |
| P-31 | | | | Dr. Brett Cascio's CV |
| P-32<br><br>P-33 | | | 2/11/2026<br><br>2/11/2026 | Transcript and Exhibits of the Deposition of Vivian Morein<br>Transcript and Exhibits of the Deposition of Michael Morein |
| P-34 | | | 2/11/2026 | Transcript and Exhibits of the Deposition of Isabella Tilley |

| | | | | |
|---|---|---|---|---|
| P-35 | | | 5/7/2026 | Transcript and Exhibits of the 30(b)(6) Deposition of Costco Wholesale Corp by Misty Barrera |
| P-36 | | | 5/14/2026 | Transcript and Exhibits of the Deposition of Dareion Marshall |
| P-37 | | | 6/8/2026 | Transcript and Exhibits of the Deposition of Dr. Brett Cascio |
| P-38 | Morein | 2859-2861 | 9/22/2026 | Blue Cross/Blue Shield Louisiana lien |
| P-39 | Morein | 010-015 | | Dataset showing CPI-U values for Medical Care Services, Medical Commodities, Outpatient Hospital Services, Physician Services, Prescription drugs, and Services by Other medical providers, between 2014 and 2026 generated directly by http://www.bls.gov/data/ |
| P-40 | Morein | 016-2858 | | Consumer Price Index for All Urban Consumers "News Releases" excerpts published by the U.S. Department of Labor and Bureau of Labor and Statistics between 2014 and 2026 |
| P-41 | Morein | 2872-2875 | | Dataset showing market yield on U.S. Treasury securities spanning from August 2011 to August 2026 directly from the Federal Reserve Data Download Program; H.15 Selected Interest Rates |
| P-42 | | | | Any and Medicare and/or Blue Cross liens |
| P-43 | | | | Any and all documents produced in discovery in this matter |
| P-44 | | | | Any and all pleadings submitted by any party in this matter. |
| P-45 | | | | Any and all documents necessary for any impeachment or rebuttal testimony |
| P-46 | | | | Any and all documents referred to by an expert in this litigation |
| P-47 | | | | Any and all exhibits produced in response to any subpoena filed or to be filed in this matter |
| P-48 | | | | Any and all demonstrative exhibits |
| P-49 | | | | Because the production of outstanding documents are still ongoing in this litigation, Plaintiffs expressly reserve their right to supplement and amend this exhibit list |

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAFAYETTE DIVISION**

| | | |
|---|---|---|
| **VIVIAN MOREIN AND MICHAEL MOREIN** | **:** | **CIVIL ACTION NO. 6:25-cv-01182** |
| **VS.** | **:** | **DISTRICT JUDGE S. MAURICE HICKS, JR.** |
| **COSTCO WHOLESALE CORP.** | **:** | **MAGISTRATE JUDGE WHITEHURST** |

**ORDER**

Having reviewed the Joint Pretrial Order submitted by the Parties and having found it complete,

IT IS ORDERED that the Joint Pretrial Order is approved and adopted by the Court.

Signed at ________________, Louisiana, on this ____ day of ___________, 2026.

______________________________
S. MAURICE HICKS, JR.
UNITED STATES JUDGE

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | | |
|---|---|---|
| **VIVIAN MOREIN AND MICHAEL MOREIN** | **:** | **CIVIL ACTION NO. 6:25-cv-01182** |
| **VS.** | **:** | **DISTRICT JUDGE S. MAURICE HICKS, JR.** |
| **COSTCO WHOLESALE CORP.** | **:** | **MAGISTRATE JUDGE WHITEHURST** |

---

## JOINT PROPOSED VOIR DIRE

NOW INTO COURT, through undersigned counsel, comes plaintiffs, **VIVIAN MOREIN AND MICHAEL MOREIN,** and defendant, **COSTCO WHOLESALE CORPORATION,** who respectfully submit the following Proposed Voir Dire Questions to be presented to the jury in this matter. Please note Defendant objects to questions listed under Plaintiffs' Proposed Voir Dire.

### A. Work Experience

1. Have you, a family member or close friend ever worked for Costco?
2. Have you, a family member or close friend ever worked in retail management, grocery store, or commercial property management?
3. Have you ever been responsible for store maintenance, safety inspections or cleaning protocols?
4. Have you, a family member or close friend ever worked in risk management or loss prevention?

### B. Slip and Fall Experience

1. Have you, a family member or close friend ever been involved or injured in a slip or trip and fall incident? Did it lead to a claim or lawsuit?
2. Do you believe that a store should never be responsible when someone trips and falls and injuries themselves?
3. Do you believe that some mishaps are truly just accidents where no one is at fault, even if a store left a hazardous condition on the floor for a long time?

4. Do you believe that people who slip or trip in stores are simply just not paying attention?

5. Does anyone feel like all people who claim to be injured in a slip and fall incident are faking the fall or faking the injury?

6. How many of you believe that an injury caused by slip and fall is somehow less severe or less painful than the exact same injury caused by a car wreck? Would any of you award less damages just because it was a slip and fall and not a car wreck?

7. Would anyone have a gut reaction during deliberations and say, "It's just a slip and fall, we shouldn't award that much money" even if the medical evidence and doctor bills support such an award?

8. How many of you believe that a person who slips and falls on wet spot on the floor of store must have done something wrong?

9. Do you believe that just because an accident happens at a retail store that the store owner is responsible?

**C. Attitudes towards Costco**

1. How many of you consider yourselves loyal Costco shoppers who visit the store once a week or more?

2. Do you feel like your membership or shopping habits at Costco prevent you from being fair and impartial in this case?

3. Do you have such positive feelings or high opinions of Costco as a company that it would be difficult for you to issue a verdict against them?

4. Do you believe that large corporations like Costco are frequently targeted by frivolous lawsuits?

5. Do you have a concern that if this jury awards a substantial verdict against Costco, it might raise membership fees or increase the prices of the items you buy there?

6. Would any of you feel like you are hurting your own wallet by voting to hold Costco financially accountable for a severe injury?

7. Has anyone had a negative experience as a customer of or while shopping at any Costco?

8. Does anyone have negative feelings toward chain or large retailers in general and Costco in particular that would make it difficult for you to sit as an impartial juror in this matter?

9. The law requires that a corporation be treated the same as an individual. Do any of you have a bias against corporations?

**D. Pre-existing Injury**

1. Do you believe that a person who is still working cannot have been seriously hurt?

**E. Burden of Proof**

1. This is a civil case, and the law requires that the plaintiff bears the burden of proof. The law will require the plaintiff to prove by a preponderance of the evidence that the defendant was negligent and caused the slip and fall, and that her medical condition resulted from that accident. If the plaintiff fails to meet her burden of proof, the law requires you as jurors to not award money to the plaintiff for any part of her claim she fails to prove. Are you willing to dismiss the plaintiff's case and award nothing if the plaintiff fails to meet their burden of proof?

2. The burden of proof is by a preponderance of the evidence, sometimes described as something is more probable than not. Do you believe that a plaintiff should have to prove a civil case beyond a reasonable doubt, which is a much higher standard?

3. Would you require the plaintiffs to prove their case to a higher standard than the Court instructs?

**F. Medical**

1. Have any of you had orthopedic problems which required you to get an MRI, or to have surgery?

2. Have any of you ever worked in the medical field, for a doctor or hospital?

3. Do any of you believe that just because a doctor says something or gives an opinion on something, that because he or she is a doctor must mean that he or she is correct? Or do you understand that doctors are human beings and can make mistakes or just be wrong with what they say?

4. Do any of you believe that if a person files a lawsuit demanding medical expenses, that they should be awarded their medical expenses even if the expenses are for treatment that is not related to the subject accident?

**G. Civil Lawsuits and Damages**

1. Do you have any strong opinions about personal injury lawsuits or people who bring claims for injuries?

2. Do you believe there are too many personal injury lawsuits?

3. Do you believe that filing a lawsuit generally means that a plaintiff is looking for an undeserved financial recovery?

4. Would you have difficulty awarding money damage if the evidence and the Court's instructions support such an award?

5. Have you already formed an opinion about this case based solely on the fact that a lawsuit was filed?

6. Have any of you or a close family member filed a lawsuit for injuries from an accident or had a lawsuit filed against you before?

7. Do any of you believe that just because someone files a lawsuit, they should receive money?

8. Are you able to wait to hear both sides of the of the story before making up your mind in this case?

9. Is there anything that counsel or the Court has not asked that you believe should be disclosed because it may affect your ability to serve fairly and impartially?

## PLAINTIFFS' PROPOSED VOIR DIRE

### A. Slip and Fall Experience

1. Do any of you feel like you couldn't find Costco at fault if the substance on the floor that caused a member to slip was clear, small and hard to see?

2. Can you promise me that you will look strictly at the medical evidence and severity of the destruction to my client's body and life, rather than judging the case based on the fact that it was a slip and fall inside a warehouse store?

### B. Attitudes towards Costco

1. If the evidence proves that Costco failed to clean up a dangerous spill on a particular day and someone gets injured, would your satisfaction with their bulk prices or customer service prevent you from finding them at fault?

### C. Pre-existing Injury

1. If the medical evidence shows my client was managing a pre-existing medical issue and was pain free, but this fall destroyed that stability and caused the pain to return, would you struggle to hold a store accountable for the new damage?

2. The law states that a negligent party must take a person as they find them—meaning you cannot discount damages because a person was physically fragile or already injured. Does anyone have a philosophical disagreement with that rule?

3. Would any of you feel like it's unfair to force a corporation to pay for a total rotator cuff tear when the tendon was already partially torn before the incident?

Respectfully submitted,

*/s/ PEYTON F. PAWLICKI*
**VERON BICE, L.L.C**.
**PEYTON F. PAWLICKI** (#37836)
JERE JAY BICE (#18793)
SHAYNA L. SONNIER (#29678)
KATHERINE B. REMY (#38876)
721 Kirby Street (70601)
P.O. Box 2125
Lake Charles, Louisiana 70602
Phone: (337) 310-1600
Fax: (337) 310-1601
peyton@veronbice.com
jay@veronbice.com
shayna@veronbice.com
katherine@veronbice.com
***Attorneys for the Plaintiffs***

*/s/ Michael L. Ballero*
TREVOR C. DAVIES (#32846)
MICHAEL L. BALLERO (#36793)
SHANNON O. HARRISON (#26163)
**Simon Peragine Smith & Redfearn, LLP**
1100 Poydras St., Suite 3000
New Orleans, LA 70163
Telephone: (504) 569-2030
Facsimile: (504) 569-2999
trevord@spsr-law.com
michaelb@spsr-law.com
shannonh@spsr-law.com
***Attorneys for Costco Wholesale Corporation***

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | | |
|---|---|---|
| **VIVIAN MOREIN AND MICHAEL MOREIN** | **:** | **CIVIL ACTION NO. 6:25-cv-01182** |
| **VS.** | **:** | **DISTRICT JUDGE S. MAURICE HICKS, JR.** |
| **COSTCO WHOLESALE CORP.** | **:** | **MAGISTRATE JUDGE WHITEHURST** |

---

**PLAINTIFFS' PROPOSED VERDICT FORM**

(1) Do you find from a preponderance of the evidence that Defendant Costco Wholesale Corporation was negligent in regards to this slip and fall incident that occurred on July 28, 2024?

Yes_______________ No_______________

If ***YES***, got to QUESTION 2. If ***NO***, sign and date this verdict form.

(2) Do you find from a preponderance of the evidence that Defendant Costco Wholesale Corporation's negligence caused or contributed to Vivian Morein's injuries?

Yes_______________ No_______________

If ***YES***, got to QUESTION 3. If ***NO***, sign and date this verdict form.

(3) Do you find from a preponderance of the evidence that Vivian Morein suffered damages as a result of this incident?

Yes_______________ No_______________

If ***YES***, got to QUESTION 4. If ***NO***, sign and date this verdict form.

(4) If you find that Vivian Morein suffered damages, what reasonable sum of money should be awarded for those damages?

Special Damages

Past Medical Expenses $__________________________
Future Medical Expenses $__________________________

General Damages

Past and Present Physical Pain & Suffering $__________________________

| | |
|---|---|
| Future Physical Pain & Suffering | $_______________________ |
| Past and Present Emotional Distress | $_______________________ |
| Future Emotional Distress | $_______________________ |
| Past Loss of Enjoyment of Life | $_______________________ |
| Future Loss of Enjoyment of Life | $_______________________ |
| **TOTAL** | $_______________________ |

*Go to next question.*

(5) Do you find from a preponderance of the evidence that Plaintiff Michael Morein suffered damages as a result of this incident?

Yes______________ No______________

If ***YES***, got to QUESTION 6. If ***NO***, sign and date this verdict form.

(6) If you find that Plaintiff Michael Morein suffered damages, what reasonable sum of money should be awarded for those damages?

Loss of Consortium, Companionship, Affection, Society $_________________

SO SAY WE ALL this ___ day of ___________, 2026 at Lafayette, Louisiana.

______________________________
Jury Foreperson

*Have the foreperson sign and date this verdict form and tell the Court Security Officer that you have reached a verdict.

Respectfully submitted,

*/s/ PEYTON F. PAWLICKI*
**VERON BICE, L.L.C.**
**PEYTON F. PAWLICKI** (#37836)
JERE JAY BICE (#18793)
SHAYNA L. SONNIER (#29678)
KATHERINE B. REMY (#38876)
721 Kirby Street (70601)
P.O. Box 2125
Lake Charles, Louisiana 70602

Phone: (337) 310-1600
Fax: (337) 310-1601
peyton@veronbice.com
shayna@veronbice.com
katherine@veronbice.com

*Attorneys for the Plaintiffs*

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAFAYETTE DIVISION**

| | | |
|---|---|---|
| **VIVIAN MOREIN** | * | **CASE NO. 6:25-CV-1182** |
| **Plaintiff** | * | |
| | * | **JUDGE HICKS, JR.** |
| **VERSUS** | * | |
| | * | **MAGISTRATE JUDGE** |
| **COSTCO WHOLESALE CORPORATION** | * | **WHITEHURST** |
| **Defendant** | * | |
| | * | **A JURY IS DEMANDED** |
| * * * * * * * * * * * * * * * * * * * * * * * * * * * * * | | |

**DEFENDANT'S PROPOSED VERDICT FORM**

**NOW INTO COURT,** through undersigned counsel, comes Defendant, Costco Wholesale Corporation, who respectfully submits the following proposed verdict form in accordance with the Court's Scheduling Order.

Respectfully submitted,

*/s/ Michael L. Ballero*

TREVOR C. DAVIES (#32846)
MICHAEL L. BALLERO (#36793)
SHANNON O. HARRISON (#26163)
**Simon Peragine Smith & Redfearn, LLP**
1100 Poydras St., Suite 3000
New Orleans, LA 70163
Telephone: (504) 569-2030
Facsimile: (504) 569-2999
trevord@spsr-law.com
michaelb@spsr-law.com
shannonh@spsr-law.com
***Attorneys for Costco Wholesale Corporation***

# DEFENDANT'S PROPOSED VERDICT FORM

## I. FAULT

1. Do you find that there was a condition at the Costco warehouse store in Lafayette, LA, which presented an unreasonable risk of harm to Plaintiff, Vivian Morein, on July 28, 2024?

Yes _______________ No ________________

(*If your answer to this question is "Yes", please proceed to Question No. 2, if your answer to this question is "No", please sign, date, and proceed to the courtroom*).

2. Do you find that Costco had notice of the condition on the floor before Vivian Morein's incident on July 28, 2024?

Yes _______________ No ________________

(*If your answer to this question is "Yes", please proceed to Question No. 3, if your answer to this question is "No", please sign, date, and proceed to the courtroom*).

3. Do you find that Costco failed to exercise reasonable care with respect to Vivian Morein's incident on July 28, 2024?

Yes _______________ No ________________

(*If your answer to this question is "Yes", please proceed to Question No. 4, if your answer to this question is "No", please sign, date, and proceed to the courtroom*).

4. Do you find that Vivian Morein failed to exercise reasonable care for her own safety on July 28, 2024?

Yes _______________ No ________________

(*If your answer to any or all of Question No.'s 3 or 4 is "Yes", please apportion in percentages the amount of fault you find on the following parties. Your percentages must total 100 %.*):

| | |
|---|---|
| Costco | _____________% |
| Vivian Morein | _____________% |
| **TOTAL** | **100 %** |

## II. DAMAGES

1. Did the accident on July 28, 2024 cause any injury to Vivian Morein?

Yes _______________ No ________________

(*If your answer to this question is "Yes", proceed to Question No. 2. If your answer is "No", please sign, date, and proceed to the courtroom*).

2. What amount, in dollars and cents, will compensate Vivian Morein for the injuries sustained as a result of the accident on July 28, 2024:

| | |
|---|---|
| General damages, including past, present and future mental and physical pain and suffering, loss of enjoyment of life | $________________________ |
| Past medical expenses | $________________________ |
| Future medical expenses | $________________________ |
| **Total Amount:** | $________________________ |

3. Did Michael Morein sustain a loss of consortium as a result of the injuries Vivian Morein suffered in the July 28, 2024 accident?

Yes ______________ No ________________

(*If your answer to this question is "Yes", proceed to Question No. 4. If your answer is "No", please sign, date, and proceed to the courtroom*).

4. What amount, in dollars and cents, if any, will compensate Michael Morein for the loss of consortium sustained as a result of the accident on July 28, 2024:

| | |
|---|---|
| Loss of Consortium | $________________________ |

_______________ ____________________________________

DATE FOREPERSON

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | | |
|---|---|---|
| **VIVIAN MOREIN AND MICHAEL MOREIN** | **:** | **CIVIL ACTION NO. 6:25-cv-01182** |
| **VS.** | **:** | **DISTRICT JUDGE S. MAURICE HICKS, JR.** |
| **COSTCO WHOLESALE CORP.** | **:** | **MAGISTRATE JUDGE WHITEHURST** |

**JOINT PROPOSED JURY INSTRUCTIONS**

NOW INTO COURT, through undersigned counsel, comes plaintiffs, **VIVIAN MOREIN AND MICHAEL MOREIN,** and defendant, **COSTCO WHOLESALE CORPORATION,** respectfully requesting that the jury be instructed as set forth below:

Unless noted otherwise, the citations refer to instructions of the 2020 Edition of ***Pattern Jury Instructions,*** Fifth Circuit District Judges Association, Thomson Reuters Publishing Company.

**I. JOINT JURY INSTRUCTIONS**

**GENERAL AND PRELIMINARY INSTRUCTIONS**

**Pattern Jury Instructions:**

3.1 Jury Charge

1.1 Instructions for Beginning of Trial

1.2 Preliminary Instructions to Jury; Alternative 1 – No Notes or Alternative 2 – Notes Allowed

2.1 First Recess

2.18 Civil Allen Charge

3.7 Duty to Deliberate, Alternative 1 – No Notes or Alternative 2 – Notes Allowed

3.6 No Inference from Filing Suit

2.16 Bias – Corporate Party Involved

2.3 Stipulations of Fact

**TORT LAW AND BURDEN OF PROOF**

**Pattern Jury Instructions:**

3.2 Burden of Proof: Preponderance of the Evidence

**Joint Requested Jury Charge No. 1**

The plaintiff, Vivian Morein, brings this lawsuit against the defendant, Costco Wholesale Corporation, to recover damages sustained as a result of injuries suffered by Mrs. Morein in a slip and fall incident which occurred on July 28, 2024.

She brings this claim for damages under the Louisiana Merchant Liability Act and the law of negligence. I will explain this law to you.

**Joint Requested Jury Charge No. 2**

The fundamental principle of tort liability in Louisiana is that "every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it."

La. Civ. Code art. 2315.

**Joint Requested Jury Charge No. 3**

We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody.

La. Civ. Code art. 2317.

**Joint Requested Jury Charge No. 4**

In order to prevail in a cause of action for negligence under Louisiana law, a plaintiff must prove: (1) the defendant had a duty to act according to a specific standard of care; (2) the defendant failed to act in accordance with the appropriate standard; (3) the defendant's substandard conduct was the cause-in-fact of the plaintiff's injuries; (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries; and (5) actual damages.

*Wiltz v. Bayer CropScience, L.P.*, 594 F .3d 690, 698 (5th Cir. 2011).

**Joint Requested Jury Charge No. 5**

The Louisiana Merchant Liability Act imposes a duty on merchants to persons who use their premises to exercise reasonable care to keep their aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of hazardous conditions which reasonably might give rise to damage.

La. R.S. 9:2800.6(A).

**Joint Requested Jury Charge No. 6**

"Merchant" means one whose business is to sell goods, foods, wares, or merchandise at a fixed place of business. Costco Wholesale Corporation is a merchant under the Louisiana Merchant Liability Act.

La. R.S. 9:2800.6(C)(2).

**Joint Requested Jury Charge No. 7**

To recover against a merchant for injuries sustained in a fall due to a condition existing on the merchant's premises, a plaintiff must prove:

(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable;

(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence; and

(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

La. R.S. 9:2800.6(B).

**Joint Requested Jury Charge No. 8**

Constructive notice means the claimant has proven the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. However, the presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition. The plaintiff must come forward with positive evidence showing that the damage-causing condition existed for some period of time, and that such time was sufficient to place the merchant defendant on notice of its existence. There is no bright line time period and the time period need not be specific in minutes or hours. This temporal element—that the condition existed for some period of time—may be proven by both direct and circumstantial evidence.

*White v. Wal-Mart Stores, Inc.*, 97-0393, p. 1 (La. 9/9/97), 699 So. 2d 1081, 1082; *Flowers v. Wal-Mart Inc.*, 79 F.4th 449, 453 (5th Cir. 2023).

**Joint Requested Jury Charge No. 9**

Evidence that a defendant adopted its own written safety or cleaning procedure, and then failed to follow that procedure, is not by itself proof of negligence. However, you may consider such evidence, together with all the other evidence, in deciding whether the defendant exercised reasonable care.

*Blackman v. Brookshire Grocery Co.*, 2007-348 (La. App. 3 Cir. 10/3/07), 966 So. 2d 1185, 1190.

## MEDICAL CAUSATION

**Joint Requested Jury Charge No. 10**

In a personal injury suit, the plaintiff bears the burden of proving a causal relationship between the injury sustained and the incident. The plaintiff must prove causation by a preponderance of the evidence. The test for determining the causal relationship between the incident and the resulting injury is whether the plaintiff proved through medical testimony that it is more probable than not the injuries were caused by the incident.

*Poland v. State Farm Mut. Auto. Ins. Co*., 2003-1417 (La. App. 1 Cir. 6/25/03), 885 So.2d 1144, 1147; *Maranto v. Goodyear Tire & Rubber Co*., 650 So.2d 757, 759 (La. 1995).

## EVIDENCE

**Pattern Jury Instructions:**

3.3 Evidence

2.6 Limiting Instruction

3.4 Witnesses

2.11 Impeachment by Witness's Inconsistent Statements

2.13 Deposition testimony

3.5 Expert Witnesses

2.7 Charts and Summaries

2.8 Demonstrative Evidence

**Joint Proposed Jury Instruction No. 11:**

The credibility of all fact and expert witnesses is a matter for you to decide. However, if you find that a witness, either fact or expert, has testified falsely with respect to one aspect of the case, you may reject his or her testimony in its entirety.

*Hargrove v. Hargrove*, 29590 (La. App. 2 Cir. 5/9/97), 694 So. 2d 645, 649, *writ denied*, 97-1853 (La. 10/31/97);*Farrantelli v. Wright*, 346 So. 2d 242 (La. App. 4 Cir. 1977).

**DAMAGES**

**Pattern Jury Instructions:**

15.1 Consider Damages Only If Necessary

15.2 Compensatory Damages

15.3 Injury/Pain/Disability/Disfigurement/Loss of Capacity for Enjoyment of Life

**Joint Requested Jury Charge No. 12**

In calculating damages, you must consider both past and future damages. “Past damages” refers to the damages suffered since the slip and fall incident up to today. “Future damages” refers to the damages that will be suffered from the end of trial until the plaintiff’s life expectancy.

*Guillory v. Avondale Shipyards, Inc*., 448 So. 2d 1281, 1287 (La. 1984).

**Joint Requested Jury Charge No. 13**

A claimant’s recovery of medical expenses must be confined to those expenses related to the incident. In order to recover, the plaintiff must prove that, more probable than not, the medical treatment was necessitated by trauma suffered in the incident.

*Bassett v. Toys R US Delaware, Inc.*, 36,434 (La.App. 2 Cir. 12/30/02), 836 So.2d 465, 473.

**Joint Requested Jury Charge No. 14**

Loss of consortium includes elements such as loss of love and affection, loss of society, companionship and guidance, loss of felicity or overall contentment and happiness.

The elements of a loss of consortium claim are loss of society, sex, service, and support. Society includes general love, companionship, and affection that the spouse loses as a result of the injury. "Service" is the uncompensated work around the house or educational help with the children which will, as a result of the injury, have to be obtained from another source and at some price.

*Tracy v. Jefferson Parish Through Dept. of Public Works,* 523 So. 2d 266 (La. Ct. App. 5th Cir. 1988), *writ denied,* 530 So. 2d 569 (La. 1988); *Broussard v. Romero,* 96-973 (La.App. 3 Cir. 2/26/97), 691 So.2d 1265, writ denied, 96-670 (La. 4/25/97), 692 So.2d 1092; *Clayton v. Republic Vanguard Ins. Co.,* 2005-1615, pg. 2, (La.App. 3 Cir., 5-3-06), 929 So.2d 811,813; *Thomas v. Hartford Insurance Co.,* (La.App. 1 Cir., 1989), 540 So.2d 1068, 1075; *Spangler v. North Star Drilling Co.,* (La.App. 2 Cir., 1989), 552 So.2d 673, 684

## II. <u>PLAINTIFFS' PROPOSED JURY INSTRUCTIONS</u>

### TORT LAW AND BURDEN OF PROOF

**<u>Plaintiffs' Requested Jury Charge No. 4</u>**

A defendant must accept the consequences of his tortious conduct. The defendant takes his victim as he finds him and is responsible for all natural and probable consequences of his tortious conduct. The defendant is liable for the harm it causes even though under the same circumstances a normal person would not have suffered that illness or injury.

*Miramon v. Bradley,* 96-1872 (La. App. 1st Cir. 9/23/97), 701 So.2d 475, 478; *Lash v. Olin, Corp.*, 625 So.2d 1002 (La. 1993): *Adams v. Dept. of Trans. & Dev. of State of La*., 536 So.2d 476 (La. App. 1 Cir. 1988); *Cook v. Walmart Stores, Inc*., 540 So.2d 1017 (La. App. 2 Cir. 1989); *Ammons v. St. Paul Fire & Marine Ins. Co.*, 525 So.2d 60 (La. App. 3 Cir. 1988), *writ denied,* 525 So.2d 1045 (La. 1988); *Lopey v. Chicago Bridge & Iron Co.*, 546 So.2d 291 (La. App. 3 Cir. 1989), *writ denied,* 551 So.2d 1323 (La. 1989).

**<u>Plaintiffs' Requested Jury Charge No. 5</u>**

In a negligence action in Louisiana, the plaintiff bears the burden of proving fault, causation and damages. One injured through the fault of another is entitled to full compensation for damages caused thereby.

La. Civ. Code art. 2315; *Wainwright v. Fontenot,* 00-0492774 (La. 10/17/00), 774 So.2d 70, 74.

**<u>Plaintiffs' Requested Jury Charge No. 7</u>**

The plaintiffs are not obligated to furnish conclusive proof; they must only prove their case by a "preponderance of the evidence." The term "preponderance of the evidence" is different from the standard of proof described as "beyond a reasonable doubt." "Beyond a reasonable doubt" applies in criminal cases, where the jury must be firmly convinced of the truth of the charge in order to convict. This is not the standard of proof in civil cases. Instead, the plaintiffs merely need to prove that something is more likely than not to be true, or 51%. In other words, a preponderance of the evidence means the plaintiffs are more likely right than wrong about a particular fact. Proof by direct or circumstantial evidence is sufficient to constitute a preponderance, when, taking the evidence as a whole, such proof shows the fact or causation sought to be proved is more probable than not.

*Herbert v. American Hardware Mut. Ins. Co.*, 161 So.2d 92, 98 (La. App. 3 Cir. 1964); *Edwards v. Shreveport Creosoting, Co*., 21 So.2d 878, 880 (La. 1945); *Naquin v. Marquette Cas. Co.*, 244 La. 569, 574; 153 So.2d 395, 397 (1963); La. S.Ct. R., Rule XLIV ("Plain Civil Jury Instructions"); Joseph & Lamonica, 17 La. Civ. L Treatise: Criminal Jury Instructions, § 3:3; E.

**Plaintiffs' Requested Jury Charge No. 9**

To establish that the plaintiff unreasonably failed to reduce or mitigate the damages or injury she sustained, the defendants have the burden of proving both that the plaintiff's actions after the incident were unreasonable and that this unreasonable conduct aggravated her injury.

*Jacobs v. New Orleans Public Service, Inc.*, 432 So.2d 843, 846 (La. 1983).

**Plaintiffs' Requested Jury Charge No. 14**

The plaintiffs are not required to prove by eyewitness testimony that the hazardous condition existed for a particular number of minutes before the fall.

*Finley v. Racetrac Petroleum, Inc.*, 137 So. 3d 193, 198 (La. App. 2 Cir. 2014); *Spearman v. Wal-Mart Louisiana, LLC*, 2021 WL 2653259, at *3 (W.D. La. June 28, 2021); *Lane v. Walmart Inc.*, 2023 WL 2445400, at *3 (W.D. La. Jan. 13, 2023).

**MEDICAL CAUSATION**

**Plaintiffs' Requested Jury Charge No. 19**

A defendant takes the victim as it finds him and is responsible in damages for consequences of its tort even though damages are greater because of the victim's prior condition. When the defendant's negligent act aggravates a pre-existing condition or injury, the victim is entitled to compensation for the full extent of the aggravation. This is called the "eggshell skull doctrine."

*Dahlen v. Gulf Crews, Inc*., 281 F.3d 487, 494 (5th Cir. 2002); *Perniciaro v. Brinch,* 384 So. 2d 392, 396 (La. 1980); *Thames v. Zerangue*, 411 So. 2d 17, 19 (La. 1982).

**Plaintiffs' Requested Jury Charge No. 21**

Mrs. Morein is entitled to a presumption of causation if she shows that before the incident she was in good health, but that after the incident the symptoms of the injury appeared or were made worse and continuously manifested themselves afterwards, provided that the medical evidence shows a reasonable possibility of causal connection between the incident and the disabling condition.

*Poland v. State Farm Mut. Auto. Ins. Co*., 2003-1417 (La. App. 1 Cir. 6/25/03), 885 So.2d 1144, 1148 *citing Housley v. Cerise*, 579 So.2d 973, 980 (La. 1991); *see also Blackshear v. Allstate Ins. Co*., 94-765 (La.App. 3 Cir. 12/7/94), 647 So.2d 589, 597 *citing Dabog v. Deris*, 625 So.2d 492,

494 (La. 1993); *Maranto v. Goodyear Tire and Rubber Company*, 94-2603 (La. 2/20/95), 650 So.2d 757, 761; *Thompson v. GEO Grp., Inc*., 838 F. App'x 36, 38 (5th Cir. 2020)

**Plaintiffs' Requested Jury Charge No. 22**

If you find that Mrs. Morein was in good health before the accident, but that after the accident, she had disabling injuries, and that there is a reasonable possibility that the accident caused the disabling injuries, then the law presumes that the accident caused the injuries.

*Simpson v. Caddo Parish School Board*, 540 So.2d 997 (La.App. 2nd Cir. 1989); *Wisner v. Illinois Central Gulf Railroad*, 537 So.2d 740 (La.App. 1st Cir. 1989); *Peterson v. State Farm Auto Ins. Co*., So.2d La.App. 3rd Cir. 1989).

Once the plaintiff establishes a presumption of causal relationship, the defendant has the burden of producing evidence to persuade you that, more probably than not, the injury did not result from the accident.

*Morris v. Allstate Insurance Co.*, 632 So.2d 1209 (La. App. 2d Cir. 1994).

**Plaintiffs' Requested Jury Charge No. 23**

For the purposes of the *Housley* presumption, a person does not have to be in "perfect health" to be considered to be in "good health". A person can be considered in relatively good health, if she can engage in normal, day-to-day activities without any difficulty.

*Layssard v. State*, 963 So.2d 1053 (La. App. 3 Cir. 8/8/07), writ den. 967 So.2d 522 (La. 11/0.07); *Brock v. Singleton*, 65 So.3d 649 (La. App. 5 Cir. 3/29/11), writ den. 69 So.3d 1160 (La. 9/23/11).

**Plaintiffs' Requested Jury Charge No. 24**

Mrs. Morein may rely on various types of evidence to prove that such a reasonable possibility of a causal connection exists between the incident and injury, including medical and lay testimony, as well as circumstantial evidence. A precise medical diagnosis is not necessary for the plaintiffs to carry this burden. The medical evidence must show that the nature of the incident, when combined with other facts of the case, raises a natural inference through human experience that such a causal connection exists.

*Housley v. Cerise*, 579 So.2d 973, 980 (La.1991); *Barry v. Plaquemine Towing Corp*. 698 So.2d 1017, (La. App. 1 Cir.,1997); *Juneau v. Strawmyer*, 94-903 (La. App. 4 Cir. 12/15/94), 647 So.2d 1294, 1299.

**Plaintiffs' Requested Jury Charge No. 25**

In determining causation of injuries, you are not limited to medical expert testimony and medical records. You may also consider the testimony of the plaintiff and the other witnesses with personal knowledge about the onset of the plaintiff's symptoms and disability.

*Francis v. Brown*, 95-1241 (La. App.3 Cir. 3/20/96), 671 So.2d 1041, 1045-46; *Logan v. Westfield Ins. Co*., 2020 WL 412257, at *10 (W.D. La. Jan. 24, 2020).

**Plaintiffs' Requested Jury Charge No. 26**

When symptoms of an injury appear shortly after a traumatic incident that are consistent with the incidental and continuously worsen, a defendant who contests the causal relationship, must show some other particular incident could have caused the injury in question to overcome the plaintiff's case.

*Peterson v. State Farm Auto. Ins. Co*., 543 So. 2d 109, 115 (La. App. 3d Cir. 1989); *Thompson v. GEO Grp., Inc.*, 838 F. App'x 36, 38 (5th Cir. 2020).

**EVIDENCE**

**Plaintiffs' Requested Jury Charge No. 29**

The opinion of the treating physician who has been in close contact with the patient over a long period of time is entitled to greater weight than that of an equally well qualified physician who has not had the benefit of close and frequent contact and examination.

*Schouest v. J. Ray McDermott & Co., 411 So.2d 1042, 1044 (La.1982); Fair v. Allen, 669 F.3d 601, 606 (5th Cir. 2012); Sam v. Kendrick*, 318 So. 2d 635, 638 (La. App. 3d Cir. 1975); *Lougon v. ERA Aviation, Inc*., 609 So.2d , 337 (La. App. 3rd Cir. 1992); *Nugent v. Continental Cas. Co*., 93-867 (La. App. 3rd Cir. 1/31/96); 670 So.2d 388, 393.

**DAMAGES**

**Plaintiffs' Requested Jury Charge No. 32**

The purpose of a damage award is to restore the injured party, as closely as possible, to the position they occupied prior to the incident which caused the damages. Like the other parts of the plaintiff's case, these damages must be established by a preponderance of the evidence. This means, on the one hand, that you are not entitled to award speculative damages for injuries which you think the plaintiffs might have suffered. On the other hand, you must reasonably approximate the damages which plaintiffs have proved are more probable than not, even though they cannot be calculated with mathematical certainty.

*Veazey v. State Farm Mut. Auto Ins.*, 587 So.2d 5, 7 (La. Ct. App.1991); *Simon v. Reel*, 2003-932 (La. App. 3 Cir. 3/3/04), 867 So.2d 174, 179; *Thibodeaux v. USAA Casualty Insurance Co.*, (La. App. 1 Cir.1994), 647 So.2d 351, 356*; Menard v. Lafayette Ins. Co.*, 2009-1869 (La. 3/16/10), 31 So.3d 996, 1006.

**<u>Plaintiffs' Requested Jury Charge No. 35</u>**

Damages are of two kinds: special and general. Special damages are those which have a ready market value, that is, the amount of the damages can be determined with relative certainty, such as the plaintiff's past and future medical expenses.

*Moody v. Blanchard Place Apartments*, 34,587 (La.App. 2 Cir. 6/20/01), 793 So.2d 281, 298. *LeBouef v. Gross*, 506 So.2d 879, 880 (La. App. 1st Cir. 1987); *Bernard v. Royal Insurance Co*., 586 So.2d 607, 612 (La. App. 3rd Cir. 1991), *writ denied*, 589 So.2d 1058 (La. 1991); *Horton v. McCrary*, 620, So.2d 918, 936 (La. App.3rd Cir. 1993), *reversed in part on other grounds*, 635 So.2d 199 (La. 1994).

**<u>Plaintiffs' Requested Jury Charge No. 38</u>**

A plaintiff is entitled to recover the reasonable cost of future medical treatment that is shown, by a preponderance of the evidence, to be medically necessary as a result of the injury.

To recover future medical expenses, the plaintiff must prove that it is more probable than not that the future medical treatment and expenses will be incurred. Future medical expenses must be established with some degree of certainty; however, they need not be proven with mathematical certainty. A plaintiff shows the probability of future medical expenses with supporting medical testimony and estimations of their probable cost.

In determining the amount of future medical expenses, you may consider the medical testimony, the nature and duration of the plaintiff's injuries, past medical treatment and expenses and other evidence establishing the probable future treatment and its cost.

*Menard v. Lafayette Ins. Co.,* 2009-1869 (La. 3/16/10), 31 So. 3d 996, 1006 ; *Boutte v. Ace Am. Ins. Co.*, 2024-658 (La. App. 3 Cir. 6/18/25), 416 So. 3d 774, 788.

**<u>Plaintiffs' Requested Jury Charge No. 40</u>**

If you decide that the plaintiff is entitled to recover for future medical expenses, you must reduce those future expenses to their present cash value to reflect the time value of money. In order to do this, you must utilize the following formula:

**$PV = (D_o \times (1 + \text{Med. Infl. Rate}^t) / (1 + \text{Disc. Rate})^t$**
(where t= time of procedure and $D_o$ is the estimated current cost of the procedure).

1.6% rate for "physician services"
1.5% rate for "services by other medical professionals"
2.1% rate for "prescription drugs"
3.9% rate for "outpatient hospital services"
5.2% is the discount rate

So for example, if you find that Mrs. Morein has established more probable than not that she will need a future rotator cuff repair surgery with inspace implant in two years, you would calculate the following:

PV= ($27,500 x (1 + $.039^2$)/ (1+ $.052)^2$

Thus, the Present Value of the future surgery is $25,822.62.

**Plaintiffs' Requested Jury Charge No. 41**

If you find that Mrs. Morein is entitled to special damages for past and future medical expenses, and you also find that Mrs. Morein suffered an injury that presented objective symptoms, then you as the jury must award general damages relating to Mrs. Morein's personal injuries.

*Sallinger v. Robicheaux,* 98 2160 (La.App. 1 Cir. 6/22/01), 797 So.2d 724, 726; *citing Wainwright v. Fontenot,* 00-0492 (La. 10/17/00), 774 So.2d 70, 77-78; *see also Oliver v. Gray Ins. Co.,* 94-1313 (La.App. 3 Cir. 10/25/95), 664 So.2d 497, 499.

**Plaintiffs' Requested Jury Charge No. 42**

General damages involve mental pain and suffering, physical pain and suffering, inconvenience, loss of gratification or intellectual or physical enjoyment, or other losses of lifestyle which cannot be measured definitely in terms of money. The primary object of general damages is to restore the injured party in as near a fashion as possible to the state she was in at the time immediately preceding injury. The factors to be considered in assessing amounts for pain and suffering are severity and duration. There is no mechanical rule for determining general damages and the facts and circumstances of each case must control.

*Thibodeaux v. USAA Casualty Ins. Co.*, 93-2238 (La. App. 1 Cir. 11/10/94), 647 So.2d 351, 356; *see also Scott v. Roberts*, 2003-435 (La.App. 3 Cir. 10/1/03), 856 So.2d 1258, 1263; *citing LeBlanc v. Stevenson,* 00-0157 (La. 10/17/00), 770 So.2d 766, 772.

**Plaintiffs' Requested Jury Charge No. 43**

You may award Mrs. Morein general damages separately for each of the following:

1) past and future bodily injury, physical pain and suffering;

2) past and future mental anguish and emotional distress;

3) past and future loss of enjoyment of life;

*LeBouef v. Gross*, 506 So.2d 879, 880 (La. App. 1st Cir. 1987); *Bernard v. Royal Insurance Co.*, 586 So.2d 607, 612 (La. App. 3rd Cir. 1991), *writ denied*, 589 So.2d 1058 (La. 1991); *Thibodeaux v. USAA Casualty Ins. Co.*, 647 So.2d 351, 356 (La. App. 1st Cir. 1994).

**Plaintiffs' Requested Jury Charge No. 44**

Loss of enjoyment of life is separate and distinct from physical and mental pain and suffering. You should evaluate how Mrs. Morein's lifestyle has been altered due to the injury she received and what kinds of social or recreational activities she was forced to give up.

*Bonin v. Ferrellgas, In*c., 2002-1031 (La.App. 3 Cir. 8/6/03), 855 So.2d 781, 803; *Hayes v. Clark*, 2003-272 (La.App. 3 Cir. 10/1/03), 866 So.2d 251, 255.

**Plaintiffs' Requested Jury Charge No. 45**

The law also considers as a proper item of damages any disability, in whole or in part, to perform normal physical functions. In other words, if the evidence so indicates, you may consider as an item of damages any limitation on the plaintiff's normal physical functions, such as any difficulty or inconvenience in walking, in indulging in hobbies, or any other impairment or deprivation resulting from this injury.

*Buckley v. Exxon Corporation*, 339 So.2d 225 (La. App. 3d Cir. 1981); ***Mathews v. Compania Anonima Venezuela De Nasvigacion***, (E. D. La., 1965), 234 F. Supp. 553.

**Plaintiffs' Requested Jury Charge No. 47**

If you determine that the defendant was negligent, and that negligence was the legal cause of Mrs. Morein's injuries, then you must consider the claim of Mrs. Morein's spouse, Michael Morein, for his loss of consortium, service, society, etc. Thus if you find that Michael Morein is entitled to damages for loss of consortium you may award damages which will compensate him for the loss of love, companionship, society, comfort, guidance, solace and services of which he has been deprived.

However, like any other element of a plaintiff's case, these damages must be proven by a preponderance of the evidence. You may award such damage if you determine: (1) that Michael Morein enjoyed the society, service and consortium of Mrs. Morein before her injury; (2) that Mrs. Morein was injured; (3) that the injury was caused by negligence chargeable to the defendant; (4) that the injury caused changes in Mrs. Morein's personality and capabilities; (5) that there was a deterioration of consortium, society, guidance and services between Mrs. Morein and Michael Morein after the injury; and (6) that the deterioration was caused by the changes in Mrs. Morein's personality and capabilities resulting from the injury.

*Finley v. Bass*, 478 So. 2d 608, 28 Ed. Law Rep. 1188 (La. Ct. App. 2d Cir. 1985). ***Sharp v. Metropolitan Property and Liability Ins. Co.,*** 478 So. 2d 724 (La. Ct. App. 3d Cir. 1985). ***Harrington v. City of Abbeville, 411*** So. 2d 1160 (La. Ct. App. 3d Cir. 1985).

**Plaintiffs' Requested Jury Charge No. 48**

The collateral source rule provides that a tortfeasor may not benefit, and an injured plaintiff's tort recovery may not be reduced because of money received by the plaintiff from sources independent

of the tortfeasor's contribution. As a result, the tortfeasor is not allowed to benefit from the plaintiff's foresight in purchasing insurance and/or other benefits.

*Bellard v. American Century Ins. Co.*, 2007-1334, 980 So.2d 654 (La. 4/18/08).

## III. DEFENDANT'S PROPOSED JURY INSTRUCTIONS

**Fifth Circuit Pattern Jury Instructions:**

15.5 Mitigation of Damages

**Commented [PP1]:** This is fine. But please agree to P9 so that the jury can be properly instructed on the BOP.

**Defendant's Proposed Jury Instruction No. 1:**

**Commented [PP2]:** Object. Redundant. Please see 5th Cir. 2.16 and 3.1 which we have already agreed to include.

You cannot reach your decision based on passion, prejudice, sympathy or any other motive except a fair and impartial consideration of the evidence. You must not under any circumstances allow any sympathy which you might have for the plaintiff or the defendant to influence you in any degree in arriving at your verdict. It is only natural and human to sympathize with a person who has sustained some loss or injury, but you are instructed not to allow that sympathy to enter into your consideration of the case or to influence your verdict.

*Wilson v. Southern Farm Bureau Cas. Co.*, 275 F.2d 819 (5th Cir. 1960)
*Lewis v. Fidelity & Cas. Co. of New York*, 230 So.2d 636 (La. App. 1970)

**Defendant's Proposed Jury Instruction No. 3:**

**Commented [PP3]:** Objection. Danger of confusing the jury. There are no disinterested witnesses in this case.

A disinterested witness' testimony should be given greater weight than the testimony of parties to the lawsuit. The testimony of one who is a party to an action should be viewed cautiously, particularly in light of the party's interest in the outcome of the case.

*Winfield v. Porter*, 92-1603 (La. App. 4 Cir. 3/30/93), 618 So.2d 890, 893; *writ denied*, 629 So.2d 349 (La. 1993).
*Thibodaux v. Guilbert*, 343 So.2d 437 (La. App. 3 Cir. 1977).
*State Dept. of Transp. & Develop. (DOTD) v. Van Willet*, 386 So.2d 1023 (La. App. 3 Cir. 1980), *writ denied*, 392 So.2d (La. 1980).

**Defendant's Proposed Jury Instruction No. 4:**

**Commented [PP4]:** Objection.

A merchant such as Costco is not an insurer of the safety of its customers and guests. The merchant is not under a duty to keep its entrances, aisles and passageways in perfect condition. Thus, merchants like Costco are not absolutely liable whenever an accident happens.

*Beverly v. Wal-Mart Stores, Inc.*, 428 F. App'x 449, 452 (5th Cir. 2011).
*Stockwell v. Great Atlantic & Pacific*, 583 So. 2d 1186 (La. App. 1st Cir. 1991)
*Turner v. Brookshire Grocery Store Co.*, 785 So.2d 161 (La. App. 2 Cir. 2001)
*Dotson v. Brookshire Grocery Co.*, 872 So.2d 1283 (La. App. 3 Cir. 2004)
*Massery v. Rouse's Enterprises, LLC*, 196 So.3d 757 (La. App. 4th Cir. 2016)
*Bennette v. Brothers Avondale, LLC*, 170 So.3d 1179 (La. App. 5 Cir. 2015)

**Defendant's Proposed Jury Instruction No. 5:**

Commented [PP5]: Objection. See J5 and J7 above.

In a negligence claim brought against a merchant such as Costco by a person lawfully on the merchant's premises, such as Vivian Morein, for damages as a result of an injury, sustained because of a fall due to a condition existing on a merchant's premises, the claimant shall have the burden of proving all of the following:

(1) The condition presented an unreasonable risk of harm to the plaintiff and that risk of harm was reasonably foreseeable.

(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence; and

(3) The merchant failed to exercise reasonable care.

It is only after plaintiff has carried her burden of proof completely, that the defendant may choose to present evidence in its defense. The failure to prove any one of these elements negates a plaintiff's cause of action.

La. R.S. 9:2800.6 (B)
*White v. Wal-Mart Stores, Inc.*, 97-C-0393, (La. 9/9/97), 699 So. 2d 1081.
*Davenport v. Albertson's, Inc.*, 774 So.2d 340, 343 (La.App. 3 Cir. 2000).

**Defendant's Proposed Jury Instruction No. 7:**

Commented [PP6]: Objection. Can't tell the jury how to interpret evidence.

Video showing a period of time before an incident does not, by itself, prove that a condition existed during that period. There must be "some proof of the origin or nature of the liquid to imply

a necessary passage of time." Thus, it is improper to assume a condition preexisted the video footage when "the video merely shows the passage of time and lacks any visual evidence of a wet substance on the floor."

*Taylor v. Wal-Mart Stores, Inc.*, 464 F. App'x 337, 339 (5th Cir. 2012)
*Paredes v. Dolgencorp LLC*, No. 19-01236, 2021 WL 850375, at *3 (W.D. La. Mar. 5, 2021)

**Defendant's Proposed Jury Instruction No. 8:**

Under Louisiana law, comparative fault principles apply in any action for damages and apply to any claim asserted under any law or legal doctrine or theory of liability. Under Louisiana law, each non-intentional tortfeasor is liable only for his share of fault, which is to be quantified by the court or jury.

La. Civ. Code Ann. arts. 2323, 2324.
*Willis v. Barry Graham Oil Service LLC*, 641 F.Supp.3d 309 (W.D. La. 11/18/22).

**Defendant's Proposed Jury Instruction No. 9:**

In an action for damages where a person suffers injury or loss, the degree or percentage of fault of all persons causing or contributing to the injury or loss, shall be determined, regardless of whether the person is a plaintiff, a defendant, or *a nonparty*, and regardless of the person's solvency, ability to pay, or immunity by statute.

Louisiana Civil Code art. 2323(A).

**Defendant's Proposed Jury Instruction No. 10:**

You must assess the fault, if any, attributable to plaintiff or others. No person will be liable for more than the degree of fault assessed by you, the jury.

La. C.C. Art. 2323.
La. C.C. Art. 2324.
*Aucoin v. State, DOTD*, 712 So.2d 62, 67 (La. 1998).

**Defendant's Proposed Jury Instruction No. 11:**

**Commented [PP7]:** Objection. Redundant. These all 3 say the same thing. Plaintiffs do no object to a comparative fault instruction in general but maybe consider combining or eliminating two.

**Commented [PP8]:** Objection.

Unsupported subjective complaints of pain are insufficient to support a claim for damages for personal injuries.

*Knott v. State Farm Auto. Ins. Co.*, 225 So.2d 222 (La. App. 2 Cir. 1969).
*Pardue v. General Accident Fire & Life Assurance Corp.*, 257 So.2d 777 (La. App. 1 Cir. 1972).

**Defendant's Proposed Jury Instruction No. 12:**

Commented [PP9]: Objection. See P 32

Should your verdict be in favor of the plaintiff and against the defendant, you must then determine the amount of damages to which the plaintiff is entitled. You must set the amount of those damages. Any award of damages must be reasonable in amount and should only be for the sum which you believe will adequately compensate the plaintiff for any damages sustained by her, which, under my instructions to you, are legally recoverable.

In determining the amount of damages, you shall not apply or attempt to apply any mathematical formula. You should only use your sound discretion and award such amount as, all the circumstances considered, may seem just to both plaintiff and defendant and not unduly oppressive to either. Damages cannot be awarded on the basis of speculation, possibility, or unsupported probability. Only such damages as may have been proved to exist to a reasonable certainty can be awarded.

*Roe v. Somerson*, 419 So.2d 1249 (La. App. 1 Cir. 1982), *writ denied*, 421 So. 2d 251 (La. 1982).
*Smith v. Massachusetts Bonding & Ins. Co.*, 130 So.2d 153 (La. App. 2 Cir. 1961).

**Defendant's Proposed Jury Instruction No. 13:**

Commented [PP10]: Objection. Not necessary. The jury will be instructed that lawyer arguments are not evidence by the judge.

Dollar figures advanced by any of the lawyers in their arguments do not represent evidence, but merely constitute argument which the jury is free to disregard. If you find that the defendant owes damages, it is your duty to determine the actual damages sustained by the plaintiff insofar as these damages can be determined by the evidence before you and not upon figures suggested by any attorney.

Devitt and Blackmar "Federal Jury Practice and Instructions"
Vol. 2, Section 78.01

**Defendant's Proposed Jury Instruction No. 14:**

Commented [PP11]: Objection.

A plaintiff's recovery of medical charges must be confined to those expenses that plaintiff has proven by a preponderance of the evidence were reasonably incurred as a result of the accident. The jury is not required to accept totally a plaintiff's perception concerning the degree and magnitude of her injuries.

Commented [PP12]: Objection. Misleading

*Reid v. Wal-Mart Stores, Inc.*, 59 F.3d 1242 (5th Cir. 1995).
*Burke v. Zurich American Ins. Co.*, 394 Fed.Appx. 24 (5th Cir. 2010).
*Gladney v. May*, 29 373 (La. App. 2 Cir. 5/7/97), 697 So. 2d 1022
*White v. Wal-Mart Stores, Inc.*, 32, 621 (La. App. 2 Cir. 3/3/00); 753 So. 2d 995

**Defendant's Proposed Jury Instruction No. 15:**

Commented [PP13]: Objection. Redundant with J5 and 15.2

Under Louisiana law, a tort victim may recover past (from injury to trial) and future (post-trial) medical expenses caused by tortious conduct. However, future medical expenses, like any other damages, must be established with some degree of certainty. The plaintiff must show that, more probably than not, these expenses will be incurred. Awards will not be made in the absence of medical testimony that they are indicated and setting out their probable cost. An award for future medical expenses cannot be based on mere speculation.

*Veazey v. State Farm Mutual Auto Ins.*, 587 So.2d 5, 8 (La. App. 3 Cir.1991)
*Cormier v. T.H.E. Ins. Co.*, 97-1143 (La. App. 3 Cir. 5/27/98); 716 So.2d 387.

Respectfully submitted,

*/s/ PEYTON F. PAWLICKI*
**VERON BICE, L.L.C**.
**PEYTON F. PAWLICKI** (#37836)
JERE JAY BICE (#18793)
SHAYNA L. SONNIER (#29678)
KATHERINE B. REMY (#38876)
721 Kirby Street (70601)
P.O. Box 2125
Lake Charles, Louisiana 70602
Phone: (337) 310-1600
Fax: (337) 310-1601
peyton@veronbice.com
shayna@veronbice.com
katherine@veronbice.com

*Attorneys for the Plaintiffs*

Respectfully submitted,

*/s/ Michael L. Ballero*
TREVOR C. DAVIES (#32846)
MICHAEL L. BALLERO (#36793)
SHANNON O. HARRISON (#26163)
**Simon Peragine Smith & Redfearn, LLP**
1100 Poydras St., Suite 3000
New Orleans, LA 70163
Telephone: (504) 569-2030
Facsimile: (504) 569-2999
trevord@spsr-law.com
michaelb@spsr-law.com
shannonh@spsr-law.com
***Attorneys for Costco Wholesale Corporation***