**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| VIVIAN MOREIN AND MICHAEL MOREIN | CIVIL ACTION NO.: 6:25-1182 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| COSTCO WHOLESALE CORP. | MAGISTRATE JUDGE WHITEHURST |

**MEMORANDUM RULING**

Before the Court are two pending motions filed by Defendant, Costco Wholesale Corp. ("Costco") The first is a Motion in Limine to Exclude Non-Disclosed Expert Testimony Regarding Future Medical Treatment and Expenses. See Record Document 65. The motion has been opposed. See Record Document 67. Costco's reply to Plaintiff, Vivian Morein's ("Morein") opposition was filed on September 21, 2026. See Record Document 68. The second motion is a Motion in Limine to Exclude Evidence of Prior Accidents. See Record Document 66. This motion has also been opposed. See Record Document 69. Costco's reply to the opposition was filed on September 23, 2026. See Record Document 70. The motions are now ripe for ruling.

Costco's first motion in limine asks the Court to exclude any evidence or testimony related to non-disclosed future medical treatment or expenses at trial. See Record Document 65. Costco's second motion in limine asks the Court to exclude any evidence, testimony, references, or arguments regarding prior accidents that are not substantially similar to the case at hand, including the incidents that occurred on April 11, 2023, and November 25, 2023. See Record Document 66. For the reasons stated below, Costco's Motion in Limine to Exclude Non-Disclosed Expert Testimony Regarding Future Medical

Treatment and Expenses is **DENIED**. Further, Costco's Motion in Limine to Exclude Evidence of Prior Accidents is hereby **GRANTED IN PART** and **DENIED IN PART**.

## BACKGROUND

This litigation stems from a slip-and-fall that occurred at Costco Store No. 1201 in Lafayette, Louisiana, on July 28, 2024. See Record Document 24. While making her way to a table in the food court area, Morein allegedly slipped on a liquid substance and fell to the floor. See Record Documents 24 & 38. Costco's surveillance cameras captured the entire incident. See Record Document 32-7. The recording begins at 12:56:21 P.M. and depicts the food court seating area, including the table near the soda machine where Morein fell, for exactly one hour. See id. At approximately 1:28:55 P.M., Morein is seen falling to the ground. See id. The footage further depicts Morein's right hand touching the floor. See id. Morein later testified she felt the substance with her hand, and it was "definitely a liquid." Record Document 38-2 at 113:1-23.

Morein asserts the liquid on the floor constituted a hazardous and unsafe condition that presented a reasonably foreseeable, unreasonable risk of harm. See Record Document 24. Further, Morein alleges that "one or more employees of COSTCO WHOLESALE CORPORATION either created or had actual or constructive notice of the clear liquid on the floor prior to Mrs. Morein's fall and failed to timely and/or adequately remedy the hazardous condition presented thereby." Record Document 24. Thus, Morein's claims arise under Louisiana's Merchant Liability Statute. See La. R.S. § 9:2800.6(B)(2).

## LAW AND ANALYSIS

### I. MOTIONS IN LIMINE

A motion in limine is a motion made prior to trial for the purpose of prohibiting opposing counsel from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds. Ultimately, "[t]he purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." Louisiana Minerals, Ltd. v. Weyerhaeuser Co., 2025 WL 2627809, at *1 (W.D. La. June 23, 2025) (quoting Harkness v. Bauhaus U.S.A., *Inc.*, 2015 WL 631512, at *1 (N.D. Miss. Feb. 13, 2015)).

In deciding a motion in limine, the court should "weigh the evidence's contribution to the case against any potential prejudice or confusion." Thomas v. Ameritas Life Insurance Corp., 34 F.4th 395, 399-400 (5th Cir. 2022) (quoting FDIC v. Wheat, 970 F.2d 124, 131 (5th Cir. 1992)). "Evidence should not be excluded in limine unless it is clearly inadmissible on all potential grounds." Fair v. Allen, No. 09–2018, 2011 WL 830291, at *1 (W.D. La. Mar. 3, 2011). "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." Id. (quoting Hawthorne Partners v. AT&T Tech., Inc., 831 F.Supp. 1398, 1401 (N.D. Ill. 1993)).

## II. COSTCO'S MOTION IN LIMINE TO EXCLUDE NON-DISCLOSED FUTURE MEDICAL TREATMENT AND EXPENSES

Costco asks the Court to exclude any evidence or testimony related to non-disclosed future medical treatment or expenses at trial. See Record Document 65. In doing so, Costco mistakenly argues that any such evidence should be excluded because no expert disclosures compliant with Rules 26(a)(2)(b) or 26(a)(2)(c) have been produced that would allow for any evidence or testimony beyond the factual findings mentioned in Morein's medical records and Dr. Cascio's deposition. See Record Documents 65 & 68.

In its Reply Memorandum, Costco admits it mistakenly overlooked Morein's expert disclosures made on March 17, 2026. See Record Document 68. Despite its oversight, Costco asserts Morein's alleged untimely disclosure of future medical expenses remains the critical issue in this Motion to Exclude Non-Disclosed Future Medical Treatment and Expenses. See id.

Morein's disclosure, sent to and received by opposing counsel via email on March 17, 2026, provides in relevant part that, "Dr. Cascio may also testify as to what treatments Mrs. Morein may need in the future (if any), including but not limited to whether she may need another left shoulder surgery and/or injections and/or additional therapy or medication and what the costs associated with those procedures may be." Record Documents 67-2 & 68. Costco argues that Morein's disclosure fails to outline the alleged future medical expenses or identify the type of shoulder surgery being recommended. See Record Document 68.

In support of its argument, Costco directs the Court to Hoang v. P N K Lake Charles L L C, in which the Court found that "[s]hort and vague statements, like the doctor at issue 'may testify as to all aspects of the medical evaluation and treatment of [the plaintiff], as

well as any future treatment', also do not sufficiently constitute a 'summary of the facts and opinions to which the witness is expected to testify' that is required by the Rule 26 disclosure." Record Document 68; see also Hoang v. P N K Lake Charles L L C, No. 2:23-CV-01068, 2026 WL 36502, at *2 (W.D. La. Jan. 6, 2026) (quoting Rodgers v. Hopkins Enterprises of Ms., LLC, No. CV 17-6305, 2018 WL 3104288 at *2 (E.D. La. June 21, 2018)). However, there are notable differences between the facts of this case and those in Hoang.

In Hoang, Plaintiff failed to disclose any medical records or discuss any surgical procedure as future medical treatment despite the matter having been nearly five years old. See Hoang, 2026 WL 36502, at *1. Additionally, in Hoang, plaintiff's witness list did not state that any doctor would testify that the specified surgical procedure was even an option. See id. Thus, the court excluded any evidence of future medical treatment or cost because no future medical treatment was disclosed to defendant, except for the singular future repeat of a cervical epidural steroid injection, which was disclosed in a recommendation made in a medical report issued by plaintiff's physician. Id.

Here, Morein has disclosed various medical records and participated in various discussions regarding future medical treatment. See Record Documents 67-4, 67-5, 67-6- & 67-7. For example, the medical record dated April 10, 2026, states the provider discussed inspace versus reverse arthroplasty; the details of the procedure, including the risks and benefits; reasonable outcomes; and postoperative treatment. See Record Document 67-5. That particular medical record was disclosed to Costco on April 17, 2026. See id. On April 30, 2026, Morein disclosed a medical record dated April 29, 2026, in

which the assessment plan reiterates the same discussion of treatment options set forth in the record dated April 10, 2026. See Record Document 67-6.

In further contrast from Hoang, Morein's witness list, disclosed on March 17, 2026, explicitly provides that Dr. Cascio may testify as to any future treatments, "including but not limited to whether she may need another left shoulder surgery and/or injections and/or additional therapy or medication and what the cost associated with those procedures may be." Record Document 67-2.

The case at bar is easily distinguishable from Hoang, where the plaintiff failed to disclose any medical records or discuss any surgical procedure as future medical treatment, and where plaintiff's witness list did not state that any doctor would testify that the specified surgical procedure was even an option. See Hoang, 2026 WL 36502, at *1. As aforesaid, Morein timely disclosed various medical records and participated in discussions regarding future medical treatment. See Record Documents 67-4, 67-5, 67-6- & 67-7. Further, Morein witness list provided that Dr. Cascio may testify as to any future treatments, "including but not limited to whether she may need another left shoulder surgery and/or injections and/or additional therapy or medication and what the cost associated with those procedures may be." Record Document 67-2.

In order to comply with the requirements, set forth in Rule 26, a disclosure should be "an abstract, abridgement, or compendium of the opinion *and* facts supporting the opinion", however, the disclosure "need not be extensive." Causey v. State Farm Mutual Automobile Ins. Co., 2018 WL 2234749 (E.D. La. May 16, 2018) (internal quotation marks omitted) (quoting Rea v. Wisconsin Coach Lines, Inc., 2014 WL 4981803, *5 (E.D. La. Oct. 2, 2014)). The purpose of the expert disclosure requirement is to allow both sides to

prepare their cases adequately and efficiently, to prepare for effective cross-examination, to arrange for testimony from other experts if necessary, and "to prevent the tactic of surprise from affecting the outcome of the case." Bradley v. Mountain Lake Risk, No. 6:19-CV-00056, 2022 WL 3011146, at *3 (W.D. La. July 29, 2022) (citations omitted); see also Causey, 2018 WL 2234749, at *2. That said, the Court finds that Morein's March 17, 2026, disclosure satisfies the Rule 26 requirements, as it was sufficient to provide Costco with adequate notice of the evidence to be presented through Dr. Cascio's testimony.

The Court next turns to the timeliness of Morein's disclosure regarding future medical costs. Costco asserts that while it "was aware that Dr. Cascio may recommend a shoulder arthroplasty[,] there were no disclosures regarding the potential cost." Record Document 68. Costco alleges it was not until September 16, 2026, that Morein produced evidence supporting her claim for future medical expenses. See id. Thus, Costco argues the report containing Morein's estimated future medical costs, produced on September 16, 2026, is untimely and insufficient to satisfy the disclosure standard for Rule 26(a)(2) expert disclosures. See id.

Morein counters, arguing the March 17, 2026, disclosure expressly stated that Dr. Cascio may testify regarding the costs associated with the specified categories of potential future treatments. See Record Document 67. Morein asserts this level of detail exceeds what is required by Rule 26(a)(2)(c). Id.

Notably, this Court recently found a treating physician disclosure sufficient where it stated that "[f]uture medical treatment expenses [were] anticipated," when read together with the accompanying treatment narrative. See Harmon v. Hansen Adkins Auto Transportation, Inc., No. 6:25-cv-00489, 2026 WL 2059116, at *1 (W.D. La. July 16, 2026).

Similarly, here, Morein's March 17, 2026, disclosure also provides a narrative of the treating physician's ongoing treatment of the injured party. See Record Document 67-2. Morein's disclosure also sets forth how Morein came under Dr. Cascio's care and the matters to which he will testify. Id. Further, the disclosure expressly provides that "Dr. Cascio may also testify as to what treatments Mrs. Morein may need in the future (if any), including but not limited to whether she may need another left shoulder surgery and/or injections and/or additional therapy or medication and what the costs associated with those procedures may be." Id. (emphasis added). As a result, the Court finds that the March 17, 2026, disclosure both disclosed the subject matter of Dr. Cascio's testimony and provided a summary of the facts and opinions Dr. Cascio would offer. Thus, Morein has satisfied the requirements of Rule 26(a)(2), and the motion to exclude any evidence, testimony, or references beyond the factual findings mentioned in Morein's medical records and Dr. Cascio's deposition is **DENIED**.

## III. Costco's Motion in Limine to Exclude Evidence of Prior Accidents

Costco's second motion in limine asks the Court to exclude any evidence, testimony, references, or arguments regarding prior accidents that are not substantially similar to the case at hand, including the incidents that occurred on April 11, 2023 ("April Incident") and November 25, 2023 ("November Incident"). See Record Document 66.

In order for evidence of prior accidents to be relevant to show knowledge or failure to take precautionary measures, Louisiana courts have long required that the prior accident "occur at substantially the same place and under substantially the same conditions and must be caused by the same or similar defect, danger, act, or omission. Evidence of other accidents occurring at substantially different places or under different

circumstances or conditions is irrelevant and inadmissible." Lee v. K-Mart Corp., 483 So. 2d 609, 613 (La. Ct. App. 1985), writ denied, 484 So. 2d 661 (La. 1986).

Costco argues the incidents "did not occur at substantially the same place, under substantially the same conditions, or as a result of the same or similar defect, danger, act, or omission as the incident at issue." Record Document 66-1. Thus, Costco requests the Court find the prior incidents irrelevant to the subject incident and exclude any and all evidence of prior incidents, including the incidents that occurred on April 11, 2023, and November 25, 2023. See id.

Morein does not object to the exclusion of the April Incident. See Record Document 69. As argued by Costco, and confirmed by Morein, the April Incident did not contain any indication the Costco member's fall was caused by any hazard or dangerous conditions. See Record Documents 66 & 69. Thus, while the incident occurred in the food court, there were no reports of liquids, spills, or moisture causing the fall. Id. Because the parties agree, and the Court finds that the April incident did not occur under substantially the same conditions, or as a result of the same or similar defect, danger, act, or omission as the accident at issue, any and all evidence regarding the April Incident is irrelevant and inadmissible.

Accordingly, insofar as Costco's Motion in Limine to Exclude Evidence, Testimony, and References to Prior Accidents seeks to exclude any and all evidence regarding the April Incident, the motion is hereby **GRANTED**.

To the extent that Costco seeks to exclude any evidence related to the November Incident, as well as exclusion of any evidence related to the existence of food court hazards or conditions in general, Morein opposes the motion. See Record Document 69.[1]

Costco argues that the facts and circumstances surrounding the subject slip-and-fall differ substantially from the November Incident. See Record Document 66-1. Here, the incident occurred in the food court, steps away from the fountain drink machine. Morein alleges her slip-and-fall was the result of spilled soda near said drink machine. The November Incident also involved a slip-and-fall incident but was the result of pizza grease on the floor. See id. Thus, Costco asserts that any and all evidence regarding the November Incident should be excluded, as it did not occur at substantially the same place, under substantially the same conditions, or as a result of the same or similar defect, danger, act or omission at issue. See id.

In contrast, Morein alleges that the November Incident involved a substantially similar hazard to the subject slip and fall. See Record Document 69. Morein argues that both incidents were "caused by a slippery substance originating from Costco's food court." Record Document 69. Further, Morein claims the substances were substantially similar, as "both were hard to see or invisible, slippery, and came from the food court. Id. Morein points out that the November Incident also occurred in the food court area. See id. Ultimately, Morein argues that because both incidents involved a foreign substance on

[1] The Court takes notice of Morein's specific objection to the exclusion of any evidence related to the existence of food court hazards or conditions in general. See Record Document 69. For example, Morein specifically objects to the exclusion of the deposition testimony of Costco's corporate representative, who testified that it was "common" for liquid substances to be on the floor in the food court area. See id. at n. 1. Because Costco's motion only seeks to exclude any and all evidence of "prior incidents" the Court declines to rule on the admissibility of evidence solely relating to the existence of food court hazards or conditions in general at this time.

the floor, that created a slipping hazard in the food court area, the similarities are substantial and the evidence should not be excluded. Id.

Here, the facts giving rise to both the November Incident and the subject slip-and-fall appear to satisfy the standard set forth in Lee. Both incidents occurred in the food court area. Granted, Morein's slip and fall occurred in the food court area, near the fountain drink machine and November Incident occurred in front of the registers, which sits immediately adjacent to the food court. However, Costco identified the November Incident as one of two slip and falls that occurred "in the food court of the subject Costco warehouse." Record Document 69-1 at Int. No. 13. Since both incidents occurred within the food court area, the Court finds that the incidents occurred at substantially the same place.

Lee's requirement that the prior accident occur under substantially the same conditions is also satisfied. See Lee, 483 So. 2d at 613. The November Incident and subject slip and fall occurred as the result of a foreign liquid substance being on the floor of the Costco food court. Because both incidents involved foreign liquid substances on the floor, in the same general area, the Court finds the similarities sufficient to satisfy the "substantially the same conditions" requirement set forth in Lee. Id.

Further, the Court finds that the fact that the prior accident involved pizza grease rather than spilled soda does not preclude the evidence from being admissible. In both instances a foreign substance, sold by Costco, was on the floor and thereby created a slipping hazard in the food court area. The law does not require that the prior accidents be identical. Instead, it states that the cause must be either "same or similar". Id. (emphasis added). Here, the incidents involve the same location, circumstance, and

danger. Thus, the facts giving rise to the November Incident and the subject slip and fall are sufficient to find the incidents were the result of a similar defect, danger, act, or omission.

Accordingly, insofar as Costco's Motion in Limine to Exclude Evidence, Testimony, and References to Prior Accidents seeks to exclude any and all evidence regarding the November Incident the motion is hereby **DENIED**.

Insofar as Costco's Motion in Limine to Exclude Evidence, Testimony, and References to Prior Accidents seeks to exclude "any and all evidence of prior incidents that are not substantially similar to the case at hand", the motion is **GRANTED**.

**CONCLUSION**

For the aforementioned reasons, Costco's Motion in Limine to Exclude Non-Disclosed Expert Testimony Regarding Future Medical Treatment and Expenses is **DENIED**. Further, Costco's Motion in Limine to Exclude Evidence of Prior Accidents is hereby **GRANTED IN PART** and **DENIED IN PART**. The motion is **GRANTED** insofar as it seeks to exclude evidence regarding the April Incident. The motion is **DENIED** insofar as it seeks to exclude evidence regarding the November Incident.

An Order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 8th day of October, 2026.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE